UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LI RONG GAO, SHU F. JIANG, and XIAO
HONG ZHENG,

  individually, and on behalf of all others
  similarly situated,

WEI S. TAN and WEI J. WU, individually,

      Plaintiffs,

   v.

PERFECT TEAM CORPORATION d/b/a
GUANG ZHOU RESTAURANT, JI SHIANG,
INC, d/b/a GUANG ZHOU RESTAURANT,
FENG LIN, CHUN KIT CHENG a/k/a JUN JIE
ZHENG, JIA LI WANG,  and ZHUO PING
CHEN a/k/a CHEUK PING CHEN,

     Defendants.

Civil Action No.
10-CV-1637 (ENV) (CLP)

**ORAL ARGUMENT REQUESTED**

**OBJECTIONS BY PERFECT TEAM CORPORATION,
CHUN KIT CHENG, AND JIA LI WANG TO THE
MEMORANDUM AND ORDER DATED JANUARY 28,
2013, AND THE REPORT AND RECOMMENDATION
DATED MARCH 8, 2013, BOTH BY THE HONORABLE
CHERYL L. POLLAK, U.S.M.J.**

Dated: April 5, 2013

SAMUEL CHUANG (SC 5114)
Law Offices of Samuel Chuang, Esq.
135-11 40th Road, Suite 4C
Flushing, NY 11354
(718) 353-4700
Fax: (212) 202-4527
Email: samuel.chuang@chuanglaw.com
*Attorney for Defendants Perfect Team
Corporation, Chun Kit Cheng, and Jia Li
Wang*

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ............................................................................................................... 1

STANDARD OF REVIEW .................................................................................................. 3

STATEMENT OF THE CASE............................................................................................. 4

ARGUMENT ........................................................................................................................ 6

I:  THE MAGISTRATE ERRED IN FINDING THE PERFECT TEAM DEFENDANTS
DISOBEYED THE COURT'S ORDERS, WITH THE POSSIBLE EXCEPTION OF SERVING
A DISCOVERY RESPONSE ONE BUSINESS DAY LATE.......................................................... 6

    A.  Order dated June 8, 2010, ECF Doc. No. 19, Exhibit "M" to Chuang Declaration. ........ 6

    B.  Order dated January 19, 2011, ECF Doc. No. 61, Exhibit "T" to Chuang Declaration.... 8

    C.  Order dated May 13, 2011, ECF Document No. 116, Exhibit "Z" to Chuang Declaration.
    .............................................................................................................................. 10

    D.  Summary. ........................................................................................................... 12

II:  PLAINTIFFS STATED THAT THEIR DISCOVERY WAS COMPLETE............................12

III:  PLAINTIFFS WRONGFULLY ACCUSE DEFENDANTS FOR PROLONGING
DISCOVERY .........................................................................................................................13

IV:  ACCUSATIONS OF FALSE STATEMENTS ARE TRIAL ISSUES, NOT DISCOVERY
ISSUES. ................................................................................................................................13

V:  THE MAGISTRATE SHOULD NOT HAVE PRECLUDED DEFENDANTS FROM
CONDUCTING ADDITIONAL DEPOSITIONS OR REQUESTING ANY FURTHER
DISCOVERY .........................................................................................................................17

VI:  THE MAGISTRATE SHOULD NOT HAVE RECOMMENDED AN ADVERSE
INFERENCE..........................................................................................................................18

    A. There is no basis for the Court to recommend an adverse inference. ............................ 19

    B.  Even if there had a sufficient basis for recommending an adverse inference, the
    inference recommended is inappropriate and tantamount to a summary judgment on the
    issue addressed ................................................................................................................ 22

VII:  THE FEES RECOMMENDED BY THE MAGISTRATE EXCEED THE SCOPE OF THE
SANCTIONS ORDER AND ARE GROSSLY INORDINATE ..................................................23

CONCLUSION ......................................................................................................................25

## TABLE OF AUTHORITIES

**Cases**

Brill v. Queens Lumber Co., No. 10 Civ. 1975 (DLI)(CLP) (E.D.N.Y. Feb. 10, 2012) ............... 3

Convolve, Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 176 (S.D.N.Y. 2004) ............ 18, 20

Integrity Elec., Inc. v. Garden State Dist., Inc., No. 9 Civ. 2367 (DLI)(CLP) (E.D.N.Y. March 28, 2012) ................................................................................................................................... 3

Mikhlyn v. Bove, 08-CV-3367, *7 (ARR) (RER) (E.D.N.Y September 28, 2011) ...................... 3

Nycomed U.S. Inc. v. Glenmark Generics Ltd., No. 08 CV 5023, 2010 WL 3173785, at *3 (E.D.N.Y. Aug. 11, 2010) ...................................................................................................... 17

Orbit One Communications, Inc. v. Numerex Corp., 271 F.R.D. 429 (S.D.N.Y. 2010) ............. 20

Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99 (2d Cir. 2002) ......... 18, 19

Treppel v. Biovail Corp., 249 F.R.D. 111, 120 (S.D.N.Y. 2008) ............................................... 19

West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) ...................... 19, 20, 22

**Statutes**

28 U.S.C. § 636(b)(1)(C) .............................................................................................................. 3

**Regulations**

Fed. R. Civ. P. 26(c) .................................................................................................................... 17

Fed. R. Civ. P. 26(d)(2)(B) .......................................................................................................... 18

Fed. R. Civ. P. 37................................................................................................ 1, 3, 4, 7, 24

Fed. R. Civ. P. 37(b)(2)(A).......................................................................................................... 3

Fed. R. Civ. P. 37(b)(2)(A)(ii) .................................................................................................... 17

Fed. R. Civ. P. 72(b)(3)................................................................................................................ 3

Local Civil Rule 26.3(c)(3)........................................................................................................ 14

Uniform Definitions in Discovery Requests, Local Civil Rule 26.3(c)(3) and (4)...................... 14

## INTRODUCTION

Defendants Perfect Team Corporation, Chun Kit Cheng, and Jia Li Wang (the "Perfect Team Defendants") submit these objections to the Memorandum and Order dated January 28, 2013 (the "Sanctions Order") (a copy of which is annexed to the Declaration of Samuel Chuang dated April 5, 2013 (hereinafter, the "Chuang Declaration"), as Exhibit "A" and filed as ECF Doc. No. 212), and the Report and Recommendation dated March 8, 2013 (the "R & R") (a copy of which is annexed to the Chuang Declaration as Exhibit "B" and filed as ECF Doc. No. 220), both by The Honorable Cheryl L. Pollak, U.S.M.J.

By notice of motion dated May 7, 2012, remaining plaintiffs Li Rong Gao and Xiao Hong Zheng[1] moved for sanctions pursuant to Fed. R. Civ. P. 37 in the form of default judgment, costs and attorneys' fees against all defendants except for Defendant Zhuo Ping Chen.

Although Plaintiffs contend that Defendants have disobeyed no less than nine discovery orders, the Perfect Team Defendants have failed to comply with only one of the discovery orders identified by Plaintiffs.  In fact, most of Plaintiffs' memorandum of law is devoted to accusing the Defendants of making what Plaintiffs believe to be willful false statements, which is not the subject of a Rule 37(b) motion.

In their reply, Plaintiffs raised additional allegations of non-compliance, when the Perfect Team Defendants could no longer respond, and the Magistrate essentially accepted the allegations raised in the reply as undisputed.

In the Sanctions Order, the Magistrate found that the Perfect Team Defendants failed to comply with only three orders, but declined to grant default judgment, instead the Magistrate: (1)

---

[1]     Upon information and belief, Plaintiff Xiao Hong Zheng discharged Urban Justice Center as her attorneys approximately a year ago, before the underlying sanctions motion was made, and Plaintiff Zheng did not authorize such motion.

ordered Defendants to pay attorneys' fees and costs associated with all the orders Plaintiffs claim were disobeyed; (2) ordered Plaintiffs to produce time sheets and billing records for the Magistrate to determine the amounts of such attorneys' fees and costs; (3) precluded Defendants from conducting any additional depositions or requesting any further discovery from Plaintiffs; and (4) invited Plaintiffs to submit a suggested adverse inference that would appropriately account for Defendants' failure to produce records.

In the R & R, the Magistrate essentially adopts Plaintiffs' submissions *in toto*, with only very minor adjustments, and recommends: the Perfect Team Defendants be ordered to pay $22,619.69 and Defendants Ji Shiang, Inc. and Feng Lin (the "Ji Shiang Defendants") be ordered to pay $25,141.19; and the Court accept as established for purposes of this action that Defendants Chun Kit Cheng, Jia Li Wang, and Feng Lin jointly owned and operated the restaurant and were Plaintiffs' employers during the entire time of the restaurant's operation.

As demonstrated herein, the Sanctions Order is erroneous in finding that the Perfect Team Defendants failed to obey three orders described in the Sanctions Order.  Furthermore, the Magistrate should not have precluded Defendants from conducting any additional depositions or requesting any further discovery from Plaintiffs as no grounds for such relief has been established; nor should the Magistrate have invited a proposed adverse inference as no relevant document in Defendants' possession or control was withheld by Defendants or spoiled after this litigation commenced.  Accordingly, the Sanctions Order should be vacated and the Plaintiffs' motion for sanctions denied.

In addition, the attorneys' fees and costs recommended in the R & R exceed the three orders described in the Sanctions Order, are improper, duplicative, and/or unnecessary, and are grossly inordinate compared to the alleged violations.  Furthermore, the recommended adverse

inference is improper as it purports to establish both questions of fact and law that would not have been shown by the alleged unproduced or spoiled documents.   Accordingly, if any attorneys' fees and costs should be found to be due, such amounts should be greatly reduced to match the final order, and the requested adverse inference should be denied.

## STANDARD OF REVIEW

This Court must determine de novo any part of a magistrate judge's disposition of a dispositive motion that has been properly objected to.   Fed. R. Civ. P. 72(b)(3), 28 U.S.C. § 636(b)(1)(C).   This Court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.   Id.

Plaintiffs' Rule 37(b) motion is a dispositive motion since the requested relief includes default judgment.

A district court has broad discretion in determining whether to impose sanctions for discovery misconduct and the nature of those sanctions.   Mikhlyn v. Bove, 08-CV-3367, *7 (ARR) (RER) (E.D.N.Y September 28, 2011).   The standards for Rule 37(b) sanctions, and the policies behind them, although giving broad discretion to a court, only require that a court's orders be "just."   Integrity Elec., Inc. v. Garden State Dist., Inc., No. 9 Civ. 2367 (DLI)(CLP) (E.D.N.Y. March 28, 2012) (adopting Report and Recommendation dated Jan. 6, 2012); Brill v. Queens Lumber Co., No. 10 Civ. 1975 (DLI)(CLP) (E.D.N.Y. Feb. 10, 2012); Fed. R. Civ. P. 37(b)(2)(A) ("[i]f a party or a party's officer … fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders").

- 3 -

## STATEMENT OF THE CASE

By notice of motion dated May 7, 2012, Plaintiffs moved for sanctions pursuant to Fed. R. Civ. P. 37 in the form of default judgment, costs and attorneys' fees against all defendants except for Defendant Zhuo Ping Chen.

The moving papers include a notice of motion (ECF Doc. No. 184, 2 pages), a memorandum of law (a copy of which is annexed to the Chuang Declaration as Exhibit "C" and filed as ECF Doc. No. 185, 27 pages), a declaration by Plaintiffs' attorney David A. Colodny (a copy of which is annexed to the Chuang Declaration as Exhibit "D" and filed as ECF Doc No. 186, 243 pages including exhibits), and an affirmation by non-party David M. Weinberger (a copy of which is annexed to the Chuang Declaration as Exhibit "E" and filed as ECF Doc No. 187, 117 pages including exhibits).

The Perfect Team Defendants submitted a memorandum of law (a copy of which is annexed to the Chuang Declaration as Exhibit "F" and filed as ECF Doc. No. 195, 21 pages) and a declaration by their attorney, Samuel Chuang (a copy of which is annexed to the Chuang Declaration as Exhibit "G" and filed as ECF Doc. No. 198, 54 pages including exhibits).

In reply, Plaintiffs submitted a memorandum of law (a copy of which is annexed to the Chuang Declaration as Exhibit "H" and filed as ECF Doc. No. 199, 12 pages) and a second declaration by Mr. Colodny (a copy of which is annexed to the Chuang Declaration as Exhibit "I" and filed as ECF Doc. No. 200, 22 pages including exhibits).

As discussed further below, in the Sanctions Order, the Magistrate found that the Perfect Team Defendants failed to comply with three orders.

However, the Magistrate declined to grant default judgment, instead the Magistrate: (1) ordered Defendants to pay attorneys' fees and costs associated with all the orders Plaintiffs claim were disobeyed; (2) ordered Plaintiffs to produce time sheets and billing records for the

Magistrate to determine the amounts of such attorneys' fees and costs; (3) precluded Defendants from conducting any additional depositions or requesting any further discovery from Plaintiffs; and (4) invited Plaintiffs to submit a suggested adverse inference that would appropriately account for Defendants' failure to produce records.  Sanctions Order at 23-25.

Plaintiffs submitted a proposed adverse inference as well as their time sheets and billing records (a copy of which is annexed to the Chuang Declaration as Exhibit "J" and filed as ECF Doc. No. 214-15, 17 pages).  Defendants objected to both the proposed adverse inference as well as the attorneys' fees and costs claimed by Plaintiffs (a copy of which is annexed to the Chuang Declaration as Exhibit "K" and filed as ECF Doc. No. 218, 199 pages).  Plaintiffs submitted a reply to Defendants objections (a copy of which is annexed to the Chuang Declaration as Exhibit "L" and filed as ECF Doc. No. 219, 23 pages).

In the R & R, the Magistrate essentially adopts Plaintiffs' submissions *in toto*, with only very minor adjustments.  The Magistrate recommends the Perfect Team Defendants be ordered to pay $22,619.69 (instead of the requested $22,783.75) and the Ji Shiang Defendants be ordered to pay $25,141.19 (instead of the requested $25,331.25), a total difference of only $354.12. Further, the Magistrate recommends the Court accept the following adverse inference:

> Each of the individual defendants, Chun Kit Cheng, Jia Li Wang and [Feng] Lin, jointly owned and operated the Guang Zhou Restaurant, and were plaintiffs' "employers" within the meaning of the Fair Labor Standards Act and New York Labor Law, during the entire time of the restaurant's operation, from June 2007 through February 2011.

R & R at 18, 22.

**ARGUMENT**

**I:  THE MAGISTRATE ERRED IN FINDING THE PERFECT TEAM DEFENDANTS DISOBEYED THE COURT'S ORDERS, WITH THE POSSIBLE EXCEPTION OF SERVING A DISCOVERY RESPONSE ONE BUSINESS DAY LATE.**

Plaintiffs contend that Defendants have disobeyed no less than nine discovery orders. Pls.' Mem. at 4.  Such orders are identified by Plaintiffs as ECF Doc. Nos. 19, 25, 36, 38, 40, 53, 61, 86, and 116.  Id.  A copy of such orders is annexed to the Chuang Declaration as Exhibits "M," "O," "P," "Q," "R," "S," "T," "Y," and "Z."  However, the Sanctions Order only discussed three orders, ECF Doc. Nos. 19, 61, and 116.

In considering those three orders, the Magistrate erred in finding that Defendants failed to comply with those orders, except possibly that years ago the Perfect Team Defendants may have untimely served a discovery response one business day late, on Monday, August 9, 2010, instead of the previous Friday, August 6, 2010.

**A.  Order dated June 8, 2010, ECF Doc. No. 19, Exhibit "M" to Chuang Declaration.**

On June 8, 2010, the parties appeared for an initial conference, a discovery schedule was set, and responses to discovery requests were due by July 26, 2010.  ECF Doc. No. 19.  On July 30, 2010, Defendants' time to respond to discovery was extended to Friday, August 6, 2010. ECF Doc. No. 23, a copy of this order is annexed to the Chuang Declaration as Exhibit "N." Plaintiffs allege that the Perfect Team Defendants failed to respond until the following business day, Monday, August 9, 2010.  Pls.' Mem. at 5, Chuang Decl. Ex. C.  Plaintiffs further allege that the Perfect Team Defendants: only produced informal payroll records in response to the documents requested; claimed that the other requested documents were not available; answered less than half of the interrogatories; and provided no responses to the requests to admit.  Id. However, Plaintiffs provided no substantiation for these allegations in their motion.

- 6 -

Since the Perfect Team Defendants' present counselor did not appear until January 10, 2011, present counsel is unable to state from personal knowledge whether service was timely or not, and the actual Perfect Team Defendants have no personal knowledge whether or not service was timely, the Perfect Team Defendants now concede that service may have been untimely. However, Plaintiffs have not shown any prejudice by this alleged late service by one business day, and have not raised this issue in any future conferences or correspondence – or while Mr. Alfred Lui,[2] predecessor counsel, was still counsel to the Perfect Team Defendants and able to respond – until the Rule 37(b) motion almost two years later on May 7, 2012.

Regarding the allegations that the Perfect Team failed to comply by not producing documents or answering interrogatories, even without providing substantiation to respond to, on its face, Plaintiffs tacitly admit that the Perfect Team Defendants did not fail to respond, but responded with "not available."  Present counsel submits that to the extent Mr. Lui did not properly respond to the document requests and interrogatories, such failure was due to inexperience or inadvertence and not willful or in any way flouting the Court's order, but the intent was clear, such documents did not exist and the Perfect Team Defendants objected to such interrogatory.  Lastly, the consequence for a failure to respond to a request to admit is specifically stated in Fed. R. Civ. P. 36(a)(3), which, under principles of statutory construction, should apply instead of Fed. R. Civ. P. 37(b).

---

[2]     The Perfect Team Defendants' initial counselor was an elderly gentleman named Alfred Lui, who is clearly not a litigator, and who quickly exited the case because he was in over his head.  Solely as an example of his inexperience, Mr. Lui incorrectly filed his notice of appearance, first on June 21, 2010, on behalf of Plaintiffs, then on June 24, 2010, on behalf of all Defendants, including the *pro se* defendant, Mr. Zhuo Ping Chen, and Defendants Feng Lin and Ji Shiang, Inc., who were represented by Ms. Anne Seelig.  By the November 3, 2010, conference with the Court, Mr. Lui had informed the Court that he would be withdrawing from the case.

**B.  Order dated January 19, 2011, ECF Doc. No. 61, Exhibit "T" to Chuang Declaration.**

On January 19, 2011, the parties appeared for a discovery conference before the Magistrate who directed, *inter alia*, the "Defendants to confer and produce names and addresses for Notice by January 27."  ECF Doc. No. 61.

In their memorandum of law, Plaintiffs only allege that the Perfect Team Defendants ignored the deadline and Plaintiffs filed their first motion for sanctions.  Pls.' Mem. at 7.

However, the Perfect Team Defendants did not, as Plaintiffs claim, simply ignore the January 27, 2011, deadline; in fact, the Perfect Team Defendants actually responded before the January 27 deadline and conferred with co-Defendants to produce names and addresses.  In a letter dated January 31, 2011, (ECF Doc. No. 65, a copy of which is annexed to the Chuang Declaration as Exhibit "V."), Mr. Chuang, Perfect Team Defendants' counselor, explained that, in their interrogatory responses, the Perfect Team Defendants have already provided Plaintiffs with the former employees' names to the best of their knowledge, which is only in Chinese, and that they have no knowledge of or documents containing such former employees' addresses.[3] ECF Doc. No. 65 at 1.  Furthermore, Mr. Chuang explained this to Ms. Tai, one of Plaintiffs' counselors, the evening of January 18, the evening before the conference, and to both Ms. Tai and Mr. Colodny immediately after the conference.  Id.  Moreover, Mr. Chuang informed them that, if in the course of responding to Plaintiffs' discovery requests he came across such information, he would produce it to Plaintiffs.  Id.  Mr. Chuang also explained that since most, if not all, of the individuals who worked for Perfect Team continued to work for Ji Shiang, and since Ji Shiang has already provided full legal names and current addresses for all employees,

---

[3]     This is not surprising since the Perfect Team Defendants speak, read, and write almost exclusively in Chinese, not English, and Perfect Team had been closed for approximately a year before the commencement of this lawsuit.

Plaintiffs already have all the information they seek.  Id.  In response to Plaintiffs' first letter motion for contempt, dated January 28, 2011, (ECF Doc. No. 62, a copy of which is annexed to the Chuang Declaration as Exhibit "U"), Mr. Chuang continues to clarify that Plaintiffs' search for the employees' "legal English names" is hypocritical as Plaintiffs themselves never provided their legal English names to Perfect Team in the first place.  Id. at 2.  The Perfect Team Defendants only knew the employees by their Chinese names, which were provided, and, as understood by all parties, Chinese names are subject to different translations into English.  Id. at 2, ECF Doc. No. 62 at 1.  Any Romanization of the Chinese names by the Perfect Team Defendants would be pure speculation.  Id.  Lastly, the Perfect Team Defendants do not know either the names or addresses of the two Latino employees.  Id.

In their reply, Plaintiffs raises the same complaints contained in their January 28, 2011, letter, only saying, "Defendants provide on Chinese names (not legal, English names) for Chinese employees only; defendants provide no names for Latino employees.  Defendants provide no address for any employees.  Dkt. # 65."  Reply Mem. at 2, Chuang Decl. Ex. H.

Although Plaintiffs improperly raised these additional issues on reply, depriving the Perfect Team Defendants an opportunity to respond, in the Sanctions Order, the Magistrate adopted these allegations and found that the Perfect Team Defendants failed to comply with such January 19, direction.  Sanctions Order at 19.  The Magistrate found the Perfect Team Defendants' failure to provide English names not substantially justified, and that the Perfect Team Defendants did not dispute Plaintiffs' claim that they failed to provide any addresses or names for any Latino employees.  Id. at 19-20.

Clearly, the Perfect Team Defendants did not dispute in its opposition the issues that Plaintiffs first raised on reply, but such issues were raised, disputed, and seemingly resolved

more than a year earlier in Plaintiffs' first motion for contempt.  ECF Doc. No. 62 and Order regarding such contempt motion filed as ECF Doc. No. 76, a copy of which is annexed to the Chuang Declaration as Exhibit "W."

In addition, Defendants, collectively, complied with the January 19, 2011, direction/order.  The Magistrate directed/ordered "Defendants to confer and produce names and addresses" for the collective action notice, (ECF Doc. No. 61), and Defendants, collectively, produced such names and addresses.  Sanctions Order at 21.  Lastly, the direction/order was for the purpose of the collective action notice, and may not be a discovery order.  If the direction/order is not a discovery order, then sanctions under Fed. R. Civ. P. 37(b) may not be appropriate.

### C.  Order dated May 13, 2011, ECF Document No. 116, Exhibit "Z" to Chuang Declaration.

On May 13, 2011, the parties attended a conference before the Magistrate, and the Perfect Team Defendants were ordered "to provide detailed responses to discovery outlined in Plaintiffs' February 23 letter by May 27."  ECF Doc. No. 116.

In their memorandum of law, Plaintiffs only allege "[o]n May 27, 2011, the Perfect Team [D]efendants served supplementary interrogatory responses.  As part of this supplementation, both groups of defendants provided [P]laintiffs with affidavits explicitly stating that they had already produced all responsive documents."  Pls.' Mem. at 9.

In response, the Perfect Team Defendants could only point out that Plaintiffs do not say how the Perfect Team Defendants have disobeyed this order.  Perfect Team Mem. at 7.

Again, as in the immediately preceding discussion, Plaintiffs improperly raise for the first time on reply, thereby depriving the Perfect Team Defendants an opportunity to respond, additional allegations that the Perfect Team Defendants "do not provide detailed responses as

ordered.  Instead defendants simply resend the same interrogatory responses previously served (this time translated into English) along with affidavits from the defendants stating that all responsive documents have already been provided."  Reply Mem. at 2.

And again, the Magistrate seems to adopt the allegations first raised on reply finding that the Perfect Team Defendants disobeyed this order by failing to supplement their discovery responses, rejecting the Perfect Team Defendants' claim that Plaintiffs did not say how the Perfect Team Defendants disobeyed this order.  Sanctions Order at 20.

As clear as before, Plaintiffs' memorandum, in fact, did not state how the Perfect Team Defendants disobeyed this order.  Furthermore, even in their reply memorandum, Plaintiffs do not state how the Perfect Team Defendants disobeyed this order.  The order is for the Perfect Team Defendants to provide detailed responses to discovery outlined in Plaintiffs' February 23 letter by May 27.  Plaintiffs' allegation – that the Perfect Team Defendants resent interrogatory responses translated into English along with affidavits stating that all responsive documents have already been provided – fails to explain how such response is not a detailed response to the discovery outlined in Plaintiffs' February 23 letter.

In footnote 19 of the Sanctions Order, the Magistrate observed that Plaintiffs complained above that the Perfect Team Defendants had only responded to half of the interrogatories and provided no response to the requests to admit … thus this effort at "supplementation" by the Perfect Team Defendants was clearly deficient.  Since these issues were raised on reply, the Perfect Team Defendants did not have the opportunity to explain that, as stated by Plaintiffs, Mr. Lui submitted substantive responses to half of the interrogatories, and Mr. Chuang submitted substantive responses to the other half of the interrogatories as outlined in Plaintiffs' February 23, 2011, letter, in compliance with the May 13, 2011, order.  With both halves, all

- 11 -

interrogatories were answered.  And as discussed above, the Perfect Team Defendants' very early failure by Mr. Lui to respond to the requests to admit results in an admission, unless and until a Rule 36(b) is granted.  Furthermore, all the requests to admit have been asked of the Defendants, either through interrogatories or on deposition, or both, who have categorically denied them, but if the Perfect Team Defendants were to put in a denial in the interim, it seems foreseeable that Plaintiffs would take that opportunity to object to such denial and necessitate a Rule 36(b) motion.  Accordingly, it seems prudent for the Perfect Team Defendants to wait until discovery is complete and then request leave to make the Rule 36(b) motion.

### D.  Summary.

Plaintiffs have not shown how the Perfect Team Defendants have disobeyed any discovery order except possibly Mr. Lui's untimely service of discovery responses on Monday, August 9, 2010, instead of the previous Friday, August 6, 2010.  However, even as to such non-compliance, Plaintiffs did not raise this issue until almost two years later, long after Mr. Lui withdrew as attorney, and without any showing of prejudice or cost to the Plaintiffs, so the imposition any sanctions would be unjust.  Furthermore, such disobedience, at the start of discovery, with virtually no impact on Plaintiffs, cannot be said to be willful.

### II:  PLAINTIFFS STATED THAT THEIR DISCOVERY WAS COMPLETE.

At the April 16, 2012, conference before the Magistrate, Plaintiffs stated that their discovery was complete.  A copy of the relevant portion of the transcript of such conference is annexed to the Chuang Declaration as Exhibit "BB."  However, in their memorandum, Plaintiffs complain that discovery is incomplete.  Pls.' Mem. at 1.  As discussed in further detail in the Perfect Team Defendants memorandum of law in the underlying motion, (ECF Doc. No. 195 at 8, Chuang Decl. Ex. F), Plaintiffs continue to assert that discovery is still incomplete merely to inflame the Court.

### III: PLAINTIFFS WRONGFULLY ACCUSE DEFENDANTS FOR PROLONGING DISCOVERY.

Plaintiffs accuse Defendants of employing delay tactics to mire Plaintiffs and the Court in discovery for almost two years.  Pls.' Mem. at 10.  However, such accusation is misplaced because Plaintiffs have already stated in the April 16, 2012, conference that their discovery was complete.  Furthermore, discovery is still outstanding because, of the five named Plaintiffs, all but Plaintiff Li Rong Gao simply did not attend their scheduled court-ordered depositions for no stated reason.  This behavior is clearly sanctionable under Fed. R. Civ. P. 37(d).

In addition, Plaintiffs have not given any reason for the withdrawal of three, possibly four, of their number.  Similarly, Plaintiffs have not given any reason for their intent to dismiss their claims against Defendant Zhuo Ping Chen.

### IV: ACCUSATIONS OF FALSE STATEMENTS ARE TRIAL ISSUES, NOT DISCOVERY ISSUES.

Plaintiffs devote pages 9-23 of their memorandum of law solely to arguing that Defendants' disobedience was willful; but Plaintiffs' accusations that the Perfect Team Defendants made false statements are trial issues, not discovery issues, because they relate to Defendants' credibility.

Out of concern for page limitations of motions, the Perfect Team Defendants very briefly address their objections to certain accusations cited by the Magistrate in the Sanctions Order; but out of an abundance of caution, also object to each and every accusation and finding that the Perfect Team Defendants willfully disobeyed a discovery order.

Plaintiffs accuse Defendant Chun Kit Cheng of improperly signing an affidavit where he states that he believes that he and Perfect Team have provided all responsive information, (a copy of such affidavit is annexed to the Chuang Declaration as Exhibit "X" and filed as ECF Doc. No. 83), because he did not personally search for or produce these documents.  Upon even

a superficial review of the deposition transcript quoted by Plaintiffs, it is obvious that Defendant Cheng did not handle or keep responsive documents and did not know where such documents would be located.  Maybe Plaintiffs expected Defendant Cheng personally turn his house upside-down looking for documents instead of taking the reasonable action of letting his wife, who handled and managed those documents, locate and produce them.  Defendant Cheng stated that he believes that he and Perfect Team have provided all responsive information, and Plaintiffs have not shown such statement about his belief to be false or without reason.  Finally, Defendant Cheng is only required to produce documents within his possession, custody, or control and only to the extent known[4] by Defendant Cheng.  Plaintiffs' interpretation of Defendant Cheng's responsibility, that he was somehow guaranteeing, as a matter of provable fact, that all responsive documents have been produced, would require Defendant Cheng to be almost an omniscient being, and far beyond what the law requires, which is his personal knowledge.  Again, Defendant Cheng only stated that he believes that he and Perfect Team have provided all responsive information.

Plaintiffs also accuse Defendant Cheng of lying in an interrogatory response.  "Plaintiffs could not use their limited deposition time to question Mr. Cheng about the veracity of each of his interrogatory answers, but his admission calls into question whether the other answers fully and accurately convey Mr. Cheng's and the corporation's knowledge."  Pls.' Mem. at 13.  With regard to this specific interrogatory, a characterization of Plaintiff Xiao Hong Zheng, it is an interrogatory directed at Defendant Perfect Team, and should be answered by the corporation to the best of the knowledge of all its agents, not only Defendant Cheng; but Plaintiffs nevertheless accuse Defendant Cheng of lying in the interrogatory response because Defendant Cheng did not

---

[4]     Uniform Definitions in Discovery Requests, Local Civil Rule 26.3(c)(3) and (4) of the U.S. District Courts for the Southern and Eastern Districts of New York.

personally observe or make the interrogatory response about Plaintiff Zheng, when such response originated with Defendant Jia Li Wang.  Defendant Perfect Team responded to the interrogatory, not Defendant Cheng individually, so Plaintiffs' insinuation that Defendant Cheng lied in Defendant Perfect Team's interrogatory response is baseless.

Plaintiffs also contend that Defendants Cheng and Wang lied about the relationship between Defendant Perfect Team and Defendant Ji Shiang, however, Plaintiffs make such contention because they are not carefully asking their questions and jumping to conclusions. Defendants Cheng and Wang did not state, as Plaintiffs allege, that they did not know that Defendant Lin intended to take over operations of the restaurant until the restaurant was reopened under Ji Shiang's management, (Sanctions Order at 12, Pls.' Mem. at 17-18); there was no question to either Defendant Cheng or Defendant Wang about their knowledge about Defendant Lin's intentions about taking over operations of the restaurant, (Pls.' Mem. at 17-18). Defendant Cheng was asked if he knew that Defendant Lin wanted to take over operations, and he answered no because Defendant Cheng did not know whether Defendant Lin actually desired to take over operations or not and Defendant Lin never stated to Defendant Cheng that Defendant Lin desired to take over operations.  Pls.' Mem. at 17.  Similarly, Defendant Wang was asked whether she ever discussed with Defendant Lin the possibility that he might run the restaurant, and she answered no because she never had such a discussion.  Pls.' Mem. at 17. Plaintiffs take the leap that just because Defendant Lin would operate the restaurant means that Defendant Lin wanted to operate the restaurant.  Furthermore, Plaintiffs' claim that these statements are contradicted by the cancelled April 2009 assignment of the lease does not make sense, first, because Defendant Wang was not a party to such assignment, and also because Defendant Cheng was never asked about Defendant Lin's intentions.  It is also unclear how

Defendant Wang's role in the establishment of Ji Shiang's bank account contradicts any of her statements quoted by Plaintiffs.  More fundamentally, however, Defendant Cheng and Wang's knowledge, or lack thereof, relating to whether Defendant Lin intended to operate the restaurant has no relevance to the disobeyance of any discovery order, or, as far as the adverse inference discussed further, *infra.*, is concerned, whether the individual defendants jointly owned and operated the restaurant as Perfect Team or Ji Shiang, or whether they are individually joint employers of Plaintiffs.

Next Plaintiffs accuse Defendant Cheng of providing false testimony on the question of whether any property or lease was transferred between Defendant Perfect Team and Defendant Ji Shiang.  Plaintiffs accuse Defendant Cheng of lying when he claimed that Defendant Perfect Team surrendered its fixtures, furniture, and equipment to its landlord in order to terminate its lease.  However, this is actually what happened, as documented in the surrender agreement dated June 1, 2009, a copy of which is annexed to the Chuang Declaration as Exhibit "CC."  Whether Defendant Cheng remembers whether he signed the surrender agreement, and the persons present, is a credibility issue, not a discovery issue.  Defendant Cheng correctly recalls the intent and results of the transaction, a surrender of the lease that releases him from further liability, and not the purported assignment of lease which was voided *ab initio* anyway, pursuant to the cancellation agreement (a copy of the cancellation agreement is annexed to the Chuang Declaration as Exhibit "DD"), because he would still remain liable as a guarantor.

Although Plaintiffs are aware of these two subsequent agreements, (Pls.' Mem. at 21-22 ("landlord entered into a cancellation agreement with Perfect Team Corp. and Ji Shiang, Inc. purporting to nullify the earlier lease assignment" and "a 'surrender agreement,' which stated that Perfect Team Corp. had surrendered the keys and possession of the restaurant to the

landlord")), they nevertheless allege that the Perfect Team Defendants lied about surrendering the lease, believing that "the April 30 assignment … demonstrated the true nature of the transaction." Pls.' Mem. at 22. Plaintiffs' allegations cannot prevail both in fact and against the applicable New York statute of frauds, and if it gets that far, the parol evidence rule.

### V:  THE MAGISTRATE SHOULD NOT HAVE PRECLUDED DEFENDANTS FROM CONDUCTING ADDITIONAL DEPOSITIONS OR REQUESTING ANY FURTHER DISCOVERY.

In facing the challenge of determining an appropriate sanction given the circumstances, the Magistrate did not recommend the severe sanction of default, (Sanctions Order at 23), however, the Magistrate did preclude Defendants from conducting any further depositions or requesting any further discovery from Plaintiffs in this case, (Id. at 24).

Although the Magistrate cited Nycomed U.S. Inc. v. Glenmark Generics Ltd., No. 08 CV 5023, 2010 WL 3173785, at *3 (E.D.N.Y. Aug. 11, 2010) for the more severe sanctions, such as dismissal, preclusion, and an adverse inference, (Sanctions Order at 16), research into preclusion of a party or parties from conducting additional depositions or requesting any further discovery has not resulted in authority for this sanction, in these circumstances. Most of the cases that discuss the preclusion from conducting additional depositions or requesting further discovery have arisen in the context of Fed. R. Civ. P. 26(c) (a motion for a protective order) or 37(a) (a denied motion to compel), however, the circumstances here seem to be the inverse. Along another train of thought, as a sanction for failing to comply with a discovery order, Fed. R. Civ. P. 37(b)(2)(A)(ii) allows preclusion of a party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, however the Magistrate did not preclude a claim or defense, but further discovery of certain parties by other parties.

The Perfect Team Defendants have already been denied discovery sought from Plaintiffs, either by Plaintiffs simply not appearing for scheduled, court-ordered depositions, with no

explanations given, or by their refusal to answer questions during deposition.   Furthermore, discovery by one party generally does not require any other party to delay its discovery, (Fed. R. Civ. P. 26(d)(2)(B), and non-compliance with discovery by a party generally does not excuse another party from its discovery obligations.   To preclude the completion of discovery here would result in a windfall for Plaintiffs, but would not remedy the perceived discovery violations.   There does not seem to be authority for this "reflective" type of sanction, and such a policy may result in gamesmanship where a party would rush into issuing discovery requests, hoping that the responding party would disobey an order in some way so that such party would not be required to comply with its own discovery obligations.

## VI:  THE MAGISTRATE SHOULD NOT HAVE RECOMMENDED AN ADVERSE INFERENCE

In Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99 (2d Cir. 2002), the Second Circuit held that in order to justify the sanction of an adverse inference, the moving party must show that the evidence destroyed would likely have been favorable to it:

> Although we have stated that, to obtain an adverse inference instruction, a party must establish that the unavailable evidence is relevant to its claims or defense, our cases make clear that relevant in this context means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence. Rather, the party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed or unavailable evidence would have been of the nature alleged by the party affected by its destruction.

Id. at 108-09 (citations, footnote, and alterations omitted).  Where the spoliation occurred as a result of bad faith or gross negligence, it may be presumed that the evidence would have been harmful to the spoliator.  Id. at 109.  Convolve, Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 176 (S.D.N.Y. 2004)

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."

West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). The spoliation of evidence "relevant to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction." Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998).

> "[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Residential Funding at 107 (quoting Byrnie v. Town of Cromwell, 243 F.3d 93, 107-12 (2d Cir. 2001)); *accord* Zubulake IV, 220 F.R.D. at 220. The party seeking sanctions bears the burden of establishing all elements of a claim for spoliation of evidence. *See* Byrnie, 243 F.3d at 109. In general, the adverse inference instruction is an extreme sanction and should not be imposed lightly. Zubulake IV, 220 F.R.D. at 220.

Treppel v. Biovail Corp., 249 F.R.D. 111, 120 (S.D.N.Y. 2008).

Although not requested by Plaintiffs, the Magistrate allowed Plaintiffs to suggest an adverse inference that would appropriately account for Defendants' failure to produce records, "[g]iven the pervasive nature of Defendants' defiance." Sanctions Order at 24.

### A. There is no basis for the Court to recommend an adverse inference.

As explained above, in order to obtain an adverse inference based on the unavailability of evidence, Plaintiffs must first show that the Perfect Team Defendants had an obligation to preserve such evidence at the time it was destroyed. Next, Plaintiffs must establish that the evidence was destroyed with a culpable state of mind, and third, that such destroyed evidence was relevant and would likely have been favorable to Plaintiffs' claim such that a reasonable trier of fact could find that it would support their claim.

Plaintiffs proposed the following adverse inference:

Each of the individual defendants, Chun Kit Cheng, Jia Li Wang and [Feng] Lin, jointly owned and operated the Guang Zhou Restaurant, and were plaintiffs' "employers" within the meaning of the Fair Labor Standards Act and New York Labor Law, during the entire time of the restaurant's operation, from June 2007 through February 2011.

Letter by Amy Tai, February 12, 2013, ECF Doc. No. 214, a copy of which is annexed to the Chuang Declaration as Exhibit "J."

However, in support of their proposed adverse inference, Plaintiffs do not come close to carrying their burden of establishing all the elements of a claim for spoliation of evidence. First, Plaintiffs only identify the following documents: (1) documents showing ownership of Perfect Team Corp., or who received distributions of profits; (2) documents concerning the financial condition, assets, liabilities and/or net worth of Perfect Team Corp. and annual sales and expenses of the restaurant; and (3) documents showing how much Perfect Team Corp. paid to Jia Li Wang or Feng Lin. Id. at 2.

There is no explanation of what obligation the Perfect Team Defendants had to preserve such documents – especially in light of the undisputed facts that Plaintiffs were aware of when Defendant Perfect Team ceased doing business and waited approximately a year before bringing this action – sufficient to show "spoliation." Goodyear, 167 F.3d at 779. Further, Plaintiffs make no showing that the Perfect Team Defendants intentionally destroyed such documents with a culpable state of mind, or the circumstances under which such documents were destroyed. Convolve at 176. Orbit One Communications, Inc. v. Numerex Corp., 271 F.R.D. 429 (S.D.N.Y. 2010). Moreover, Plaintiffs do not establish the relevance of the spoliated documents, or that they would be favorable to Plaintiffs, relying solely on their own speculation that the documents would have shown that: (1) Defendants Wang and Lin were also shareholders of Perfect Team (the Perfect Team Defendants have already disclosed to Plaintiffs all the shareholders and

officers of Defendant Perfect Team); (2) the restaurant was a profitable, multi-million dollar business that Cheng and Wang would not have abandoned (clearly shown not to be true by the surrender agreement, wherein Defendant Perfect Team surrendered the premises, in the condition delivered, to the landlord; and also because there is no attempt to explain why the business would be profitable, as opposed to revenue-generating (i.e., no consideration of the expense side of the income statement)); and (3) that Defendants Wang and Lin were upper management or owners (Defendant Wang already stated at deposition that she was paid $2,000 per month, and that she was neither a manager nor owner of both Defendant Perfect Team and Defendant Ji Shiang, merely a cashier).  Plaintiffs are on the clichéd "fishing expedition" since no reasonable foundation exists for the evidence and claims they assert.

The Perfect Team Defendants' contend that from the commencement of this litigation, they have maintained a "litigation hold" on all documents and no existing document within their control has been destroyed or withheld, and Plaintiffs have not shown otherwise.

Furthermore, documents Plaintiffs obtained from the landlord's agent, David Weinberger, specifically vindicate Defendants' position that Defendant Perfect Team surrendered the premises to the landlord, made during the attachment hearing on February 28, 2011, more than a year before the Perfect Team Defendants finally obtained a copy of the destroyed surrender agreement.  If the Perfect Team Defendants had had such surrender agreement during the hearing, they would have presented such document at such hearing because it would have settled the issue then and there; and a claim that the Perfect Team Defendants intentionally destroyed or withheld such document does not make any sense.

Accordingly, there is no support for an adverse inference.

**B.  Even if there had a sufficient basis for recommending an adverse
inference, the inference recommended is inappropriate and tantamount to a
summary judgment on the issue addressed**

Even there is valid basis for recommending an adverse inference, the recommended inference is inappropriate because in effect it grants summary judgment to Plaintiffs on issues they are not entitled to summary judgment.

The recommended adverse inference is:

> Each of the individual defendants, Chun Kit Cheng, Jia Li Wang and Fen Lin, jointly owned and operated the Guang Zhou Restaurant, and were plaintiffs' "employers" within the meaning of the Fair Labor Standards Act and New York Labor Law, during the entire time of the restaurant's operation, from June 2007 through February 2011.

First, Plaintiffs are not requesting an adverse inference, but conclusions of law on heretofore undiscussed issues including joint employment and shareholder liability, and it would be inappropriate to find conclusions of law at this point.  Next, the recommended inference is a conclusion of fact that has no grounds in reality.  The surrender agreement proves that, as found by this Court in the Memorandum and Order dated August 11, 2011, ECF Doc. No. 146 at 7, a copy of which is annexed to the Chuang Declaration as Exhibit "AA," there is no reliable testimony or documentary evidence to contradict Defendants' account of the progression of ownership and control of the restaurant's assets from Defendant Perfect Team to the restaurant's landlord (a non-party), to Defendant Ji Shiang.  Third, an adverse inference is intended to restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence.  Goodyear at 779.  The recommended inference does not restore Plaintiffs to the same position that they would have been in, but actually makes real Plaintiffs' pure speculation about common ownership and operation, which, as this Court has already heard during the hearing held on February 28, 2011, is without any basis in fact, personal knowledge, or

corroboration. A more appropriate adverse inference, assuming _arguendo_ that a valid basis exists, may be "if you, the fact-finder finds that the Perfect Team Defendants had these documents within their custody and control, and failed to produce these documents with a culpable state of mind, and the documents would have been relevant to you in deciding the facts in dispute in this case, you are permitted, but not required, to infer that the documents would have been unfavorable to the Perfect Team Defendants."

## VII:  THE FEES RECOMMENDED BY THE MAGISTRATE EXCEED THE SCOPE OF THE SANCTIONS ORDER AND ARE GROSSLY INORDINATE

In the R & R, the Magistrate recommended attorneys' fees and costs that exceed the scope of the Sanctions Order and are grossly inordinate compared to the harm and costs suffered by the Plaintiffs.  Plaintiffs requested $48,115.00 in attorneys' fees and $224.75 in costs, and the Magistrate recommends awarding $47,760.88 in attorneys' fees and $224.75 in costs.

Though the Sanctions Order did not find a violation of all nine orders identified by Plaintiffs, the Magistrate awarded attorneys' fees and costs for almost all of them.  This included, for example: attorneys' fees in preparing for and attending a settlement conference on November 3, 2010; attorneys' fees and costs in preparing for and attending a collective action conference on July 30, 2010 (ECF Doc. No. 23, Chuang Decl. Ex. N; R & R at 17, fn. 13 (Mr. Tuddenham came to the conference to provide his expertise regarding the collective action notice)); attorneys' fees in preparing Plaintiffs' June 29, 2011, request to move before this Court for sanctions having nothing to do with discovery (motion related to the restaurant premises); and attorneys' fees and costs in preparing letters beyond the scope of the Sanctions Order, for example, the Magistrate recommends attorneys' fee for Plaintiffs' September 3, 2010, motion submitted to the Magistrate, however, in such fee application, Plaintiffs include not only the

approximately 2.9 hours expended in preparing such letter, but also 14.5 hours expended in preparing an earlier August 26, 2010, letter.

As shown above, even the three orders discussed by the Magistrate in the Sanctions Order do not merit payment of attorneys' fees because there was no disobeyance of a discovery order except for the harmless late service of a discovery response.

With regard to the hours reasonably expended by Plaintiffs' attorneys, the Perfect Team Defendants assert that such hours are excessively high.  For example, as described in further detail in the letter by Defendants dated February 20, 2013, ECF Doc. No. 218, a copy of which is annexed to the Chuang Declaration as Exhibit "K": Ms. Carmela Huang took over for Ms. Tai in preparing the underlying motion when Ms. Tai went on maternity leave – and expended time simply reviewing the file and redoing legal research on Rule 37(b) motions, even though Ms. Tai drafted a memo to Ms. Huang regarding this case – time that could have been saved had Plaintiffs simply waited until Ms. Tai returned to work, which would not have prejudiced Plaintiffs in any significant way; Ms. Tai spent 25.2 hours reviewing just the Ji Shiang Defendants' discovery responses (in fact, much of her requested time is foundational discovery review); most court conferences were attended by both Mr. Colodny and Ms. Tai, which is duplicative and unnecessary, who do not distinguish between travel time and work time; and with one exception, none of the meetings or conferences between any of the attorneys are corroborated by the other participant.

**CONCLUSION**

For the foregoing reasons, the Memorandum and Order dated January 28, 2013, by The

Honorable Cheryl L. Pollak, U.S.M.J. should be vacated and the Plaintiffs' motion for sanctions

denied.

Dated:   Queens, New York                    Respectfully submitted,
         April 5, 2013

                                             **/s/SAMUEL CHUANG**
                                             SAMUEL CHUANG (SC 5114)
                                             Law Offices of Samuel Chuang, Esq.
                                             135-11 40th Road, Suite 4C
                                             Flushing, NY 11354
                                             (718) 353-4700
                                             Fax: (212) 202-4527
                                             Email: samuel.chuang@chuanglaw.com
                                             *Attorney for Defendants Perfect Team*
                                             *Corporation, Chun Kit Cheng, and Jia Li Wang*