UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LI RONG GAO, et al., | ) |
| Plaintiffs, | ) |
| -against- | ) |
| PERFECT TEAM CORPORATION d/b/a GUANG ZHOU RESTAURANT, JI SHIANG, INC. d/b/a GUANG ZHOU RESTAURANT, FENG LIN, CHUN KIT CHENG a/k/a JUN JIE ZHENG, JIA LI WANG, and ZHUO PING CHEN a/k/a CHEUK PING CHEN, | ) |
| Defendants. | ) |

No. 10-CV-1637 (ENV) (CLP)

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO PERFECT TEAM AND JI SHIANG DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE POLLAK'S JANUARY 28, 2013 ORDER AND MARCH 8, 2013 REPORT AND RECOMMENDATION**

Dated: April 19, 2013

David A. Colodny
Amy Tai
Urban Justice Center
123 William Street, 16th Floor
New York, NY 10038
(646) 459-3006
(212) 533-4598 (fax)

Edward Tuddenham
228 W. 137th Street
New York, New York 10030

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II.  PROCEDURAL HISTORY ................................................................................ 1

III.  ARGUMENT ...................................................................................................... 4

   A. STANDARD OF REVIEW ............................................................................. 4

      1.  Attorneys' Fees and Costs and Discovery Preclusion Sanctions are Nondispositive Matters ................................................................................... 6

      2.  The Adverse Inference Sanction May Be Dispositive ............................. 7

   B. MAGISTRATE JUDGE POLLAK PROPERLY FOUND THAT DEFENDANTS' EGREGIOUS CONDUCT WAS SANCTIONABLE ...................................... 8

      1.  Ji Shiang Defendants ................................................................................ 8

      2.  Perfect Team Defendants .......................................................................... 9

   C. MAGISTRATE JUDGE POLLAK'S MONETARY AND DISCOVERY PRECLUTION SANCTIONS WERE NOT CLEARLY ERRONEOUS ....................... 15

      1.  The Recommended Award of Attorneys' Fees and Costs Should be Adopted .... 16

      2.  The Order Precluding Defendants from Taking Further Discovery Should be Adopted ................................................................................................... 17

   D. MAGISTRATE JUDGE POLLAK'S ADVERSE INFERENCE SHOULD BE ADOPTED .................................................................................................. 19

IV.  CONCLUSION ................................................................................................. 24

# TABLE OF AUTHORITIES

**PROCEDURAL RULES**

Fed. R. Civ. P. 37 ..................................................................................... *passim*
Fed. R. Civ. P. 72 ..................................................................................... *passim*

**STATUTES**

28 U.S.C. § 636 ................................................................................................. 4

**CASES**

*Curcio v. Roosevelt Union Free School Distr.,* 283 F.R.D. 102 (E.D.N.Y. 2012) ............... 20, 21

*Creative Resources Grp. of N.J., Inc. v. Creative Resources Grp., Inc.,*
   212 F.R.D. 94 (E.D.N.Y. 2002) ................................................................. 8

*Garcia v. Benjamin Grp. Enterprise, Inc.*, 800 F.Supp.2d 399 (E.D.N.Y. 2011) ............... 6

*Joza v. WW JFK LLC*, No. 07–CV–4153 (ENV)(JO),
   2010 WL 3619547 (E.D.N.Y. Sept. 10, 2010) .................................. 6, 7, 16

*Kennedy v. Adamo*, No. 02-CV-01776 (ENV)(RML),
   2006 WL 3704784 (E.D.N.Y. Sept. 1, 2006) ............................................ 8

*Moore v. Kingsbrook Jewish Medical Center*, Nos. 11–CV–3552, 11–CV–3624,
   2012 WL 1078000 (E.D.N.Y. Mar. 30, 2012) ..................................... 7, 17

*Nielsen v. N.Y.C. Dep't of Educ.,* No. 04-CV-2182,
   2007 WL 1987792 (E.D.N.Y. Jul. 5, 2007) ......................................... 7, 17

*Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023,
   2010 WL 3173785 (E.D.N.Y. Aug. 11, 2010) ..................................... 19, 20

*Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1 (1st Cir. 1999) ............................. 5

*Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99 (2d Cir. 2002) ........ 19-22

*Steele v. Costco Wholesale Corp.,* No. 03 Civ. 0713,
   2005 WL 1068137 (E.D.N.Y. May 6, 2005) ............................................. 5

*Thomas E. Hoar, Inc. v. Sarah Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ............... 5, 6

*Treppel v. Biovail Corp.*, 249 F.R.D. 111 (S.D.N.Y. 2008) ................................ 20

*Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008) ................................. 5

I.    **INTRODUCTION**

As a result of the egregious discovery abuses and noncompliance with numerous Court Orders committed by defendants Perfect Team Corp., Chun Kit Cheng, and Jia Li Wang (collectively, "Perfect Team defendants") and defendants Ji Shiang, Inc. and Feng Lin (collectively, "Ji Shiang defendants"), Magistrate Judge Pollak sanctioned both sets of defendants through a January 28, 2013 Order and a March 8, 2013 Report and Recommendation (collectively "Sanctions Orders").  Plaintiffs submit this memorandum of law in response to defendants' objections to the Sanctions Orders.  For the reasons set forth herein, this Court should affirm her January 28, 2013 Sanctions Order and adopt her March 8, 2013 Report and Recommendation.

II.    **PROCEDURAL HISTORY**

Three years ago, on April 13, 2010, plaintiffs Li Rong Gao and Xiao Hong Zheng filed this action against corporate defendants Perfect Team Corporation ("Perfect Team") and Ji Shiang, Inc. ("Ji Shiang"), and individual defendants Chun Kit Cheng, Jia Li Wang, Feng Lin, and Zhuo Ping Chen.  *See* Doc. # 1.  In the Complaint and the currently operative Amended Complaint,[1] plaintiffs alleged that defendants committed various violations of New York and federal labor laws, including the failure to pay minimum wage and overtime, while employing plaintiffs at Guang Zhou Restaurant.  By stipulation entered on August 24, 2010, plaintiffs' suit

---

[1] Three plaintiffs (Shu F. Jiang, Wei S. Tan and Wei J. Wu), joined the case through the filing of an Amended Complaint on August 25, 2010 (doc. # 29), but have since voluntarily dismissed their claims with prejudice  (doc. # 180).  Plaintiff Xiao Hong Zheng's status in this case is discussed in plaintiffs' February 25, 2013 letter to the Court.  *See* Doc. # 219 at 4 n.6.  In addition, although *pro se* defendant Zhou Ping Chen was originally included as a defendant in this case, plaintiffs are attempting to seek his dismissal from the action.  Plaintiffs did not seek sanctions against Zhuo Ping Chen.

was conditionally certified as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

After a prolonged period of discovery during which defendants engaged in a pattern of unreasonable delay, evasion, obstruction, and outright contempt, including noncompliance with numerous Court orders, plaintiffs filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure on May 7, 2012. *See* Doc. # 185 (describing in detail the various discovery abuses, violations of Court Orders, and perjured testimony regarding the relationship between the corporate defendants). Plaintiffs' motion sought sanctions in the form of default judgment, costs, and attorneys' fees. After defendants submitted opposition briefs (doc. ## 195, 196) and plaintiffs submitted a reply memorandum (doc. # 199), the Court granted in part and denied in part plaintiffs' motion (doc. # 212).

Specifically, on January 28, 2013, Magistrate Judge Pollak found that the record supported plaintiffs' contention that defendants engaged in bad faith in flouting their discovery obligations. *See* Doc. # 212 at 23 ("The pattern of non-compliance and myriad inconsistencies in the defendants' testimony call into question their credibility and support a finding of bad faith on the part of the defendants.") However, Magistrate Judge Pollak denied plaintiffs' request for sanctions in the form of default judgment. *See id.* As a less severe, but "appropriate sanction," the Court imposed an adverse inference against the defendants pursuant to Rule 37 to address the "pervasive nature of defendants' defiance" and "to mitigate the prejudice caused by defendants' conduct." *Id.* at 24. The Court further held that "defendants' failure to comply with the Court's Orders and failure to provide discovery is so egregious that it warrants the imposition of additional sanctions including monetary sanctions," and ordered that defendants pay the reasonable attorneys' fees and costs incurred by plaintiffs related to specific court conferences,

2

motions, letters, and related time spent on "procuring defendants' compliance with discovery." *Id.* at 24-25.  The Court also precluded defendants from conducting any additional depositions or requesting any further discovery from plaintiffs.  *Id.* at 26.

In its January 28 Order, the Court ordered that plaintiffs submit their related time sheets and billing records and a proposed adverse inference.  *Id.* at 26.  On February 12, 2013, plaintiffs submitted a letter proposing the following adverse inference: "Each of the individual defendants, Chun Kit Cheng, Jia Li Wang and Feng Lin, jointly owned and operated the Guang Zhou Restaurant, and were plaintiffs' 'employers' within the meaning of the Fair Labor Standards Act and New York Labor Law, during the entire time of the restaurant's operation, from June 2007 through February 2011."  Doc. # 214 at 1.  Plaintiffs provided compelling justification that this proposed inference was fair and reasonable, and why it would "appropriately account for defendants' failure to produce records."  *Id.* at 1-2 (citing doc. # 212).  In their February 12 letter, plaintiffs also provided detailed information related to the sanction of attorneys' fees and expenses.  On February 14, 2013, as requested by the Court, plaintiffs also submitted an affidavit from their counsel, Amy Tai, attesting to the attorneys' hours expended and expenses incurred. *See* Doc. # 215.  On February 20, 2013, defendants submitted a joint letter to the Court opposing plaintiffs' proposed adverse inference and the attorneys' fees and costs.  *See* Doc. # 218. Plaintiffs responded to defendants' arguments on February 25, 2013.  *See* Doc. # 219.

On March 8, 2013, in her Report and Recommendation, Magistrate Judge Pollak recommended that: (1) Perfect Team defendants be ordered to pay plaintiffs a total of $22,619.69; (2) Ji Shiang defendants be ordered to pay plaintiffs a total of $25,141.19; and (3) "that the facts regarding the ownership of the Restaurant and defendants' relationship as

3

designated by plaintiffs be considered established for the purposes of this action." *See* Doc. # 220 at 22-23.

Prior to the issuance of Judge Pollak's Report and Recommendation, defendants had filed a motion for extension of time to file Rule 72(a) objections. *See* Doc. # 213. Judge Vitaliano ordered that "defendants will have 14 days to file a Rule 72(a) motion objecting to the terms of the subsequent order, the January 28 order, or both." *See* Feb. 8, 2013 order (no ECF Doc. #). On April 5, however, defendants filed objections under Rule 72(b).[2] *See* Doc. # 224 (filed by Perfect Team defendants), Doc # 225 (filed by Ji Shiang defendants). Plaintiffs now submit this memorandum of law in opposition to defendants' objections to Judge Pollak's Sanctions Orders.

## III. ARGUMENT

### A. STANDARD OF REVIEW

The standard of review for reviewing the Magistrate Judge's Orders is governed by Fed. R. Civ. P. 72, which encapsulates the two-step hierarchy found in 28 U.S.C. § 636(b)(1).[3] For nondispositive matters, the district judge may modify or set aside only those parts of the magistrate judge's order that are clearly erroneous or are contrary to law. *See* Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). For dispositive matters, the district judge must determine *de novo* any part of the magistrate judge's decision that has been properly objected to. Fed. R. Civ. P. 72(b); *accord* 28 U.S.C. § 636(b)(1)(B).

---

[2] While defendants filed 72(b) objections more than 14 days after the Court's Report and Recommendation, plaintiffs do not object to their motion on this basis. Moreover, while Ji Shiang defendants did not file their objections via ECF until April 6, Plaintiffs also do not object to their motion on this basis. Ji Shiang defendants had emailed their brief to plaintiffs and informed plaintiffs they were having difficulty filing the brief via the ECF system.

[3] Plaintiffs note that Rule 72 does not provide an objecting party with a right to file a reply brief.

Defendants argue that the district court should review the entirety of Magistrate Judge Pollak's two Orders using a *de novo* standard of review apparently because they characterize plaintiffs' sanctions motion seeking default judgment as a dispositive matter. *See* Doc. # 224 at 3; Doc. #226 at 4.  This, however, is plainly incorrect.  "When a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether the decision is dispositive." *Steele v. Costco Wholesale Corp.*, No. 03 CV 0713, 2005 WL 1068137 at * 2 (E.D.N.Y. May 6, 2005) (citing 14 *Moore's Federal Practice* § 72.02[7][b] (2005); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2 (2005)).

Sanctions are generally considered to be dispositive only when they fully dispose of a claim or defense.  *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008) (citing various cases analyzing whether a magistrate's decision should be considered dispositive or nondispositive); *see also Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 6 (1st Cir. 1999) (holding that motions for sanctions premised on alleged discovery violations ordinarily should be classified as nondispositive unless the sanction imposed fully disposes of a claim or defense). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sarah Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  And "[i]f a moving party requests a dispositive sanction, but the magistrate judge declines to impose it, the judge's decision is governed by Rule 72(a)." *Steele*, 2005 WL 1068137 at *2 (citing *Phinney*, 199 F.3d at 5-6; *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995); *Segal v. L.C. Hohne Contractors, Inc.*, 303 F.Supp.2d 790, 794 (S.D.W.Va. 2004); *Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33, 37 (E.D.N.Y. 1998)).

5

In this case, plaintiffs requested that default judgment be entered against defendants. However, Magistrate Judge Pollak declined to recommend that sanction and instead ordered that: (1) defendants pay plaintiffs all attorneys' fees and costs associated with defendants' failure to comply with the Court's numerous discovery orders; (2) defendants be precluded from conducting any additional depositions or requesting any further discovery from plaintiffs; and (3) an adverse inference against defendants be imposed to help mitigate the prejudice caused by defendants' egregious conduct.[4] *See* Jan. 28, 2013 Order (Doc. # 212) at 24.

### 1.  Attorneys' Fees and Costs and Discovery Preclusion Sanctions are Nondispositive Matters

The sanctions of attorneys' fees and costs, and precluding defendants from conducting additional discovery, are clearly nondispositive matters.  As the Second Circuit has explained, "[m]atters concerning discovery generally are considered 'nondispositive' of the litigation…. Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc.,* 900 F.2d at 525.  The Rule 72(a) standard applies both to rulings involving monetary sanctions for discovery abuses, *Joza v. WW JFK LLC*, No. 07–CV–4153 (ENV)(JO), 2010 WL 3619547 at *2 (E.D.N.Y. Sept. 10, 2010), as well as to rulings involving setting forth the permissible scope of the discovery process, *Garcia v. Benjamin Grp. Enterprise, Inc.*, 800 F.Supp.2d 399, 403-404 (E.D.N.Y. 2011).  As such, because the portions of the Magistrate Judge's Orders awarding plaintiffs attorneys' fees and

---

[4] On March 8, 2013, Judge Pollak further refined her January 28 order by adopting the specific adverse inference proposed by plaintiffs and ordering defendants to pay specific amounts in attorneys' fees and costs.  Doc. # 220 at 22.

costs and denying defendants the right to take further discovery are nondispositive discovery

matters, the Court should review them under the Rule 72(a) standard.

This Court has previously explained the "heavy burden" a party must meet to overturn a

magistrate judge's ruling under Rule 72(a) review:

> Although a party may file objections to a magistrate judge's
> nondispositive pretrial order, the district judge cannot modify or
> set aside such an order unless it is found to be "clearly erroneous
> or contrary to law." This highly deferential standard of review
> imposes a "heavy burden" on the party challenging the order. The
> Supreme Court has emphasized that an order can be found "clearly
> erroneous" only when "the reviewing court on the entire evidence
> is left with the definite and firm conviction that a mistake has been
> committed." Similarly, an order can be deemed "contrary to law"
> when "it fails to apply or misapplies relevant statutes, case law or
> rules of procedure."

*Joza,* 2010 WL 3619547 at *3 (internal citations omitted). "Under the clearly erroneous standard

of review of Rule 72( a), the magistrate judge's findings should not be rejected merely because

the court would have decided the matter differently." *Nielsen v. N.Y.C. Dep't of Educ.,* No. 04–

CV–2182, 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007). Instead, "magistrate judges are

afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their

discretion is abused." *Moore v. Kingsbrook Jewish Medical Center,* Nos. 11–CV–3552, 11–CV–

3624, 2012 WL 1078000 at *2-3 (E.D.N.Y. Mar. 30, 2012).

## 2.    The Adverse Inference Sanction May Be Dispositive

While neither set of defendants explicitly argue that the third sanction—the adverse

inference—is dispositive,[5] plaintiffs acknowledge that the sanction of an adverse inference may

arguably be a dispositive matter subject to *de novo* review if it impacts defendants' ability to

---

[5] Defendants argue that this Court should review the Magistrate's Order and Report and
Recommendation *de novo* because plaintiffs' proposed sanction of default judgment was
dispositive, but they do not specifically argue that an adverse inference is dispositive. *See* Doc. #
224 at 3; Doc. #226 at 4.

maintain its defenses. *See Creative Resources Grp. of N.J., Inc. v. Creative Resources Grp., Inc.*, 212 F.R.D. 94, 102 (E.D.N.Y. 2002) (magistrate judge ordering monetary sanctions under Rule 37 but submitting adverse inference for recommendation to district judge for *de novo review*). For dispositive matters being reviewed by the District Judge pursuant to Fed. R. Civ. P. 72(b), the Court must conduct a *de novo* review of the record "of any portion of the magistrate judge's disposition to which specific written objection has been made." *Kennedy v. Adamo*, No. 02-CV-01776 (ENV)(RML), 2006 WL 3704784 at * 1 (E.D.N.Y. Sept. 1, 2006). However, "*de novo* review of a magistrate's Report and Recommendation is not warranted by objections that simply 'attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.'… Thus, '[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the [c]ourt reviews the Report and Recommendation only for clear error.'" *Id.* (internal citations omitted).

## B.  MAGISTRATE JUDGE POLLAK PROPERLY FOUND THAT DEFENDANTS' EGREGIOUS CONDUCT WAS SANCTIONABLE

In the Court's January 28, 2013 Order, Magistrate Judge Pollak found that "both sets of defendants have clearly exhibited a 'pattern of noncompliance,'" which warranted sanctions pursuant to Fed. R. Civ. P. 37.  Doc. # 212 at 22.  In making this finding, the Court identifies the nine Court orders that defendants violated in the background section of the Order.  *See id.* at 2-15.  Both sets of defendants have failed to show how the Magistrate's Order and Report and Recommendation were improperly decided.

### 1.  Ji Shiang Defendants

The Ji Shiang defendants make no new arguments in their objections to the Court's Sanction Order and Report and Recommendation as to how Judge Pollak erred in finding that defendants failed to comply with her numerous Court orders.  Their argument literally is a cut-

8

and-paste of their opposition to plaintiffs' motion for sanctions. *Compare* Doc. # 196 at 4-12, *with* Doc. # 226 at 5-13. Because the Ji Shiang defendants merely rehash their arguments to the Magistrate and fail to point to anything in the record that shows that sanctions were not warranted, this Court should accept Magistrate Pollak's findings that the Ji Shiang defendants failed to comply with numerous Court orders and engaged in sanctionable conduct.

### 2.    Perfect Team Defendants

The Perfect Team defendants argue that of the nine discovery orders identified by plaintiffs in their motion for sanctions, Magistrate Judge Pollak only found that defendants failed to comply with three orders, and that "the Magistrate erred in finding that Defendants failed to comply with those orders." Doc. # 224 at 9. Defendants' argument, however, misinterprets the entirety of the Court's January 28, 2013 Order. While the Court specifically discussed only three of the orders violated by defendants, it nevertheless found that that "the Perfect Team defendants have clearly failed to obey *several* of the Court's discovery Orders, both before and after Mr. Chuang became counsel of record." *Id.* at 18-19 (emphasis added). Furthermore, in its discussion of three of the orders violated by defendants, the Court also discussed subsequent discovery issues related to the underlying orders. *See* Doc. # 212 at 19 (discussing that defendants' discovery responses were not only served three days late, "it is undisputed that the Perfect Team defendants' late-served discovery responses were deficient."); *id.* (finding that "after having failed to comply with several earlier orders, the Perfect Team defendants provided only Chinese versions of the potential plaintiffs' names in response to the Court's January 19, 2011 direction").

In assessing the appropriate sanctions to be imposed on defendants, the Court discussed defendants' "pattern of noncompliance," their "repeated failure to timely comply with the Court's numerous Orders and their failure to provide complete and comprehensive responses to

plaintiffs' discovery requests," and "defendants' conduct [that] has caused the discovery phase of this litigation to drag on for more than two years, prejudicing plaintiffs' ability to pursue their claims against defendants." *Id.* at 22-23. It is clear from the Court's discussion that it not only found that defendants' violated three of its orders, but many of its Orders, as well as behavior that generally violated discovery obligations contained in the Federal Rules of Civil Procedure. Notably, in identifying the work plaintiffs performed that should be compensated by an award of attorneys' fees and costs, the Court listed the nine related motions or Court orders that defendants' violated. *See* Doc. # 212 at 24-25. In the Magistrate's Report and Recommendation, it reiterated that "defendants' non-compliance has been pervasive," and that there were "nine categories of expenses that plaintiffs have had to incur in connection with defendants' failure to provide discovery," in addition to time spent on "numerous phone calls, e-mail exchanges, and letters to defendants' counsel aimed at procuring defendants' compliance." Doc. # 220 at 16-17. Taking the entire record into account, as set forth in the Court's background section, Magistrate Judge Pollak properly found that defendants' actions, which were "calculated and willful rather than negligent," warranted the sanctions imposed by the Court. Doc. # 212 at 23.

Not only have the Perfect Team defendants misconstrued Magistrate Judge Pollak's findings regarding the extent of their non-compliance, they have distorted the record regarding the three orders that they do acknowledge were found to have been violated.

### a. Discovery Related to June 8, 2010 Order and Subsequent Orders

This Court properly found in its January 28, 2013 Order that "it is undisputed that the Perfect Team defendants' late-served discovery responses were deficient." *See* Doc. # 212 at 19. Almost three years ago, the Court originally ordered on June 8, 2010 that defendants respond to

plaintiffs' initial discovery requests by July 26, 2010. *See* Doc. # 19. After the Court gave

defendants an extension until August 6, 2010 to respond to the discovery demands (doc. # 23),

defendants not only failed to serve timely responses, their responses were severely deficient.

Thus, on August 13, 2010, when plaintiffs raised defendants' deficient responses to the Court,

the Magistrate ordered the parties to submit letters regarding their outstanding discovery

deficiencies by September 3, 2010, and ordered that responses to the September 3 letter were due

by September 17, 2010. *See* Doc. # 25. Defendants failed to respond to Plaintiffs' eight-page

letter cataloging defendants' various, significant deficiencies. *See* Doc. # 31. At the November

3, 2010 status conference, the Court gave the defendants yet another opportunity until November

30, 2010 to supplement their discovery responses and ordered that they submit a letter to the

Court if they believed that no supplementation of their discovery responses was necessary. *See*

Doc. ## 38, 40. Perfect Team defendants did not supplement their responses and failed to

provide a letter indicating why they were not required to supplement their discovery responses.

*See* Doc. # 62. In its January 28, 2013 Order, the Court found that not only did Perfect Team

defendants serve their discovery responses late, but they were also "deficient in that they failed

to respond to plaintiffs' requests to admit, answered fewer than half of plaintiffs' interrogatories,

and produced only one category of documents in response to a request for more than thirty

categories of documents." *See* Doc. # 212 at 19 (citing to Doc. # 31).

Yet Perfect Team Defendants misconstrue the Court's January 28, 2013 Order and the

underlying Orders, and argue in their Objections that: (1) their responses were only one business

day late, and plaintiffs did not show how they were prejudiced by this delayed response; (2)

plaintiffs did not provide any substantiation for their claim that defendants' responses were

deficient, though they claim that plaintiffs "tacitly admit that the Perfect Team Defendants did

11

not fail to respond"; and (3) any failure was due to prior counsel's inexperience; and (4) their failure to respond to the Requests to Admit is resolved by Fed. R. Civ. P. 36(a)(3). Doc. # 224 at 6-7. It is evident from the record that defendants' initial discovery responses (doc. ## 31, 35), which were three days after the Court's deadline, were severely deficient. Thus, the issue is not just that defendants' initial responses were late, but they were deficient and continued to be despite the Court giving defendants numerous opportunities and extensions to supplement their responses, including accounting for their change in counsel. *See* Doc. ## 38, 40, 53. Claiming that plaintiffs "tacitly admit that the Perfect Team Defendants did not fail to respond" and that plaintiffs did not provide any substantiation for their claim that defendants' responses were deficient are blatant misstatements of the record. *See* Doc. # 31 (plaintiffs' letter to the Court explaining defendants' deficient discovery responses). Plaintiffs have also clearly demonstrated how defendants' deficient responses and obstruction in discovery have prejudiced them in their underlying briefings to the Court and in their motion for sanctions and related briefings. As to the issue of Perfect Team defendants' prior counsel, defendants have already asserted that argument in their opposition to plaintiffs' motion for sanctions (*see* doc. # 195 at 2), and as stated above, the Court took into account the fact that defendants were changing counsel and provided them with yet another opportunity to properly supplement their responses (doc. # 53). Defendants do not point to anything that shows that Magistrate Judge Pollak erred in her findings.

### b. Discovery Related to January 19, 2011 Order

As to Perfect Team defendants' violation of the Court's January 19, 2011 Order, defendants again try to reargue the merits of the underlying Order from 2011 and repeat the arguments made in their opposition to plaintiffs' motion for sanctions. *See* Doc. # 224 at 8-10.

12

The Court first addressed these discovery issues—which were related to the collective action notice, but nonetheless, discovery disputes—in its February 9, 2011 Order where it "remind[ed] both the Perfect Team defendants and Ji Shiang and Feng Lin that they are required to turn over the names and addresses of potential plaintiffs, and this obligation is not diminished by the possibility that plaintiffs could obtain the same information from other sources." Doc. # 76 at 2. Perfect Team defendants argue in their objections that "Plaintiffs improperly raised these additional issues on reply, depriving the Perfect Team Defendants an opportunity to respond." Doc. # 224 at 9. While it is unclear what "additional issues" Perfect Team defendants are referring to, they appear to be the fact that defendants failed to provide the English names for the Chinese employees, the names for Latino employees, and addresses for all the employees. *Id.* Yet again, Perfect Team defendants have misconstrued and misstated what is in the record. Plaintiffs very clearly articulated all three of these deficiencies in their letter motion to the Court on January 28, 2011, *see* doc. # 62 at 1-2, to which Perfect Team defendants filed a response, *see* doc. # 65, before the Court's February 9, 2011 Order, doc. # 76, which was then followed by an Order to Show Cause dated February 18, 2011, doc. # 86. In reviewing the record for the plaintiffs' May 7, 2012 motion for sanctions, this Court found that defendants failed to provide English names of their Chinese employees, and that they "do not even dispute plaintiffs' claim that defendants failed to provide any addresses for these employees. Nor do they dispute the fact that no Latino employees' names were produced." Doc. # 212 at 19-20. Indeed, the Perfect Team defendants did not dispute that they failed to provide any addresses for these employees or that they failed to produce names of Latino employees. *See* Doc. # 195 at 6. Notably, for the first time, they now assert to the Court that they did comply even though it is not supported by the record. *See* Doc. # 224 at 10. Indeed, Perfect Team defendants fail to point to anything that

would show that the Magistrate erred in finding that they violated the Court's January 19, 2011

Order, in addition to "having failed to comply with several earlier orders." Doc. # 212 at 19.

### c.   Discovery Related to May 13, 2011 Order

In its January 28, 2013 Sanctions Order, this Court found that "the Perfect Team

defendants again disobeyed a Court Order by failing to comply with the Court's May 13, 2011

Order directing defendants to supplement their discovery responses by May 27, 2011." Doc. #

212 at 20. Perfect Team defendants argue that the Magistrate relies on arguments that were

made only in reply. *See* Doc. # 224 at 11. This argument, however, is misleading. First, the

declaration filed by plaintiffs Plaintiffs' memorandum of law together with their motion for

sanctions attached a letter from counsel for Perfect Team defendants to plaintiffs (doc. # 186-5),

which states: "Attached is a translated copy of the Answers to Plaintiffs Interrogatories dated

June 25, 2010." *See* Doc. # 185 at 9 (Plaintiffs' memorandum of law discussing these issues).

As evidenced from the record, Defendants did not supplement their responses, but merely

provided a translation of their original responses, which were in Chinese. It is also clear from

the record that the prior Interrogatories, even if translated, were severely deficient. On reply,

plaintiffs did not assert additional arguments, but clarified what they had already referred to

earlier in the record: "Defendants do not provide detailed responses as ordered. Instead,

defendants simply resend the same interrogatory responses previously served (this time

translated into English) along with affidavits from the defendants stating that all responsive

documents have already been provided." Doc. # 199 at 2.

Perfect Team defendants' explanation that their prior counsel "submitted substantive

responses to half of the interrogatories, and Mr. Chuang submitted substantive responses to the

other half of the interrogatories," thus claiming to have answered all the interrogatories does not

14

resolve the issue, nor does it show how the Court committed clear error. Moreover, as argued in their motion for sanctions, plaintiffs relied on the defendants' affidavits—which were in response to the Court's May 13, 2011 Order—explicitly stating that they had already produced all responsive documents and did not, at that time, seek further Court intervention. *See* Doc. # 185 at 9. However, as demonstrated by plaintiffs, their reliance on Defendants' self-serving and false affidavits prejudiced them as Defendants clearly had not searched for or preserved all responsive documents. *Id.* at 10-23. Indeed, the false statements made by defendants demonstrate their bad faith and willfulness in their obstruction of the discovery process and their disregard for the Court's Orders.[6]

## C. MAGISTRATE JUDGE POLLAK'S MONETARY AND DISCOVERY PRECLUTION SANCTIONS WERE NOT CLEARLY ERRONEOUS

The Court should adopt Magistrate Judge Pollak's Order that defendants pay Plaintiffs for attorneys' fees and costs incurred as a result of defendants' improper discovery-related behavior, and that defendants be precluded from taking any further discovery. As discussed above, the Court's review of these sanctions is governed by Rule 72(a), and the Court must

---

[6] Perfect Team defendants attempt to argue that any false statements are trial issues, not discovery issues, and then go on citing a few examples to argue why they did not commit perjury. *See* Doc. # 224 at 13-17. Plaintiffs point to defendants' perjury and deceit not to address the merits of their claims, but to demonstrate that defendants engaged in bad faith in their obstruction throughout discovery and failure to comply with the Court's orders. *See* Doc. # 185 at 9-22. Defendants' egregious discovery violations and evasive responses are evident when one takes into account the information that plaintiffs obtained through discovery from third parties, such as David Weinberger, the property manager for the restaurant, and Citibank, where Ji Shiang had a corporate bank account. The information obtained from these third parties clearly show that both sets of defendants have made false statements to deceive plaintiffs in the discovery process. Plaintiffs refer the Court to their memorandum and subsequent briefings (*see* doc. ## 185, 199, 214, 219) to the Court to demonstrate that the Magistrate properly held that defendants' conduct was "calculated and willful rather than negligent," and that "[t]he pattern of non-compliance and myriad inconsistencies in the defendants' testimony call into question their credibility and support a finding of bad faith on the part of the defendants." Doc. # 212 at 23.

accept the recommendations unless they are "clearly erroneous or contrary to law." *See, e.g.,*
*Joza*, 2010 WL 3619547 at * 3.  Defendants fail to meet their "heavy burden" of demonstrating
that either of Judge Pollak's two Sanctions rulings are clearly erroneous or contrary to law.

### 1.    The Recommended Award of Attorneys' Fees and Costs Should be Adopted

Fed. R. Civ. P. 37(b) provided Magistrate Judge Pollak with significant discretion to
determine appropriate sanctions in light of the defendants' improper discovery-related actions.
There is simply nothing in her rulings that is clearly erroneous or contrary to law.

The Perfect Team defendants object that Magistrate Judge Pollak recommended that
Defendants pay fees unrelated to their disobedience, and that the amount of fees awarded was
excessive.  However, Magistrate Judge Pollak determined that the categories of activities set
forth in her January 28, 2013 Order *were* activities that Plaintiffs had to expend additional
resources on due to the Defendants' non-compliance.  *See* Doc. # 220 at 16 (discussing her Jan.
28, 2013 Order at 24-25).  Magistrate Judge Pollak's Report and Recommendation also indicates
that she carefully reviewed the time records submitted, and considered them to be within the
reasonable range.  *Id.* ("Having carefully reviewed the records…").  Many if not all of the
defendants' arguments were already made by defendants to Judge Pollak, and were rejected.  *See*
Doc. #218 at 4-7.  Because defendants do not point to anything in particular that is clearly
erroneous or contrary to law, plaintiffs will not address each of the re-hashed arguments set forth
in the Perfect Team defendants' objections at 23-24, with two exceptions that highlight the
misleading nature of defendants' arguments:

- Defendants object to the imposition of fees for plaintiffs' participation in a
November 3, 2010 settlement conference.  The imposition of fees was appropriate
in light of the fact that the Court had ordered the defendants to produce financial
records prior to the settlement conference, and defendants failed to do so.  *See*
Doc. # 36 (ordering defendants to provide financial information).  *See also* Doc. #
212 at 4 (explaining why defendants were ordered to produce financial

16

information and their failure to do so). As a result of defendants' actions, the settlement conference was unproductive.

- The time that plaintiffs spent working on an August 26, 2010 letter to defendants was clearly compensable within the terms of Judge Pollak's Jan. 28 Order. Judge Pollak permitted plaintiffs to seek compensation not only for time spent on the nine specified conferences, motions, etc..., but also for time spent, *inter alia*, on "letters to defendants' counsel aimed at procuring defendants' compliance with discovery." Doc. # 212 at 25. *See also* Doc. # 214-1 (Tai time records showing that the Aug. 2010 letter to defendants related to their deficient discovery responses); Doc. # 214-3 (Colodny time revising deficiency letter).

The Ji Shiang defendants similarly fail to point to anything in Magistrate Judge Pollak's Order that is clearly erroneous or contrary to law. Plaintiffs will not address each of the re-hashed arguments set forth in the Ji Shiang defendants' objections, as much of that argument has been copied from the Defendants' joint letter to Judge Pollak arguing against the award of attorneys' fees. *Compare* Doc. # 226 at 21-25 *with* Doc. # 218 at 4-7.

In short, defendants have not met their "heavy burden" of establishing that Judge Pollak's Orders were clearly erroneous or contrary to law. Even if this Court would have decided the issues differently than Judge Pollak, that would not serve as a basis to reject her recommendations. *See Nielsen*, 2007 WL 1987792 at *1. Rather, the Court should defer to Judge Pollak's broad discretion to fashion sanctions remedies and adopt her recommendations. *See Moore*, 2012 WL 1078000 at *2-3 ("magistrate judges are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused").

## 2.   The Order Precluding Defendants from Taking Further Discovery Should be Adopted

Judge Pollak's recommendation that Defendants be precluded from taking further discovery was well within the discretion afforded her pursuant to Rule 37(b)(2)(A) to issue any "just" orders as a sanction. Defendants cite to nothing in Judge Pollak's Orders that is clearly

erroneous or contrary to law.  Instead, they simply argue generally that such a sanction was unfair.  Defendants again fail to meet their "heavy burden."

Although defendants complain about the unfairness of being precluded from taking additional discovery, they fail to mention several salient facts of which Magistrate Judge Pollak was aware as a result of her supervision of discovery in this case.  First, the discovery period in effect in this case ended on April 10, 2012.[7]  See Doc. #172.  No further extension to the discovery period has been ordered.  Second, the Ji Shiang defendants informed Judge Pollak at the April 16, 2012 status conference that they had completed their discovery.  See Apr. 16, 2012 Hrg. Tr. at 5:18-5:22, attached to Colodny Declaration at Ex. A.  Third, although counsel for the Perfect Team defendants informed the Court at the April 16, 2012 conference that he intended to pursue several avenues of additional discovery, Apr. 16, 2012 Hrg. Tr. at 6:9-10:3, and although the Court gave the Perfect Team defendants instructions on what to do if they indeed wanted to pursue such additional discovery in light of the potential disputes concerning such additional discovery, Hrg. Tr. at 10:4-10:9; 12:13-12:15; 16:9-16:19; 19:12-19:16, the Perfect Team defendants did not follow these instructions even though one year has now passed.  It is possible that if they attempted to resume their discovery at this point, Judge Pollak would deny them additional discovery on the basis that discovery ended more than a year ago and they did nothing to pursue the additional discovery within a reasonable time period.  Finally, defendants' complaint about plaintiffs not appearing for depositions is irrelevant to the issues presently

---

[7] Although Perfect Team defendants argue that Plaintiffs had told Magistrate Judge Pollak that discovery was complete (doc. # 224 at 12), their representation of the record is absurd.  Plaintiffs notified Judge Pollak both prior to the April 16, 2012 conference and at the conference itself that, while they were finished with discovery, they wanted to move for sanctions due to the numerous discovery abuses.  See Doc. # 82 (plaintiffs' April 13 letter to Judge Pollak); Apr. 16, 2012 Hrg. Tr. at 2-3, Declaration of David A. Colodny at Exhibit A.

before this Court.[8]  In light of the status of discovery, the preclusion of further discovery is in reality little or no sanction at all.

### D.   MAGISTRATE JUDGE POLLAK'S ADVERSE INFERENCE SHOULD BE ADOPTED

Rule 37 of the Federal Rules of Civil Procedure allows courts to sanction parties who fail to obey discovery orders in any manner that is just, including "directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims," Fed. R. Civ. P. 37(b)(2)(i), and "prohibiting the disobedient party from supporting or opposing designated claims or defenses…" Fed. R. Civ. P. 37(b)(2)(ii).  Courts may also impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs. *See Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 106-107 (2d Cir. 2002) (citing *DLC Management Corp v. Town of Hyde Park*, 163 F.3d 124, 135-136 (2d Cir. 1998), *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)); *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).

It is well-established that, "[w]hether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023, 2010 WL 3173785 at * 3 (E.D.N.Y. Aug. 11, 2010) (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999)); *see also Southern New England Telephone Co. v. Global NAPS, Inc.*, 624 F.3d 123, 159 (2d Cir. 2010) (citing *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007); *Daval Steel Prods v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).  Moreover,

---

[8]Defendants fail to mention that three of the Plaintiffs who failed to appear for their depositions stipulated to the dismissal of their claims and are no longer parties to this action.

where the alleged disobedience involves the non-production of evidence called for during discovery, an adverse inference instruction is an appropriate sanction to be imposed on the party that has breached its discovery obligations. *See, e.g.*, *Residential Funding,* 306 F.3d at 113; *Curcio v. Roosevelt Union Free School Distr.,* 283 F.R.D. 102, 107 (E.D.N.Y. 2012); *Nycomed,* 2010 WL 3173785 at * 3; *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 120 (S.D.N.Y. 2008).

In their objections to Magistrate Judge Pollak's Report and Recommendation, defendants complain that an adverse inference should not be imposed against them because plaintiffs failed to show that (1) defendants had an obligation to preserve destroyed evidence, (2) defendants destroyed evidence with a culpable state of mind, and (3) that the destroyed evidence was relevant to the plaintiffs' claim. *See* Doc. # 224 at 18-21; Doc. # 226 at 18-20.  In this case, however, plaintiffs were not required to demonstrate that an adverse inference is an appropriate sanction because Judge Pollak, in her discretionary power, held that an adverse inference would be an appropriate sanction against defendants.  Indeed, based on defendants' overall failure to meet their discovery obligations and consistent refusal to obey her discovery orders, Judge Pollak was empowered to impose an adverse inference even without any specific request by plaintiffs.

Even if Magistrate Judge Pollak were permitted to impose an adverse inference against defendants only upon a specific showing by plaintiffs, plaintiffs' original motion for sanctions clearly meets the tests described in *Residential Funding*.  Where, as in this case, an adverse inference instruction is based primarily on a party's non-production of evidence, the party seeking the adverse inference bears the burden of showing "(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a 'culpable state of mind'; and (3) that the missing evidence is

'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Curcio,* 283 F.R.D. at 107 (quoting *Residential Funding,* 306 F.3d at 107).  The evidence required for an adverse inference instruction based on spoliation is virtually identical.  *See Residential Funding*, 306 F.39 at 107.

Here, defendants failed to produce various types of evidence throughout the discovery process.  *See* Doc. # 185 at 16.  Most relevant to the imposition of an adverse inference, defendants were solely (or primarily) in possession of the evidence that would have allowed plaintiffs to discern the true employers at the restaurant (as well as the true ownership of the restaurant and the relationship between the two corporations).  *See* Doc. # 185 at 10-26; Doc. # 214 at 1-3; Doc. # 219 at 1-3.  Defendants were on notice that they had an obligation to produce these relevant documents and other requested material because of the specific nature of plaintiffs' interrogatories, document requests, and requests for admission.  Moreover, defendants' failure to produce the requested evidence was clearly intentional and in bad-faith.  Nowhere is defendants' culpable state of mind more clearly demonstrated than in defendants' perjury to the Court and in deposition when describing the ownership and events relating to the alleged transfer of the restaurant – perjury that was finally revealed by the affirmation and documents plaintiffs obtained from David M. Weinberger that showed that defendants Chun Kit Cheng and Feng Lin executed multiple agreements with the landlord in order to address undisclosed legal problems they were facing, and from Citibank that showed that Jia Li Wang indeed assisted Ji Shiang, Inc. in setting up its corporate banking account before Perfect Team allegedly surrendered the restaurant to the landlord despite Wang's deposition testimony that she

did not learn about Ji Shiang taking over the restaurant until after it had already happened.[9]  *See*

Doc. # 185 at 17-18.  Finally, evidence that might have revealed the identity of the restaurant's

employers is not only relevant to plaintiffs' claim but is crucial to plaintiffs' ability to establish

defendants Chun Kit Cheng, Jia Li Wang, and Feng Lin's individual liability.  All of these facts

were plainly presented by plaintiffs in their original motion for sanctions.  *See* Doc. # 185 at 10-

23.  Because "'the culpable state of mind' factor is satisfied by a showing that the evidence was

destroyed [or not produced] 'knowingly, even if without intent to breach a duty to preserve it, or

negligently,'" *Residential Funding*, 306 F.3d at 108 (citing *Byrnie v. Town of Cromwell*, 243

F.3d 93, 109 (2d Cir. 2001), and "a judge's finding that a party acted with gross negligence or in

bad faith with respect to discovery obligations is ordinarily sufficient to support a finding that the

missing or destroyed evidence would have been harmful to that party," *id.* at 113, Magistrate

Judge Pollak's adverse inference should remain undisturbed.

The Perfect Team defendants also argue that the specific inference ordered by Judge

Pollak is inappropriate.  However, as set forth in plaintiffs' February 12, 2013 and February 25,

2013 letters to the Court (doc. ## 214, 219), Judge Pollak's specific adverse inference is

appropriate because it directly addresses one of the primary themes of defendants' non-

compliance in discovery: their attempt to hide information about the ownership of the restaurant

and the relationship between Perfect Team Corp. and Ji Shiang, Inc.  Here, defendants were

solely (or primarily) in possession of the evidence that would have allowed plaintiffs to discern

---

[9] Plaintiffs did not depose defendants and had not received the third-party documents that revealed defendants' perjury until 2012, a year after they had filed a motion for attachment of defendants' assets.  It is now abundantly clear that positions taken by defendants in opposition to the motion for attachment were materially misleading at best.

who owned and operated the restaurant, and the relationship between the two corporations.

Instead:

- None of the defendants produced documents showing that Perfect Team Corp. and Ji Shiang, Inc. entered into a lease assignment agreement dated April 30, 2009 with Chun Kit Cheng as the personal guarantor for Ji Shiang's lease. Instead, Ji Shiang, Inc. produced a copy of the subsequent lease agreement dated June 2009. Feng Lin, who claimed to not have the power to sign documents on behalf of Perfect Team Corp., failed to produce a 2007 license agreement that showed that Feng Lin did in fact have the power to sign documents on behalf of Perfect Team Corp. Plaintiffs may not ever have learned about the defendants' deceptive discovery responses were it not for the cooperation of non-party David Weinberger.

- The defendants testified untruthfully about their participation in the transfer of the restaurant. *See* Doc. # 185 at 16-23. For example, Jia Li Wang claimed to have no knowledge of the restaurant's closing or that Feng Lin would take over its operations, *id.* at 17-18, testimony that was contradicted by documents obtained by subpoena showing that she helped open one of Ji Shiang's bank accounts prior to Perfect Team's closing. Mr. Lin also testified untruthfully about this issue. *Id.* at 18, 19-21.

- The defendants did not produce documents showing ownership of Perfect Team Corp., or who received distributions of profits. Further, the Perfect Team Corp. defendants refused to answer an interrogatory seeking the identity of their accountant. Plaintiffs have long contended that Cheng, Wang and Lin were all owners of Perfect Team Corp., a fact contested by defendants.

- The defendants failed to produce documents concerning the financial condition, assets, liabilities and/ or net worth of Perfect Team Corp. and annual sales and expenses of the restaurant that would have shown that Guang Zhou restaurant was a profitable, multi-million dollar business that Cheng and Wang would not have abandoned, but would likely have continued to maintain an ownership interest in.

- Defendants did not produce records showing how much Perfect Team Corp. paid to Jia Li Wang or Feng Lin, records that may have supported plaintiffs' contention Wang and Lin were upper management or owners. *See* Doc. # 185 at 16.

- Ji Shiang defendants refused to allow plaintiffs to conduct an inspection, one of the primary purposes of which was to document that the equipment being used by Ji Shiang was identical to that used by Perfect Team Corp.

Because defendants failed to produce -- or even search for -- responsive documents, including electronic documents, and abandoned the restaurant's computer, Magistrate Judge Pollak's recommended inference is an appropriate mechanism to mitigate the damage caused by these numerous abuses.

IV.   **CONCLUSION**

Both sets of defendants fail to show how Magistrate Judge Pollak improperly sanctioned

defendants for their egregious discovery abuses and noncompliance with numerous Court

Orders.  Accordingly, this Court should affirm Judge Pollak's January 28, 2013 Sanctions Order

and adopt her March 8, 2013 Report and Recommendation.

Dated: New York, NY
       April 19, 2013

                                    Respectfully submitted,

                                    _____
                                    David A. Colodny
                                    Amy Tai
                                    Urban Justice Center
                                    123 William Street, 16th Floor
                                    New York, NY 10038
                                    (646) 459-3006
                                    (212) 533-4598 (fax)

                                    Edward Tuddenham
                                    228 W. 137th Street
                                    New York, New York 10030

                                    *Attorneys for Plaintiffs*