UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LI RONG GAO, et al.,                                       :
                                                           :       **ORDER**
                                      Plaintiffs,          :
                                                           :       10-CV-1637 (ENV) (CLP)
               -against-                                   :
                                                           :
                                                           :
PERFECT TEAM CORP., et al.,                                :
                                                           :
                                      Defendants.          :
                                                           :
-----------------------------------------------------------------x

**VITALIANO, D.J.**

      Plaintiffs seek sanctions against defendants Perfect Team Corporation, Chun Kit Cheng and Jia Li Wang (collectively, the "Perfect Team defendants"), and defendants Ji Shiang, Inc. and Feng Lin (collectively, the "Ji Shiang defendants"), in the form of default judgment, costs and attorney's fees, pursuant to Federal Rule of Civil Procedure 37. In a Memorandum and Order, dated January 28, 2013, Magistrate Judge Cheryl L. Pollak granted the sanctions motion in part and denied it in part. Specifically, Judge Pollak ordered defendants to pay attorney's fees and costs associated with their discovery noncompliance, and although she declined to recommend that plaintiffs be granted default judgment, Judge Pollak concluded that an adverse inference in plaintiffs' favor might be appropriate.

      After soliciting additional briefing, Judge Pollak recommended in her Report and Recommendation ("R&R"), dated March 8, 2013, that the Perfect Team defendants be ordered to reimburse plaintiffs in the amount of $22,619.69, and the

1

**Ji Shiang defendants be ordered to reimburse plaintiffs in the amount of $25, 141.19. She further determined that plaintiffs' proposed adverse inference was appropriate, and recommended that this Court approve the adverse inference as requested.**

**On April 5, 2013, defendants filed timely objections to the R&R.[1] On April 19, 2013 plaintiffs filed an opposition to the objections. The Perfect Team defendants then requested permission to file a reply to plaintiffs' opposition, which the Court granted. The reply was timely filed on May 10, 2013.**

**The Court has reviewed the characteristically thorough and well-reasoned R&R of Magistrate Judge Pollak. After careful consideration of the objections,[2] the Court adopts the R&R in its entirety as the opinion of the Court.**

---

[1] By letter dated March 12, 2013, the Perfect Team defendants filed a motion requesting an extension of time to file "Rule 72(a) Objections." The Court subsequently granted an extension until April 5, 2013. On March 27, 2013, the Ji Shiang defendants requested a similar extension of time, which was also granted by the Court. Plaintiffs, however, note that although the Perfect Team defendants requested an extension of time to file objections under Federal Rule of Civil Procedure 72(a), they have objected to Magistrate Judge Pollak's R&R under Federal Rule of Civil Procedure 72(b). Plaintiffs also observe that the Ji Shiang defendants did not file their objections via ECF until April 6, 2013, one day after the April 5 deadline. Nevertheless, plaintiffs are not challenging defendants' objections on either of these procedural grounds. (Pl. Opp. Mem. at 4, n. 2.) As a result, the Court considers the defendants' objections to the R&R to be timely filed.

[2] The parties disagree about the applicable standard of review. (See Pl. Opp. Mem. at 4–5; Perfect Team Obj. at 3; Ji Shiang Obj. at 4; Perfect Team Reply Mem. at 1–3.) Plaintiffs claim that a clear error standard applies to all of Magistrate Judge Pollak's determinations, with the exception of the adverse inference recommendation, for which plaintiffs acknowledge that a de novo standard of review may apply. (Pl. Opp. Mem. at 4–7.) Defendants appear to argue that the Court should apply a de novo standard of review to the entirety of the R&R. (See, e.g., Perfect Team Reply Mem. at 1–3.) The dispute, however, is immaterial. Under either standard, the Court agrees wholeheartedly with Magistrate Judge Pollak's analysis. Cutting to the chase,

**Conclusion**

**Accordingly, as recommended by Magistrate Judge Pollak: (1) the Perfect Team defendants are ordered to pay plaintiffs a total of $22,619.69, representing $22,507.31 in attorney's fees and $112.38 in costs; (2) the Ji Shiang defendants are ordered to pay plaintiffs $25,141.19, representing $25,028.81 in attorney's fees and $112.38 in costs; and (3) plaintiffs' proposed adverse inference is approved and will be considered when this case is submitted for determination.**

    **SO ORDERED.**

**Dated: Brooklyn, New York**
     **December 18, 2013**

                                                       s/ ENV
                                           _____
                                           **ERIC N. VITALIANO**
                                           **United States District Judge**

---

whether or not required, the Court has reviewed all of Magistrate Judge Pollak's conclusions de novo.