FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 30 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LI RONG GAO, et al.,

        Plaintiffs,

 -against-

PERFECT TEAM CORP., et al.,

        Defendants.

------------------------------------------------------------x

<u>ORDER</u>

10-CV-1637 (ENV) (CLP)

VITALIANO, D.J.

Plaintiff Li Rong Gao seeks to enforce the ruling in Magistrate Judge Cheryl L. Pollak's Report and Recommendation (the "first R&R"), dated March 8, 2013, adopted in its entirety by this Court on December 31, 2013.[1] See Li Rong Gao v. Perfect Team Corp., No. 10-CV-1637, 2013 WL 6901136 (E.D.N.Y. Dec. 31, 2013). Defendants Perfect Team Corporation, Cheng and Wang (collectively, the "Perfect Team defendants") were ordered to pay plaintiffs $22,619.69 in attorney's fees and costs for discovery related abuses, and defendants Ji Shiang, Inc. and Lin (collectively, the "Ji Shiang defendants"), were ordered to pay plaintiff $25,141.19

---

[1] On April 13, 2010, plaintiffs Gao and Ciao Hong Zheng filed this wage and hour class action against defendants Perfect Team Corporation, Chun Kit Cheng, Jia Li Wang, Ji Shiang, Inc., Feng Lin, and Cheuk Ping Chen, seeking both damages and injunctive relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206–207, and New York Labor Law ("NYLL"). However, in an Order dated March 26, 2014, the Court granted the motion to voluntarily dismiss plaintiff Zheng's claims with prejudice, as well as the motion to voluntarily dismiss claims against defendant Chen. The Clerk of Court is directed to amend the caption of this case accordingly.

1

for the same discovery abuse, all pursuant to Federal Rule of Civil Procedure 37. Id.

On April 15, 2014, Judge Pollak issued another Report and Recommendation (the "second R&R"), recommending that defendants be ordered to pay plaintiffs the previously ordered fees and costs from the first R&R within 10 calendar days of the date of any Order adopting the second R&R. On May 2, 2014, the Perfect Team defendants filed timely objections, arguing that Judge Pollak should have afforded them an opportunity for "an in camera demonstration of their inability to pay and establishment of criteria for making payments." Objection to Report and Recommendation by Perfect Team Corporation, Cheng and Wang, dated May 2, 2014, Dkt. No. 245 ("Perfect Team Obj."), at 5. Plaintiff filed an opposition to defendants' objections on May 6, 2014.

The Court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ. P. 72(a); Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). "Objections to sanctions awards are reviewed under the 'clearly erroneous or contrary to law' standard of review." Field Day, LLC v. Cnty. of Suffolk, 04-CV-2202, 2010 WL 5490990, at *2 (E.D.N.Y. Dec. 30, 2010). Judge Pollack's findings and determinations more than meet and satisfy that standard of review. Accordingly, the Court adopts the characteristically thorough and well-reasoned R&R in its entirety as the opinion of the Court.

## Conclusion

Accordingly, as recommended by Judge Pollak: (1) the Perfect Team defendants are ordered to pay plaintiff $22,619.69, representing $22,507.31 in attorney's fees and $112.38 in costs, and the Ji Shiang defendants are ordered to pay plaintiff $25,141.19, representing $25,028.81 in attorney's fees and $112.38 in costs, within 10 calendar days of the date this Order is entered on the docket; and (2) failure to comply shall serve as grounds for finding defendants in contempt of Court and subject them to possible civil and criminal penalties. These penalties may include the striking of their answer and the entry of judgment for plaintiff on default.

Further, the Clerk of Court is directed to amend the caption of this case to reflect the voluntary dismissal with prejudice of plaintiff Zheng's claims, as well as the voluntary dismissal of claims against defendant Chen. See supra note 1.

SO ORDERED.

Dated: Brooklyn, New York
May 28, 2014

ERIC N. VITALIANO
United States District Judge