**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LI RONG GAO, et al.,

                              Plaintiffs,

    -against-                                     **No. 10-CV-1637 (ENV)(CLP)**

PERFECT TEAM CORPORATION d/b/a GUANG ZHOU
RESTAURANT, et al.,

                              Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Amy Tai
David Colodny
Urban Justice Center
123 William Street, 16th Floor
New York, NY  10038
(646) 602-5600

Edward Tuddenham
228 W. 137th St.
New York, N.Y. 10030
212-234-5953

*Attorneys for Plaintiff*

Dated: April 30, 2014

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................iii-vi

I.     PRELIMINARY STATEMENT ....................................................................................1

II.    STATEMENT OF FACTS ............................................................................................2

III.   ARGUMENT ................................................................................................................2

   A.   Summary Judgment Standard ................................................................................. 2

   B.   The Defendants Violated Federal and State Minimum Wage Laws ........................... 2

      1.   Recordkeeping Requirements Under the Fair Labor Standards Act and New York
      Labor Law ......................................................................................................... 3

      2.   Minimum Wage Under the Fair Labor Standards Act – Count I ................................ 4

      3.   Minimum Wage Under the New York Labor Law – Count III................................... 8

      4.   Overtime Under the Fair Labor Standards Act – Count II ........................................ 11

      5.   Overtime Under the New York Labor Law – Count IV............................................. 12

      6.   Spread of Hours Pay Under the New York Labor Law – Count V ............................ 12

   C.   Plaintiff Is Entitled to Liquidated Damages under the Fair Labor Standards Act and the
   New York Labor Law ........................................................................................ 13

   D.   Plaintiff Is Entitled to Recover Prejudgment Interest on New York Labor Law Claims16

   E.   Liability of the Corporate Defendants ...................................................................... 17

   F.   Liability of the Individual Defendants ...................................................................... 18

      1.   The Court's Adverse Finding Establishes Individual Liability ................................. 18

      2.   The Undisputed Evidence Further Establishes Individual Liability........................... 18

IV.    CONCLUSION ..............................................................................................................23

## TABLE OF AUTHORITIES

**STATUTES AND REGULATIONS**

29 U.S.C. § 203 ........................................................................................................4, 6, 19

29 U.S.C. § 206 ........................................................................................................4, 9, 13

29 U.S.C. § 207 ...........................................................................................................11, 13

29 U.S.C. § 215 ................................................................................................................13

29 U.S.C. § 216 ................................................................................................................13

29 U.S.C. § 218 ..................................................................................................................4

29 U.S.C. § 255 ................................................................................................................15

29 U.S.C. § 260 ................................................................................................................13

29 C.F.R § 516.5 ................................................................................................................3

29 C.F.R § 778.107 .....................................................................................................11, 12

N.Y. Lab. Law § 190 ........................................................................................................19

N.Y. Lab. Law § 195 ..........................................................................................................3

N.Y. Lab. Law § 196-d .....................................................................................................10

N.Y. Lab. Law § 198 ........................................................................................................14

N.Y. Lab. Law § 652 .....................................................................................................5, 8, 9

N.Y. Lab. Law § 663 ...................................................................................................14, 16

N.Y. Comp. Codes R. & Regs. Tit 12 § 137-1.1 et seq. ......................................3, 9, 12, 13

N.Y. Comp. Codes R. & Regs. Tit 12 § 146-1.1 et seq. .........................................3, 9, 10

**PROCEDURAL RULES**

Fed. R. Civ. P. 56 .................................................................................................1, 2

E.D.N.Y. Local R. 56 ............................................................................................. 2

N.Y. C.P.L.R. § 5001 .........................................................................................16, 17

N.Y. C.P.L.R. § 5004 ...........................................................................................17

**CASES**

Anderson v. Liberty Lobby, Inc ...........................................................................19
477 U.S. 242 (1986)

Anderson v. Mt. Clemens Pottery Co. .................................................................3
328 U.S. 680, 687-688 (1946)

Barfield v. N.Y. City Health & Hosps. Corp. ......................................................19
537 F.3d 132 (2d Cir. 2008)

Berrezueta v. Royal Crown Pastry Shop, Inc. .................................................16, 17
No. 12–CV–4380, 2013 WL 6579799 (E.D.N.Y. Dec. 16, 2013)

Berrios v. Nicolas Zito Racing Stable, Inc. .........................................................3
849 F.Supp. 2d 372 (E.D.N.Y. 2012)

Brock v. Wilamowsky ........................................................................................13, 15
833 F.2d 11 (2d Cir. 1987)

Cao v. Wu Liang Ye Lexington Rest., Inc. ..........................................................4
No. 08 Civ. 3725, 2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010)

Chan v. Sung Yue Tung Corp. ..........................................................................3, 7, 12
No. 03 Civ. 6048, 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007)

Chan v. Sung Yue Tung Corp. ...........................................................................16
2007 WL 1373118  (S.D.N.Y. May 08, 2007).

Chung v. New Silver Palace Rest., Inc. ...............................................................6
246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002)

Copantitla v. Fiskardo Estiatorio, Inc. ............................................................6, 7, 9, 10
788 F.Supp. 2d 253 (S.D.N.Y. 2011)

D'Arpa v. Runway Towing Corp. ........................................................................15, 16
No. 12-CV-1120, 2013 WL 3010810 (E.D.N.Y. Jun. 18, 2013)

Dong v. CCW Fashion, Inc. ....................................................................................4
Nos. 06 Civ. 4973, 07 Civ. 9741, 2009 WL 884680 (S.D.N.Y. Feb. 19, 2009)

Drozd v. Vlaval Constr., Inc. ..................................................................................3
No. 09 CV 5122, 2011 WL 9192036 (E.D.N.Y. Oct. 18, 2011)

Gayle v. Harry's Nurses Registry, Inc. ................................................................13
No. 07-DV-4672, 2012 WL 4174401 (E.D.N.Y. Sept. 18, 2012)

Guenther v. Modern Cont'l Cos. .............................................................................2
562 F. Supp. 2d 317 (E.D.N.Y. 2008)

Gunawan v. Sake Sushi Rest. ................................................................................9
897 F. Supp. 2d 76 (E.D.N.Y. 2012)

Herman v. RSR Sec. Servs. Ltd. ...........................................................................20
173 F.3d 132 (2d Cir. 1999)

Ho v. Target Constr. of NY, Corp. ....................................................................3, 19
No. 08-CV-4750, 2011 WL 113150 (E.D.N.Y. Mar. 28, 2011)

Irizarry v. Catsimatidis ....................................................................................19, 20
No. 11-4025-cv, 2013 WL 3388443 (2d Cir. Jul. 9, 2013)

Janus v. Regalis Constr., Inc. ...............................................................................14
No. 11-CV-5788, 2012 WL 3878113 (E.D.N.Y. Jul. 23, 2012)

Jiao v. Chen .........................................................................................................19
No. 03 Civ. 0165, 2007 WL 4944767 (S.D.N.Y. Mar. 30, 2007)

Ke v. Saigon Grill, Inc. ...................................................................................13, 16
595 F. Supp. 2d 240 (S.D.N.Y. 2008)

Kuebel v. Black & Decker, Inc. ............................................................................14
643 F.3d 352 (2d Cir. 2011)

Lanzetta v. Florio's Enter., Inc. .............................................................................6
No. 08 Civ. 6181, 2011 WL 3209521 (S.D.N.Y. Jul. 27, 2011)

Lyons v. Lancer Insurance Co. ..............................................................................2
681 F.3d 50 (2d Cir. 2012)

McLaughlin v. Richland Shoe Co. ........................................................................15
486 U.S. 128 (1988)

Moon v. Kwon. ..........................................................................................3, 14, 15, 20
248 F. Supp. 2d 201 (S.D.N.Y. 2002)

Nicholson v. Twelfth St. Corp. ...............................................................................6
No. 09 Civ. 1984, 2010 U.S. Dist. LEXIS 43448 (S.D.N.Y. May 4, 2010)

Padilla v. Manlapaz ................................................................................... *passim*
643 F. Supp. 2d 302 (E.D.N.Y. 2009)

Pereira v. J. Sisters Hair Care Prods., Inc. ..........................................................12
No. 08 Civ. 4537, 2010 WL 2194808 (S.D.N.Y. Apr. 5, 2010)

Perez v. G&P Auto Wash, Inc. ...............................................................................6
No. 10 CV 4553, 2013 WL 991360 (E.D.N.Y. Mar. 13, 2013)

Reilly v. NatWest Mkts. Grp., Inc. ......................................................................16
181 F.3d 253 (2d. Cir. 1999)

Rodriguez v. Almighty Cleaning, Inc. ..................................................................20
748 F.Supp. 2d 114 (E.D.N.Y. 2011)

Roe v. City of Waterbury ........................................................................................2
542 F.3d 31 (2d Cir. 2008)

Ruiz v. County of Rockland .....................................................................................2
609 F.3d 486 (2d Cir. 2010)

Santillan v. Henao .................................................................................................16
822 F.Supp. 2d 284 (E.D.N.Y. 2011)

Wilk v. VIP Health Care Serv., Inc. .....................................................................20
No. 10 Civ. 5530, 2012 WL 5660738 (E.D.N.Y. Feb. 21, 2012)

Zheng v. Liberty Apparel Co. ...............................................................................19
355 F.3d 61 (2d Cir. 2003)

## I.    PRELIMINARY STATEMENT

Plaintiff Li Rong Gao submits this memorandum of law in support of her motion for

partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, against

Defendants Perfect Team Corp., Ji Shiang, Inc., Chun Kit Cheng, Jia Li Wang, and Feng Lin

(collectively, "Defendants").  Plaintiff was employed as a server at Guang Zhou Restaurant (the

"Restaurant"), a Chinese restaurant operated by Defendants, located in Flushing, Queens, from

April 29, 2008 to June 1, 2009 and from August 2, 2010 to February 13, 2011.  As set forth

herein, it is undisputed that Defendants Perfect Team Corp., Chun Kit Cheng, and Jia Li Wang

(collectively, "Perfect Team Defendants") did not pay Ms. Gao the minimum wage, overtime, or

"spread of hours" pay in accordance with federal and state labor laws throughout the period from

April 29, 2008 to June 1, 2009.  During that period, Perfect Team Defendants paid Ms. Gao a

monthly salary of $400 for workweeks of approximately 55 and 61 hours – an effective wage

well under $2.00 per hour.  Further, it is undisputed that Defendants Ji Shiang, Inc. and Feng Lin

(collectively, "Ji Shiang Defendants") paid Ms. Gao hourly wages of just $4.65 and then $5.00

from 2010 to 2011, which was in violation of the federal and state minimum wage laws.

Plaintiff now moves for judgment on her claims of unpaid minimum wages, overtime pay

and "spread of hours" pay in violation of federal and state labor laws, as set forth in Counts One

through Five of Plaintiff's Amended Complaint.[1]  Am. Compl., August 25, 2010, ECF No. 29.

Additionally, Ms. Gao moves for summary judgment with respect to her entitlement to damages,

including actual damages, liquidated damages and prejudgment interest.[2]

---

[1] Plaintiffs Shu F. Jiang, Wei S. Tan, and Wei J. Wu voluntarily dismissed their claims in March 2012, ECF No. 180, and Plaintiff Xiao Hong Zheng voluntarily dismissed her claims on March 26, 2014.

[2] Reasonable attorneys' fees and costs may be awarded by statute under both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Ms. Gao will move for such reasonable attorneys' fees and

## II.    STATEMENT OF FACTS

The undisputed, material facts are fully set forth in Plaintiff's Rule 56.1 Statement of Undisputed Material Facts pursuant to Local Rule 56.1 and are fully incorporated herein.

## III.    ARGUMENT

### A.    Summary Judgment Standard

A moving party is entitled to summary judgment on a claim "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010) (citing Fed. R. Civ. P. 56(c); Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008)).  "To overcome a motion for summary judgment, the opposing party must show that there is an issue of material fact in dispute.  That is, the disputed fact must be one which 'might affect the outcome of the suit under the governing law.'" Guenther v. Modern Cont'l Cos., 561 F.Supp. 2d 317, 321 (E.D.N.Y. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The opposing party may not rest on mere allegations or denials to defeat a motion for summary judgment; rather, sufficient probative evidence must be presented such that a rational trier of fact could find for the non-movant.  See, e.g., Lyons v. Lancer Insurance Co., 681 F.3d 50, 57 (2d Cir. 2012).

### B.    The Defendants Violated Federal and State Minimum Wage Laws

The uncontested facts demonstrate that Plaintiff is entitled to summary judgment on Counts One through Five of her Amended Complaint due to Defendants violations of federal and state laws governing minimum wage, overtime and "spread of hours" pay.

---

costs at the appropriate time should judgment be entered in her favor.

### 1.  Recordkeeping Requirements Under the Fair Labor Standards Act and New York Labor Law

Both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL")

impose strict recordkeeping requirements on employers to ensure compliance with the minimum

wage and overtime laws.  See 29 C.F.R. § 516.5; N.Y. Lab. Law § 195(4); 12 N.Y.C.R.R. § 137-

2.1(a) (pre-2011); 12 N.Y.C.R.R. § 146-2.1 (2011).  These record-keeping requirements "are not

mere technicalities," but are "fundamental underpinnings" of the labor laws.  Chan v. Sung Yue

Tung Corp., No. 03 Civ. 6048, 2007 WL 313483, at *23 (S.D.N.Y. Feb. 1, 2007) (citations

omitted).  Where, as in this case, an employer fails to meet its most basic recordkeeping

requirements, in the absence of a rebuttal, the workers' recollection regarding their hours worked

and wages owed must be presumed to be correct and damages based on those recollections

should be awarded.  Drozd v. Vlaval Constr., Inc., No. 09 CV 5122 SJ, 2011 WL 9192036, at

*13 (E.D.N.Y. Oct. 18, 2011) (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-

688 (1946); Moon v. Kwon, 248 F.Supp. 2d 201, 219 (S.D.N.Y. 2002)); see also Berrios v.

Nicolas Zito Racing Stable, Inc., 849 F.Supp. 2d 372, 380 (E.D.N.Y. 2012); Ho v. Target Constr.

of NY, Corp., No. 08-CV-4750 (KAM)(RER), 2011 WL 113150, at *2-3 (E.D.N.Y. Mar. 28,

2011); Padilla v. Manlapaz, 643 F.Supp. 2d 302, 307 (E.D.N.Y. 2009).

In this case, it is undisputed that, prior to June 1, 2009, Perfect Team did not keep

complete records of the days or hours that Ms. Gao worked.  Plaintiff's Rule 56.1 Statement of

Undisputed Facts ("Pl.'s 56.1") at ¶¶ 46-48.  During that period, Perfect Team only recorded the

total wages it paid to Ms. Gao twice each month, along with some vague notations about days

off.  Pl.'s 56.1 at ¶¶ 61, 64.  Therefore, Ms. Gao's recollection is sufficient to establish the hours

she worked at the Restaurant prior to June 1, 2009.  See generally Padilla, 643 F.Supp.2d 302

(granting summary judgment in employee's favor using employee's recollection of hours worked).

### 2.    Minimum Wage Under the Fair Labor Standards Act – Count I

The FLSA required payment of wages of at least $5.85 per hour from July 24, 2007 to July 23, 2008, at least $6.55 per hour from July 24, 2008 through July 23, 2009, and at least $7.25 per hour from July 24, 2009 through the end of Ms. Gao's employment in February 2011. 29 U.S.C. § 206(a).[3]  However, when the state minimum wage is higher than the federal minimum wage, the FLSA requires employers to pay employees at the higher state minimum wage rate.  29 U.S.C. § 218(a).  See also Cao v. Wu Liang Ye Lexington Rest., Inc., No. 08 Civ. 3725 (DC), 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010) ("The federal minimum wage is intended to be a floor, not a ceiling on the amount an employee is entitled to received . . . .  Accordingly, the higher of the FLSA or the Labor Law minimum wage level shall be used to calculate plaintiffs' damages for unpaid wages and overtime under the FLSA and the Labor Law."); Dong v. CCW Fashion, Inc., Nos. 06 Civ. 4973 (LAP)(DFE), 07 Civ. 9741 (LAP)(DFE), 2009 WL 884680, at *4 (S.D.N.Y. Feb. 19, 2009) ("Pursuant to 29 U.S.C. § 218(a), the higher New York State minimum wage rate applied to plaintiff's 2005 employment").  In this case, the New York minimum wage rate of $7.15 per hour was higher than the FLSA rate throughout Ms. Gao's employment from April 2008 to June 2009.  See Section III.B.3, infra.

---

[3] It is undisputed that during the relevant periods, Perfect Team was an enterprise engaged in commerce subject to the requirements of the FLSA.  29 U.S.C. §§ 203(r), (s)(1)(A)(i)–(ii)(2012); Plaintiff's Rule 56.1 Statement of Undisputed Facts ("Pl.'s 56.1") at ¶ 11.  Similarly, it is undisputed that Ji Shiang was an enterprise engaged in commerce subject to the FLSA requirements.  Pl.'s 56.1 at ¶ 40.  Thus, Ms. Gao was entitled to the protections of the FLSA throughout her work at Guang Zhou Restaurant.

4

The undisputed facts demonstrate that throughout the 2008 to 2009 period, Perfect Team paid wages to Ms. Gao at a rate far below the required minimum.  Perfect Team paid Ms. Gao a monthly wage of $400 throughout her employment during this period.  Pl.'s 56.1 at ¶¶ 62-63.  During approximately the first two months of her employment in 2008, Ms. Gao worked approximately 61 hours per week.  Pl.'s 56.1 at ¶ 56.  During the remainder of her employment in 2008 and 2009, Ms. Gao worked approximately 55 hours per week.  Pl.'s 56.1 at 56.  Both Ms. Gao's testimony and her preserved work schedules that reflect her work hours during different periods of her employment establish her approximate work hours.  Pl.'s 56.1 at ¶¶ 49-58.  Defendant Wang conceded that the work schedules (attached to Ms. Gao's Affidavit) were Ms. Gao's work schedules at the Restaurant.  Pl.'s 56.1 at ¶ 49.  Moreover, Perfect Team kept no records of how many hours Ms. Gao worked, Pl.'s 56.1 at ¶ 46, and Defendants' failed to list any witnesses on their initial disclosures to contradict Ms. Gao's testimony concerning her work hours.  Pl.'s 56.1 at ¶ 4.  The wages paid resulted in an effective hourly rate in 2008 and 2009 ranging from $1.52 to $1.96 per hour.  Declaration of David A. Colodny ("Colodny Decl.") at ¶ 27(H) (explaining calculation).

The undisputed facts also demonstrate Ji Shiang failed to pay Ms. Gao the minimum wage for the period of her employment from August 2, 2010 to February 13, 2011.  From August 2, 2010 through December 26, 2010, Defendants paid Ms. Gao $4.65 per hour, and from December 27, 2011 to February 13, 2011, Defendants paid Ms. Gao $5.00 per hour.  Pl.'s 56.1 at ¶ 72.  The federal minimum wage from 2010 to 2011 was $7.25 per hour.[4]

Moreover, the Restaurant was not eligible to claim a "tip credit" and pay a lower minimum wage on account of Ms. Gao's receipt of tips.  Although the FLSA sometimes allows

---

[4] From 2010 to 2011, the federal minimum wage, $7.25 per hour, was higher than the New York minimum wage, $7.15 per hour.  N.Y. Labor Law § 652(1).

employers to pay "tipped employees" less than the full minimum wage, an employer may take a

"tip credit" against its minimum wage obligation only if certain conditions are met.  See Perez v.

G&P Auto Wash, Inc., No. 10 CV 4553 (DRH)(ARL), 2013 WL 991360, at *9 (E.D.N.Y. Mar.

13, 2013) (citing 29 U.S.C. § 203(m)); Copantitla v. Fiskardo Estiatorio, Inc., 788 F.Supp. 2d

253, 287-88 (S.D.N.Y. 2011).  To be eligible for this "tip credit," the "employer must notify

employees of the law regarding minimum wages and of the employer's intention to take the tip

credit."  Nicholson v. Twelfth St. Corp., No. 09 Civ. 1984, 2010 U.S. Dist. LEXIS 43448, at *6

(S.D.N.Y. May 4, 2010); see also 29 U.S.C.  § 203(m) (the tip credit "shall not apply with

respect to any tipped employee unless such employee has been informed by the employer of the

provisions of this subsection"); Colodny Decl., Ex. Q (U.S. Dep't of Labor, Fact Sheet #2:

Restaurants and Fast Food Establishments Under the Fair Labor Standards Act (FLSA) (July

2009) ("Employees must be informed in advance if the employer elects to use the tip credit, [and

of] the amount of tip credit to be claimed . . . .")).  In addition to the notice requirement,

employers are also required to allow employees to keep all of the tips that they earn although

employees can be required to participate in tip pools with other employees who "customarily and

regularly receive tips."  29 U.S.C. § 203(m)[5]

 The notice and tip retention requirements "that the employer must fulfill to be eligible for

the tip credit are strictly construed, and must be satisfied even if the employee received tips at

least equivalent to the minimum wage."  Chung v. New Silver Palace Rest., Inc., 246 F. Supp. 2d

220, 229 (S.D.N.Y. 2002); see also Colodny Decl., Ex. 19 (U.S. Dep't of Labor Fact Sheet #15:

---

[5] There is a contested issue of fact as to whether Defendants unlawfully retained some of Ms. Gao's tips, a violation
that would also disqualify Defendants from taking a tip credit.  Because Defendants failed to provide notice, and
such failure alone disqualifies it from taking a tip credit, the Court can resolve the minimum wage claims on
summary judgment without resolving the issuing concerning misappropriation of tips.

Tipped Employees Under the Fair Labor Standards Act (FLSA) (July 2009) ("Where an employer does not strictly observe the tip credit provisions of the Act, no tip credit may be claimed and the employees are entitled to receive the full cash minimum wage, in addition to retaining tips they may/should have received.")).  Not only is the notice requirement strictly construed, "[e]mployers bear the burden of showing that they have satisfied this requirement by, for example, providing employees with a copy of § 203(m) and informing them that their tips will be used as a credit against the minimum wage as permitted by law." Chan, 2007 WL 313483, at *18.

Here, the uncontested facts demonstrate that, throughout Ms. Gao's employment from 2008 to 2009, the Perfect Team Defendants did not satisfy the notice requirement, and accordingly should not be entitled to take a tip credit against the minimum wage required by the FLSA.  It is uncontested that no one ever told Ms. Gao about the minimum wage, the tip credit law, or the Restaurant's intention to claim a tip credit.  Pl.'s 56.1 at ¶¶ 69, 71.  Although Defendants Cheng and Wang claimed to have hung a poster with information about the minimum wage at the Restaurant prior to Ms. Gao's employment, such poster was never produced by Defendants in this litigation.  Pl.'s 56.1 at ¶ 84.  Ms. Gao testified that she never saw a labor law poster.  Pl.'s 56.1 at ¶ 70.  Under these circumstances, Defendants cannot satisfy their burden to demonstrate that they gave notice of a tip credit.  As the Southern District of New York explained recently,

> a poster constitutes sufficient notice only 'if the content of the poster is otherwise
> sufficient and it is prominently displayed.'  And in this respect, defendants' efforts
> fall short of the standard for the notice obligation articulated by the Courts of
> Appeals, which have uniformly 'require[d] at the very least notice to employees
> of the employer's intention to treat tips as satisfying part of the employer's
> minimum wage obligations.'  A generic government poster could inform
> employees that minimum wage obligations exist, but could not possibly inform

employees that their employers intend to take the tip credit with respect to their salary.

Copantitla, 788 F.Supp.2d at 289 (internal citations omitted).

Similarly, Defendants cannot meet their burden to establish entitlement to the tip credit for the period August 2010 to February 2011.  Lin could not articulate any specific information regarding whether and what he told to Ms. Gao about the minimum wage laws.  Pl.'s 56.1 at ¶¶ 74, 76-77. The only information provided by Ji Shiang to Ms. Gao was a verbal statement from a manager that the minimum wage was $4.65 per hour.  Pl.'s 56.1 at ¶ 75.  That statement did not comply with the requirements of Section 203(m) because it did not explain the minimum wage law and the Restaurant's intention to claim a tip credit.  In fact, the statement was misleading because Ji Shiang told Ms. Gao the minimum wage was $4.65 per hour when in fact it was $7.25 per hour.

Accordingly, Plaintiff is entitled to summary judgment on Count I of the Amended Complaint.  Defendants are liable for actual damages in an amount equal to the difference between the full applicable minimum wage and the wages paid.  As set forth in the Declaration of Mr. Colodny, the amount of actual damages incurred under Count I is $ 17,087.08 during the 2008 and 2009 time period, and $2,304.96 during the 2010 and 2011 time period.  See Colodny Decl. at ¶¶ 27,28 (describing damage calculations).[6]

### 3.    Minimum Wage Under the New York Labor Law – Count III

At all times relevant to this motion, the New York minimum wage was $7.15.  N.Y. Lab. Law § 652(1).  However, because the NYLL incorporates the federal minimum wage standard when the federal minimum wage is higher than the state minimum wage, the NYLL required

---

[6] The damage calculations account for the approximately six days that Ms. Gao was absent from work prior to June 1, 2009, and which are reflected in the Restaurant's payroll records.  Pl.'s 56.1 at ¶ 64.

8

payment of a minimum wage of $7.25 from July 24, 2009 onward.  N.Y. Labor Law § 652(1) ("Every employer shall pay to each of its employees for each hour worked a wage of not less than… $7.15 on and after January 1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206….").  As set forth above, it is undisputed that the Restaurant paid Ms. Gao a wage well below the required minimum wage throughout all periods of her employment.

　　　　None of the Defendants can establish eligibility for a "tip allowance" under the NYLL and the implementing regulations in effect during Ms. Gao's employment.  The regulations in effect prior to January 1, 2011 were described by this Court in Padilla, 643 F.Supp.2d at 309.  As explained by Padilla, the NYLL "allows employers to credit a portion of an employee's tips and the costs of meals as allowances against the minimum wage requirement when certain preconditions are met."  Id.  This Court further explained these preconditions:

> [f]irst, the employer [was] required to "furnish to each employee a statement with every payment of wages listing . . . allowances . . . claimed as part of the minimum wage . . . and [s]econd, the employer must 'maintain and preserve for not less than six years weekly payroll records which shall show for each employee . . . allowances . . . claimed as part of the minimum wage . . . "

Id. at 309–10 (quoting N.Y. Comp. Codes R. Regs. tit. 12, §§ 137–2.1, 2.2).[7]  See also Copantitla, 788 F.Supp.2d at 290 (following Padilla); Gunawan v. Sake Sushi Rest., 897 F.Supp. 2d 76, 84 (E.D.N.Y. 2012).

　　　　In this case, it is undisputed that none of the Defendants kept records of any allowances it was claiming, or furnished Ms. Gao with a statement when wages were paid listing any

---

[7] The regulations in effect during 2008 and 2009, N.Y. Comp. Codes R. Regs. tit. 12, § 137–1.1 et seq. (the Minimum Wage Order for the Restaurant Industry), was superseded effective January 1, 2011 by N.Y. Comp. Codes R. Regs. tit. 12, § 146–1.1 et seq.  A copy of the Minimum Wage Order for the Restaurant Industry in effect from 2005 until July 23, 2009 is attached to the Colodny Declaration at Ex. O.  A copy of the Minimum Wage Order for the Restaurant Industry in effect from July 23, 2009 until December 31, 2010 is attached to the Colodny Declaration at Ex. P.

allowances.  Pl.'s 56.1 at ¶¶ 46-48, 61, 76.  Although Ji Shiang provided pay stubs and

maintained payroll records stating that it was paying an hourly wage of $4.65, the pay stubs and

payroll records are devoid of any mention of allowances necessary to qualify for a tip allowance.

Pl.'s 56.1 at ¶ 76.  Accordingly, Defendants cannot meet their burden of establishing entitlement

to a tip allowance under the NYLL for all periods prior to January 1, 2011.[8]

During the period beginning January 1, 2011, the Restaurant's entitlement to a tip

allowance was governed by the newly implemented Minimum Wage Order for the Hospitality

Industry, N.Y. Comp. Codes R. Regs. tit. 12, § 146–1.1 et seq. ("Hospitality Wage Order").  The

Hospitality Wage Order explicitly conditions the use of a tip credit on the employer's

notification to its employees.  See Sec. 146-1.3 ("An employer may take a credit towards the

basic minimum hourly rate if a service employee or food service worker receives enough tips

and if the employee has been notified of the tip credit as required in Section 146-2.2.").  Section

146-2.2 requires that an employer provide very detailed written information to the employee

about their hourly rate, and the amount of any tip credit being claimed.  See Sec. 146-2.2 (a).

Further, the employer bears the burden of establishing compliance with the notification

provisions, and must maintain written records for six years.  See Sec. 146-2.2(d).  It is

uncontested that Ji Shiang failed to give written notice in accordance with the Hospitality Wage

Order.  It did not provide any written notice, or maintain a copy of any such notice in its files as

required in order to claim a tip credit.  Pl.'s 56.1 at ¶¶ 74, 76.

Because it is undisputed that Defendants paid Ms. Gao well under the required state

minimum wage, Ms. Gao is entitled to summary judgment on Count Two of the Amended

---

[8] Perfect Team also was ineligible to claim a tip allowance under NYLL because it violated N.Y. Lab. Law 196-d by unlawfully retaining portions of Ms. Gao's gratuities.  See Copantitla, 788 F.Supp.2d at 290-91.  Because the facts regarding the unlawful retention of tips are in dispute, Plaintiffs do not rely on that ground here.

Complaint.  As set forth in the Colodny Declaration, the amount of actual damages incurred

under Count II is $17,087.08 during the 2008 to 2009 time period, and $2,304.96 during the

2010 to 2011 time period.  See Colodny Decl. at ¶ 27, 28 (damage calculations).

### 4.   Overtime Under the Fair Labor Standards Act – Count II

During the time period that Ms. Gao worked at the Restaurant prior to June 1, 2009, the

FLSA required employers to compensate their employees at a premium rate for overtime hours

worked – not less than one and one-half times the regular rate at which the employee is actually

employed for each hour worked over forty hours per week.  29 U.S.C. § 207(a)(1); 29 C.F.R.

§ 778.107.

In this case, it is uncontested that Ms. Gao regularly worked approximately 61 hours per

week for the first 2.5 months of her employment, and then 55 hours per week for the remainder

of the period up to June 1, 2009.  Pl.'s 56.1 at ¶ 56.  It is also undisputed that Perfect Team did

not pay Ms. Gao any overtime compensation, but instead paid a monthly salary of $400.  Pl.'s

56.1 at ¶¶ 62-63.   Further, it is undisputed that the Restaurant completely failed to maintain any

records of the hours Ms. Gao worked.  Pl.'s 56.1 at ¶ 46.

Further, because her regular rate in 2008 and 2009 was less than the legal minimum

wage, and because the NYLL minimum wage was higher than the FLSA minimum wage during

that period, the FLSA requires that overtime damages be calculated using the state minimum

wage as the regular rate of pay due.  See 29 C.F.R. § 778.5 ("Where a higher minimum wage

than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other

legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act,

cannot be lower than such applicable minimum, for the words 'regular rate at which he is

employed' as used in section 7 must be construed to mean the regular rate at which he is

lawfully employed."); <u>Pereira v. J. Sisters Hair Care Prods., Inc.</u>, No. 08 Civ. 4537, 2010 WL 2194808, at *2 (S.D.N.Y. Apr. 5, 2010) (citing 29 C.F.R. § 778.5).

Accordingly, Ms. Gao is entitled to summary judgment on her claim for overtime compensation pursuant to Count Two.  Ms. Gao is entitled to damages for her FLSA overtime claims in the amount of $2,995.85 for the 2008 to 2009 time period.  Colodny Decl. at ¶ 27 (damage calculations).

### 5.  Overtime Under the New York Labor Law – Count IV

Ms. Gao moves for summary judgment on her NYLL overtime claims for the period up to June 1, 2009.  Throughout that period, the NYLL required payment of overtime compensation at a rate of one and a half times the regular rate of pay for each hour worked over forty hours per week.  N.Y. Comp. Codes R. Regs. tit. 12, §§ 137–1.3.  Similar to federal law, "[w]here an employee is unlawfully paid less than the minimum wage, the overtime calculation must be based on the minimum wage to which he was entitled."  <u>Padilla</u>, 643 F.Supp.2d at 310 (quoting <u>Chan</u>, 2007 WL 313483, at *23).

As described above, Ms. Gao was never paid any overtime compensation, and her regular rate fell below the minimum wage.  Ms. Gao's overtime damages are therefore calculated using the full minimum wage of $7.15 for the regular rate of pay.  Ms. Gao is entitled to damages for her NYLL overtime claims in the amount of $2,995.85 for the 2008 to 2009 time period.  Colodny Decl. at ¶ 28 (damage calculations).

### 6.  Spread of Hours Pay Under the New York Labor Law – Count V

The New York State Minimum Wage Order for the Restaurant Industry in effect during the period that Ms. Gao worked for Perfect Team provides that a worker whose workday is longer than ten hours "shall receive one hour's pay at the basic minimum hourly wage rate

12

before allowances, in addition to the minimum wages otherwise required in this Part."  N.Y.

Comp. Codes R. Regs. tit. 12, § 137–1.7 (2005).  This so-called "spread of hours" is defined as

the number of hours from the time an employee starts her workday until the time the employee

finishes her workday, including both working time and any non-working time (such as any

breaks).  Id. at § 137-3.11; Padilla, 302 F.Supp.2d at 311.  The spread of hours compensation due

is the "regular minimum wage rather than the lower wage for tipped 'service employers.'"

Padilla, 302 F.Supp.2d at 311 (quoting Ke v. Saigon Grill, Inc., 595 F.Supp. 2d 240, 260

(S.D.N.Y. 2008)).

In this case, it is undisputed that during the period from April 29, 2008 to June 1, 2009,

Ms. Gao's spread of hours exceeded ten hours per day five days per week.  Pl.'s 56.1 at ¶ 55.  It

is also undisputed that Perfect Team did not pay Ms. Gao any spread of hours compensation.

Pl.'s 56.1 at ¶ 68.  Therefore, Ms. Gao is due $ 1,932.54 in spread of hours pay and should be

granted summary judgment on her Fifth Cause of Action in the Amended Complaint.  *See*

Colodny Decl. at ¶ 27 (explaining calculations).[9]

### C.    Plaintiff Is Entitled to Liquidated Damages under the Fair Labor Standards Act and the New York Labor Law

Under the FLSA, Plaintiffs are presumed to be entitled to liquidated damages in the

amount of the actual damages suffered for minimum wage and overtime violations.  29 U.S.C.

§ 216(b); 29 U.S.C. § 260; see also 29 U.S.C. §§ 206, 207, 215.  "The presumption may be

overcome if an employer proves, as an affirmative defense, both that it acted in good faith and

that it had objectively reasonable grounds for believing that its conduct did not violate the FLSA.

To establish good faith, a defendant must produce 'plain and substantial evidence of at least an

---

[9] Ms. Gao does not move for summary judgment on this Count for the period August 2010 to February 2011.

honest intention to ascertain what the [FLSA] requires and to comply with it.'" Gayle v. Harry's Nurses Registry, Inc., No. 07-CV-4672 (NGG)(MDG), 2012 WL 4174401, at *5 (E.D.N.Y. Sept. 18, 2012) (citing Brock v. Wilamowsky, 833 F.2d 11, 19 (2d Cir. 1987)). Proving the good faith affirmative defense is a high burden to meet, and "double damages are the norm, single damages the exception." Id.

Under the NYLL provisions in effect during the period April 2008 to June 2009, an employee could recover liquidated damages in the amount of 25% of actual damages for minimum wage, overtime, and spread of hours violations, if the employee demonstrated that the employer's violation was willful. N.Y. Lab. Law § 198(1-a) (2008); Kuebel v. Black & Decker, Inc., 643 F.3d 352, 366 (2d Cir. 2011). In the context of NYLL violations, an employer acts willfully if it "knowingly, deliberately, or voluntarily disregards its obligations to pay wages." Janus v. Regalis Constr., Inc., No. 11-CV-5788 (ARR)(VVP), 2012 WL 3878113, at *6 (E.D.N.Y. Jul. 23, 2012) (citing Moon, 248 F.Supp. 2d at 235). "It is unnecessary for a court to find malice or bad faith when determining liquidated damages. Rather, finding that an employer knowingly disregarded his obligations under the law to pay wages is sufficient." Ho, 2011 WL 1131510, at *19 (internal citations omitted).[10]

In this case, the undisputed facts demonstrate that Perfect Team Defendants not only are unable to establish a good faith affirmative defense, but that the violations were willful within the meaning of the NYLL. Defendants Cheng and Wang testified that they were aware of the existence of minimum wage and overtime obligations in approximately 2007. Pl.'s 56.1 at ¶¶ 81,

---

[10] In November 2009, the NYLL's liquidated damages provisions were amended to mirror the FLSA's good faith affirmative defense standard, i.e., shifting the burden to the employer to show good faith. See N.Y. Labor Law §§ 198, 663. The New York Labor Law was again amended in April 2011 to increase the liquidated damages entitlement to 100% of wages due.

85, 88.  Notwithstanding this awareness, Cheng and Wang made no effort to ascertain whether

the Restaurant was complying with the minimum wage or overtime laws.  Pl.'s 56.1 at ¶¶ 86-90.

The only step Perfect Team Defendants claim to have taken to comply with the labor law was to

place a poster regarding the minimum wage on the Restaurant's wall.  Pl.'s 56.1 at ¶¶ 89, 93.

Wang testified that the poster said that the minimum wage about $7.10.  Pl.'s 56.1 at ¶ 88.  In

fact, Defendants never even took the trouble to calculate Ms. Gao's hourly rate to see if it was in

compliance with the law.  Pl.'s 56.1 at ¶ 90.

Further, it is undisputed that Perfect Team Defendants violated its basic recordkeeping

requirements, Pl.'s 56.1 at ¶¶ 46-48.  This fact further supports the conclusion that the violations

were willful.  See Moon, 248 F. Supp. 2d at 235.[11]  Without question, therefore, Perfect Team

Defendants' failure to pay Ms. Gao her lawful wages was not a good faith omission.  Instead,

defendants willfully disregarded their obligations under the federal and state labor laws.

In sum, the actions of defendants demonstrate an utter disregard for the mandates of these

basic labor protections.  Thus, Plaintiff is entitled to summary judgment on her claim for

liquidated damages for all 2008 and 2009 violations of the FLSA and NYLL.

This Court may award liquidated damages under both the FLSA and NYLL for

the same underlying actual damages, and Plaintiff requests that it do so.  While

"[a]uthority is mixed regarding whether a plaintiff may recover liquidated damages under

---

[11] Under the FLSA, actions for unpaid wages, unpaid overtime compensation or liquidated damages "arising out of a
willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).  In
order to take advantage of the three-year statute of limitations, the plaintiff must show "that the employer either
knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  McLaughlin
v. Richland Shoe Co., 486 U.S. 128, 133 (1988); Brock v. Wilamowsky, 833 F.2d 11, 17-19 (2d Cir. 1987).  In
assessing "willfulness" for the purposes of liquidated damages under NYLL, most courts have found that the
standard for willfulness in this context "does not appreciably differ" from the standard for willfulness for the
purposes of the FLSA statute of limitations and have adopted the same analytical structure.  Moon, 248 F. Supp. 2d
at 234-35.

both federal and state law…, the majority of cases allow for 'simultaneous recovery' because recovery of liquidated damages under federal and state law serves different functions." D'Arpa v. Runway Towing Corp., No. 12-CV-1120, 2013 WL 3010810, at *26 (E.D.N.Y. Jun. 18, 2013) (internal citations omitted). See also Berrezueta v. Royal Crown Pastry Shop, Inc., No. 12–CV–4380, 2013 WL 6579799, at *6 (E.D.N.Y. Dec. 16, 2013) ("the majority view is that prevailing plaintiffs may recover liquidated damages under both the FLSA and the NYLL"). Liquidated damages under the FLSA are considered compensatory damages and serve as a form of pre-judgment interest. D'Arpa, 2013 WL 3010810, at *26 (citing Ke v. Saigon Grill, Inc., 595 F.Supp. 2d 240, 261 (S.D.N.Y. 2008)). Liquidated damages under the NYLL, "however, are punitive in nature. They 'constitute a penalty' to deter an employer's willful withholding of wages due." Lanzetta v. Florio's Enter., Inc., No. 08 Civ. 6181 (DC), 2011 WL 3209521, at *5 (S.D.N.Y. Jul. 27, 2011) (quoting Reilly v. NatWest Mkts. Grp. Inc., 181 F.3d 253, 265 (2d Cir.1999)). Ms. Gao is thus entitled to recover two awards of liquidated damages on her minimum wage and overtime claims – $ 20,082.93 under the FLSA and $ 5,503.87 under the NYLL.

### D. Plaintiff Is Entitled to Recover Prejudgment Interest on New York Labor Law Claims

Ms. Gao is entitled to pre-judgment interest for violations of the NYLL. N.Y. C.P.L.R. § 5001(a) (2013); N.Y. Lab. Law § 663(1); Chan v. Sung Yue Tung Corp., 2007 WL 1373118, at *9 (S.D.N.Y. May 08, 2007). Prejudgment interest and liquidated damages under the NYLL are not functional equivalents and both may be awarded for violations of the NYLL. Santillan v. Henao, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) (citing Reilly, 181 F.3d at 265). New York

16

law sets the statutory interest rate at nine percent per annum.  Id.; N.Y. C.P.L.R. § 5004 (2013).

When a plaintiff has incurred damages at various times, prejudgment interest "shall be computed

upon each item from the date it was incurred or upon all of the damages from a single reasonable

intermediate date."  N.Y. C.P.L.R. § 5001(b).

      Because prejudgment interest under the NYLL and liquidated damages under the FLSA

are both considered compensatory in nature, and duplicative, they cannot be awarded

simultaneously on the same underlying claims.  Berrezueta, 2013 WL 6579799, at *6.

Therefore, because Plaintiff seeks liquidated damages under the FLSA on all minimum wage and

overtime claims for the 2008 to 2009 time period, Plaintiff's non-duplicative interest damages

for that time period are based purely on her spread of hours claims under NYLL.  For the 2008 to

2009 spread of hours claims, Ms. Gao is entitled to $ 946.01 in prejudgment interest for the

period up to April 29, 2014.  For Ms. Gao's 2010 to 2011 minimum wage claims under NYLL,

Ms. Gao is entitled to $723.35 in prejudgment interest for the period up to April 29, 2014.[12]

### E.      Liability of the Corporate Defendants

      It is undisputed that Perfect Team was Ms. Gao's employer during her employment from

April 29, 2008 to June 1, 2009.  Pl.'s 56.1 at ¶¶ 6, 12.  Therefore, Perfect Team is liable for all

violations that occurred during that time period.  Further, it is undisputed that Ji Shiang, Inc. was

Ms. Gao's employer during her employment from August 2, 2010 to February 13, 2011.  Pl.'s

56.1 at ¶ 41.  Therefore, Ji Shiang is liable for all violations that occurred during that time

period.[13]

---

[12] Should the Court find that Plaintiff is not entitled to liquidated damages under FLSA, Plaintiff requests that this Court apply the prejudgment interest rate to all of her NYLL claims.

[13] Plaintiffs' Amended Complaint also seeks to hold Ji Shiang, Inc. liable for the 2008 to 2009 violations under a theory of successor liability.  However, Plaintiffs do not seek summary judgment on that claim.

### F.      Liability of the Individual Defendants

 Defendants Cheng, Wang and Lin are jointly and severally liable for all of Ms. Gao's

claims due to their status as "employers" within the meaning of the FLSA and NYLL.

### 1.      The Court's Adverse Finding Establishes Individual Liability

On December 31, 2013, this Court adopted Magistrate Judge Pollak's Report and

Recommendation that sanctions be imposed against the corporate defendants and Defendants

Cheng, Wang, and Lin for their failure to comply with their discovery obligations.  Order, Dec.

31, 2013, ECF No. 233.  The adopted Report and Recommendation states that Plaintiffs are

entitled to an adverse finding where the following would be deemed established in this action:

> each of the individual defendants, Chung Kit Cheng, Jia Li Wang and Feng Lin,
> jointly owned and operated the Guang Zhou Restaurant, and were plaintiffs'
> 'employers' within the meaning of the Fair Labor Standards Act and New York
> Labor Law, during the entire time of the restaurant's operation, from June 2007
> through February 2011.

Report and Recommendation, Mar. 8, 2013, ECF No. 220 at 18-22.[14]  Based on this adverse

finding alone, the Court can hold Defendants Cheng, Wang, and Lin jointly and severally liable

for all of the damages awarded to Plaintiff Gao in her motion for summary judgment.

### 2.      The Undisputed Evidence Further Establishes Individual Liability

Notwithstanding that the Court's Order deems Cheng, Wang and Lin to be employers

under FLSA and NYLL, and that no further analysis of their roles is necessary, the undisputed

evidence further establishes that Cheng and Wang were Gao's employers during the period up to

June 1, 2009, and that Lin was Gao's employer in 2010 and 2011.

---

[14] The Court reiterated twice that the Plaintiff's proposed adverse inference should be deemed "established" in this action.  See Report and Recommendation, ECF No. 220 at 22 ("Accordingly, the Court respectfully recommends that plaintiffs' suggested adverse inference be approved and that the designated facts as claimed by plaintiffs be established for purposes of this action.") (emphasis added); Id. ("Finally, the Court respectfully recommends that the facts regarding ownership of the Restaurant and defendants' relationship as designated by plaintiffs be considered established for the purposes of this action.") (emphasis added).

"Employer" is defined broadly by the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Similarly, under NYLL, an "employer" who may be held liable includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." N.Y. Lab. Law § 190(3). "[C]ourts have interpreted the definition of 'employer' under New York Labor Law coextensively with the definition used by the FLSA." Jiao v. Chen, No. 03 Civ. 0165, 2007 WL4944767, at *9, n. 12 (S.D.N.Y. Mar. 30, 2007). See also Ho, 2011 WL 113150, at *2-3.

Because of the tautological nature of these definitions, courts in the Second Circuit rely on an "economic reality" test to determine whether a defendant is an employer for labor law purposes. Irizarry v. Catsimatidis, 722 F.3d 99, 103-04 (2d Cir. 2013). Under the economic reality test, the court examines such nonexclusive factors as whether the alleged employer had the power to hire and fire the employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of pay, and maintained employment records. Id., at 104-05 (citing Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008)). See also Zheng v. Liberty Apparel Co., 355 F.3d 61, 71 (2d Cir.2003); Padilla, 643 F.Supp. 2d at 314-15 (stating that the Second Circuit applies the same "economic reality" test to determine whether a defendant is an employer under both federal and New York state law). No one factor is exclusive; instead it is the totality of the circumstances that is determinative of whether a defendant is an employer. Irizarry, 722 F.3d at 105. See also Zheng, 355 F.3d at 71. "The overarching concern is whether the alleged employer possessed the power to control the workers in question…with an eye to the 'economic reality' presented by the facts of each case." Herman v. RSR Sec. Servs. Ltd., 173 F.3d 132, 139 (2d Cir. 1999).

In the case of a corporate officer, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Wilk v. VIP Health Care Serv., Inc., No. 10 Civ. 5530 (ILG)(JMA), 2012 WL 5660738, at *7 (E.D.N.Y. Feb. 21, 2012) (citing Moon, 248 F. Supp. 2d at 237). In determining whether an individual exercised operational control for purposes of determining liability as a joint employer, "[t]his control…'may be restricted, or exercised only occasionally' and 'does not require continuous monitoring of employees, looking over their shoulders at all times.'" Wilk, 2012 WL 5660738, at *7 (quoting Herman, 172 F.3d at 139). Moreover, operational control may still be found even if the putative employer did not directly hire workers, but only managerial staff. Irizarry, 722 F.3d at 114-16; Herman, 172 F.3d at 140.

Applying the "economic reality" test to the undisputed facts, it is clear that, along with Perfect Team, Cheng and Wang were Ms. Gao's employers throughout the period up to June 1, 2009, and that Ji Shiang and Lin were Ms. Gao's employers throughout the period August 2010 to February 2011. And, as joint employers, defendants are jointly and severally liable for any violations committed by each other or another joint employer. See, e.g., Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 128-29 (E.D.N.Y. 2011).

### a)      Chun Kit Cheng

Defendant Cheng admitted that he was the "boss" of the Restaurant from 2007 to June 1, 2009, Pl.'s 56.1 at ¶ 19, and further admitted that he was Gao's employer, Pl.'s 56.1 at ¶ 16. Cheng claimed that he was the sole owner and shareholder of Perfect Team from January 2008 until June 2009, Pl.'s 56.1 at ¶ 17, and served as Perfect Team's President during the entire time

of its existence, Pl.'s 56.1 at ¶ 18.  Those facts clearly establish that Cheng had ultimate authority in the Restaurant.

In addition, the following undisputed facts also demonstrate the exercise of Cheng's operational control.  Cheng set his own wages and work schedule.  Pl.'s 56.1 at ¶¶ 20-21.  Cheng worked at the Restaurant approximately three to four days per week throughout the time that Ms. Gao worked there prior to June 1, 2009.  Pl.'s 56.1 at ¶ 22.  Defendants Wang and Lin testified that Cheng hired and fired workers despite Cheng's outlandish claim that he lacked even the authority to hire or fire employees.  Pl.'s 56.1 at ¶ 23.[15]  Cheng approved Wang to be the manager in January 2008, and then determined Wang's managerial responsibilities.  Pl.'s 56.1 at ¶ 25, 28.  Cheng decided, without consulting anyone else, for Perfect Team to stop operating the Restaurant on June 1, 2009.  Pl.'s 56.1 at ¶ 26.

Based on the foregoing undisputed facts, it is clear Cheng was Plaintiff Gao's employer throughout the period April 29, 2008 to June 1, 2009.

### b)      Jia Li Wang

Defendant Wang also exercised significant authority in the Restaurant during the period April 29, 2008 to June 1, 2009.  Not only did Wang admit that she was Plaintiff Gao's employer, Pl.'s 56.1 at ¶ 27, the undisputed facts demonstrate that Wang controlled the working conditions of the waitstaff during the period January, 2008 to June 1, 2009.  Wang appointed herself the manager of the Restaurant in approximately January 2008, and informed Cheng she was going to be the manager.  Pl.'s 56.1 at ¶ 28.  Wang was the manager from approximately January 2008 to

---

[15] Cheng incredibly denied even having the authority to hire and fire workers, but Wang testified that Cheng hired workers, and Lin testified that Cheng fired workers.  Pl.'s 56.1 at ¶ 23.

June 1, 2009.  Pl.'s 56.1 at ¶ 29.  During that period, Wang worked at the Restaurant approximately seven days per week.  Pl.'s 56.1 at ¶ 38.

Defendant Wang had the power to act on behalf of Perfect Team and Cheng, including but not limited to hiring and firing workers, setting and/or changing wages, distributing wages, setting and/or changing work schedules, directing and assigning types of work, and maintaining employment records.  Pl.'s 56.1 at ¶¶ 30-37.  Wang hired numerous employees, including Plaintiff Gao, Jiang Shu Fa, Cheuk Ping Chen (a/k/a Chen Zhou Ping), De Run Wu, Shuang Shuang Zhang, An Long Chen, Wei Xiong Zhong, and the manager "Kevin."  Pl.'s 56.1 at ¶ 32.  Wang also promoted and disciplined workers.  Pl.'s 56.1 at ¶ 36.

Wang was also responsible for establishing Perfect Team's compensation policies, rates and procedures, including tip practices; payment of compensation to employees, including tips; and establishing and maintaining Perfect Team's timekeeping, payroll, bookkeeping and accounting practices.  Pl.'s 56.1 at ¶ 31.  Wang decided the amount of wages paid to employees.  Pl.'s 56.1 at ¶ 33.  Throughout the period Wang was a manager, Wang made decisions about what days and hours the employees worked.  Pl.'s 56.1 at ¶ 34.

The undisputed facts clearly establish that Wang was Plaintiff Gao's employer throughout the period April 29, 2008 to June 1, 2009.  Cf. Padilla, 302 F.Supp.2d at 315 (finding Defendant Manlapaz to be an employer).

c)      **Feng Lin**

Defendant Lin admits to being Ms. Gao's employer during the period August 2, 2010 to February 13, 2011.  Pl.'s 56.1 at ¶ 44.  Therefore, Mr. Lin is jointly and severally liable for all violations that occurred during that time period.

IV.     CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiff's motion for partial

summary judgment with respect to her First, Second, Third, Fourth and Fifth Causes of Action in

the Amended Complaint, and award Ms. Gao a total of $51,576.59 in damages and prejudgment

interest, consisting of:

| | |
|---|---|
| Minimum Wage (FLSA and NYLL) for 2008-09…………… | $17,087.08 |
| Minimum Wage (FLSA and NYLL) for 2010-11…………… | $2,304.96 |
| Overtime (FLSA and NYLL) for 2008-09………………….. | $2,995.85 |
| Spread of Hours for 2008-09………………………………… | $ 1,932.54 |
| Liquidated Damages (FLSA) for 2008-09………………….. | $20,082.93 |
| Liquidated Damages (NYLL) for 2008-09…………………. | $5,503.87 |
| Prejudgment Interest accrued to April 29, 2014 for 2008-09.. | $946.01 |
| Prejudgment Interest accrued to April 29, 2014 for 2010-11.. | $723.35 |

Date:   April 30, 2014
        New York, New York

                                        Respectfully submitted,

                                        URBAN JUSTICE CENTER

                                        /s/  David A. Colodny
                                        Amy Tai
                                        atai@urbanjustice.org
                                        David Colodny
                                        dcolodny@urbanjustice.org
                                        123 William Street, 16th Floor
                                        New York, New York  10038
                                        Telephone:  (646) 602-5600
                                        Facsimile:  (212) 533-4598

                                        EDWARD TUDDENHAM
                                        etudden@prismnet.com
                                        228 W. 137th St.
                                        New York, N.Y. 10030
                                        Telephone: (212) 234-5953

                                        *Attorneys for Plaintiff Li Rong Gao*

                                        23