**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| LI RONG GAO, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | **No. 10-CV-1637 (ENV) (CLP)** |
| | ) | |
| -against- | ) | |
| | ) | |
| PERFECT TEAM CORPORATION d/b/a GUANG ZHOU RESTAURANT, et al. | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF DAVID A. COLODNY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, David A. Colodny, hereby declare as follows, under penalty of perjury:

1.      Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Requests to Admit served on Defendant Perfect Team Corporation.

2.      Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' Requests to Admit served on Defendant Jia Li Wang.

3.      Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' Requests to Admit served on Chun Kit Cheng.

4.      Defendants Perfect Team Corporation, Jia Li Wang and Chun Kit Cheng never served responses to Plaintiffs' Requests to Admit described in ¶¶ 1-3 above.

1

5.      Attached hereto as Exhibit D is a true and correct copy of the Rule 26(a)(1) disclosures made by Perfect Team Corporation, Jia Li Wang and Chun Kit Cheng, and dated February 11, 2011.  None of these defendants ever supplemented their initial disclosures.

6.      Attached hereto as Exhibit E is a true and correct copy of the Rule 26(a)(1) disclosures made by Feng Lin and Ji Shiang, Inc., and dated June 7, 2010.  Neither of these defendants ever supplemented their initial disclosures.

7.      Attached hereto as Exhibit F is a true and correct copy of the Supplemental Interrogatory Responses, dated May 27, 2011, of Perfect Team Corporation, Jia Li Wang and Chun Kit Cheng.

8.      Attached hereto as Exhibit G is a true and correct copy of the Certificate of Incorporation of Perfect Team Corporation obtained from the New York State Department of State.

9.      Attached hereto as Exhibit H is a true and correct copy of portions of the transcript of the deposition of Jia Li Wang, taken on July 7, 2011 and July 14, 2011.

10.      Attached hereto as Exhibit I is a true and correct copy of portions of the transcript of the deposition of Chun Kit Cheng, taken on Feb. 13, 2012.

11.      Attached hereto as Exhibit J is a true and correct copy of portions of the transcript of the deposition of Feng Lin, taken on March 13, 2012.

12.      Attached hereto as Exhibit K is a true and correct copy of the Certificate of Incorporation of Ji Shiang, Inc. obtained from the New York State Department of State.

13.      Attached hereto as Exhibit L is a true and correct copy of payroll records produced by the Perfect Team Defendants in this litigation.

14.     Attached hereto as Exhibit M is a true and correct copy of payroll records produced by the Ji Shiang Defendants in this litigation.

15.     Attached hereto as Exhibit N is a true and correct copy of documents produced by Plaintiffs in this litigation Bates numbered 00018-00020.  Also attached immediately after Document 00018 is a duplicate of that document that is of superior quality.

16.     Attached hereto as Exhibit O is a true and correct copy of the New York State Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. § 137-1.1 et seq. (effective Jan. 1, 2005).

17.     Attached hereto as Exhibit P is a true and correct copy of the New York State Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. § 137-1.1 et seq. (effective July 24, 2009).

18.     Attached hereto as Exhibit Q is a true and correct copy of the U.S. Department of Labor, Wage and Hour Division, Fact Sheet #2: Restaurants and Fast Food Establishments Under the Fair Labor Standards Act.

19.     Attached hereto as Exhibit R is a true and correct copy of the U.S. Department of Labor, Wage and Hour Division, Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act.

20.     Attached hereto as Exhibit S is a true and correct copy of Plaintiffs' First Request to Admit to Defendant Feng Lin, dated June 25, 2010.

21.     Attached hereto as Exhibit T is a true and correct copy of Plaintiffs' First Request to Admit to Defendant Ji Shiang, Inc., dated June 25, 2010.

22.     Attached hereto as Exhibit U is a true and correct copy of Ji Shiang and Feng Lin's Supplemental Response to Plaintiff's Discovery Demand, dated December 10, 2010.

23.      Attached hereto as Exhibit V is a true and correct copy of Ji Shiang's July 23, 2010 responses to Plaintiffs' First Set of Interrogatories.

24.     Attached hereto as Exhibit Y is a true and correct copy of the Certificate of Dissolution of Perfect Team Corporation obtained from the New York State Department of State.

25.     Attached hereto as Exhibit Z is a true and correct copy of Plaintiff's request for documents served on Perfect Team in this litigation.  Perfect Team Defendants did not produce any labor law posters in response to this request

26.     Attached hereto as Exhibit AA is a true and correct copy of Plaintiff's First Set of Document Requests to Defendant Ji Shiang.  Ji Shiang did not produce any labor law posters in response to this request.

## DAMAGES CALCULATIONS

27.     Attached hereto as Exhibit W are Plaintiff's damage calculations for the damages accrued in 2008 and 2009 that are sought in this motion.  The calculations are based on the Defendants' payroll records, work schedules used by Defendants, Plaintiff Gao's recollection of hours worked as set forth in her affidavit, and the applicable provisions under the Fair Labor Standards Act and New York Labor Law.  The calculations set forth in each column are explained as follows:

4

A.  Start Date.  The date on which the applicable pay period began.

B.  End Date.  The date on which the applicable pay period ended.

C.  # Wks.  The number of weeks in the applicable pay period.

D.  NY Period Interest.  This is the number of years that have passed since the middle of each applicable pay period and April 29, 2014.

E.  Average Hours Worked Per Week.  This is the approximate number of hours that Plaintiff Gao worked. These numbers are derived using her testimony about the number of hours she generally worked (61 and 55 hours per week), less an approximate number of hours deducted due to time off.  The amount of time off is taken from Perfect Team's payroll records, Exhibit L hereto, which show when Ms. Gao worked less than the full 15 days in each half month during 2008, and show when she had any days off in 2009.

F.  Days Per Week Over 10+ Hours.  This is the number of days each week Ms. Gao worked a spread of hours of at least ten hours, and is based on her recollection that she normally worked such a spread of hours five days per week.  We have deducted days during weeks when she had time off.

G.  Actual Wages Paid.  This is the amount of wages paid to Ms. Gao.  The data is derived from Perfect Team's payroll records.

H.  Hourly Rate Paid.  This is the effective wage rate per hour that Ms. Gao received.  The calculation is based on the Actual Wages Paid per pay period divided by the number of hours worked during the pay period.

I.  NY Minimum Wage Rate.  This is the applicable minimum wage under N.Y. Labor Law § 652.

J.  Unpaid Minimum Wage Damages (NYLL/FLSA).  This is the total amount by which the wages paid fall under the NY Minimum Wage Rate during each pay period.  It is calculated by subtracting the difference between the NY Minimum Wage Rate and the Hourly Rate Paid, and then multiplying that difference by the total number of hours worked in the pay period (Column C times column E).  The calculation for the first and last weeks on the chart are slightly different for this and the other calculations because they are partial weeks and the Hours Worked Per Week already reflects that it was a partial week.

K.  Unpaid Overtime Damages (NYLL/FLSA).  This is the overtime damages, which are the same under both the FLSA and NY Labor Law.  The damages are the overtime premiums due for all hours worked over forty per week, using the minimum wage as the required regular rate of pay.  Because the minimum wage damages already account for minimum violations for the hours over forty, only

5

the half time differential is counted towards the overtime damages calculation. The calculation is made by deducting forty from the average number of hours worked, and then multiplying that number by # Wks and by half of the minimum wage.

L.  Unpaid NY Spread Hours.  This is the amount of damages for spread of hours violations.  The calculation is done by multiplying columns C, F, and I. NYLL Liquidated Damages.  The calculation is the sum of Columns J, K and L (minimum wage, overtime and spread hours) multiplied by 25%.

M.  FLSA Liquidated Damages.  The calculation is the sum of Columns J and K (minimum wage and overtime) multiplied by 100%.

N.  NY Interest.  This is amount of interest accrued on the spread of hours damages using the NY CPLR rate of 9% simple interest.  The calculations is .09 * Column D (NY Period of Interest) * Column L (Unpaid NY Spread Hours).

28.     Attached hereto as Exhibit X are Plaintiff's damage calculations for the damages

accrued in 2010 and 2011 that are sought in this motion.  The calculations are based on the

Defendants' payroll records, the Plaintiff's pay stubs, and the applicable provisions under the Fair

Labor Standards Act and New York Labor Law.  The calculations set forth in each column are

explained as follows:

A.  Start Date.  The date on which the applicable pay period began.

B.  End Date.  The date on which the applicable pay period ended.

C.  # Wks.  The number of weeks in the applicable pay period.

D.  NY Period Interest.  This is the number of years that have passed since the middle of each applicable pay period and April 29, 2014.

E.  Hours Worked Per Week.  This is the number of hours worked set forth in the paystubs provided by the Restaurant, attached to the Affidavit of Li Rong Gao.

F.  Hourly Rate Paid.  This is the hourly rate of pay for non-overtime hours set forth in the paystubs provided by the Restaurant.

G.  NY Minimum Wage Rate.  This was the applicable minimum wage under N.Y. Labor Law. § 652.

H.  Unpaid Minimum Wage Damages (NYLL/FLSA).  This is the differential between NY Minimum Wage Rate and Hourly Rate Paid, multiplied by the Hours Worked Per Week.

I.  NY Interest.  This is the amount of interest accrued on the minimum wage claim using the NY CPLR rate of 9% simple interest.  The calculation is .09 * Column H (Unpaid Minimum Wage Damages) * Column D (NY Period of Interest).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Date: April 30, 2014

/s/ David A. Colodny

_____

David A. Colodny, Esq.
Urban Justice Center
123 William Street, 16th Floor
New York, NY 10038
(646) 459-3006