# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



LI RONG GAO and XIAO HONG ZHENG,

      individually, and on behalf of all others
      similarly situated,

                     Plaintiffs,

    -against-

PERFECT TEAM CORPORATION d/b/a GUANG
ZHOU RESTAURANT, JI SHIANG, INC. d/b/a
GUANG ZHOU RESTAURANT, FENG LIN,
CHUN KIT CHENG a/k/a JUN JIE ZHENG, JIA
LI WANG, and CHEUK PING CHEN,

                   Defendants.

No.  10-CV-1637 (ENV) (CLP)

**PLAINTIFFS' FIRST REQUEST
TO ADMIT TO DEFENDANT
JIA LI WANG**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 26.2 and 26.3 of the Local Civil Rules of the United States District for the Eastern District of New York (the "Local Rules"), Plaintiffs hereby request that Defendant Jia Li Wang serve separate, written answers to the following requests to admit (the "Requests") within 30 days from the date of service of these Requests, and in accordance with the Definitions and Instructions set forth herein, at the Urban Justice Center, 123 William Street, 16th Floor, New York, New York 10038 (Attn: David Colodny and Amy Tai).

## <u>DEFINITIONS</u>

    1.     Unless otherwise indicated, the terms used in these Requests are to be defined in accordance with subparagraphs (c) and (d) of Local Rule 26.3, and the terms used herein are to be construed accordingly.

    2.     "Plaintiffs" means Li Rong Gao and Xiao Hong Zheng.

3.      "Opt-In Plaintiffs" means any Class Member who files a consent to sue in the above-captioned action.

4.      "Class Members" means Plaintiffs and all other former and current employees of the Restaurant, including, but not limited to, captains, servers, busboys, dim sum workers, pantry workers, kitchen prep cooks, and dishwashers.

5.      "Defendants" means Perfect Team Corporation,  Ji Shiang, Inc., Cheuk Ping Chen a/k/a Zhuo Ping Chen, Chun Kit Cheng, Feng Lin, and Jia Li Wang and, where applicable, their present and former directors, officers, partners, attorneys, agents, assigns, delegates, representatives, and predecessors and successors in interest.

6.      "Corporate Defendants" means Perfect Team Corporation and Ji Shiang, Inc., and their shareholders, directors, officers, managers, and attorneys.

7.      "Individual Defendants" means Cheuk Ping Chen a/k/a Zhuo Ping Chen, Chun Kit Cheng, Feng Lin, and Jia Li Wang and, where applicable, their partners, employees, attorneys, and other agents.

8.      "Restaurant" means any restaurant that is or has been in business at 136-59 37th Avenue, Flushing, New York 11354.

9.      "You," "Your," or "Jia Li Wang" refers to Defendant Jia Li Wang, her agents, assigns, delegates, and representatives.

10.     "FLSA" refers to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

11.     "NYLL" refers to the New York Labor Law.

12.     The terms "document" or "documents" refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of the

Restaurant, whether created, printed, recorded, reproduced by computer or by any mechanical process, or written or produced by hand.  Such writings or recordings include, but are not limited to, agreements, contracts, notes, drafts, interoffice memoranda, memoranda for the files, letters, research materials, communications, correspondence (including e-mail, text messages, and instant messages), summaries or records of telephone conversations, summaries or records of personal conversations or interviews, logs, diaries, forms, bank statements, tax returns, bills, receipts, card files, books of account, journals, ledgers, invoices, drawings, computer files, records, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, plans, drawings, sketches, maps, photographs, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photo-copied or otherwise reproduced, all tape recordings (whether for computer, audio or visual display) or other tangible things on which words, phrases, symbols or information are recorded.

13.     Words in the singular form include the plural and vice versa.  Words in the past tense include the present and vice versa.

14.     "Related to" or "relating to" or "concerning" shall mean consisting of, referring to, reflecting or in any way logically or factually connected with the matter discussed.  A document "related to" a given subject is any document identifying, showing, referring to, dealing with evidencing, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject in any way, including without limitation documents referring to the presentation of other documents.

15.     The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

16.    The word "each" shall be construed to include "every" and vice versa.

17.    The word "any" shall be construed to include "all" and vice versa.

18.    The word "including" shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

19.    When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address, and the present or last known place of employment.  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

20.    "Answer" refers to the Answer filed by Defendants Perfect Team Corporation, Chun Kit Cheng, and Jia Li Wang in this action on June 21, 2010, or any subsequent amended answer that Defendants may file in this action..

21.    The term "Request" means the requests herein.

## INSTRUCTIONS

1.    In responding to these Requests, furnish all information that is available to You or subject to Your control, including information in the possession, custody, or control of Your officers, directors, employees, family members, attorneys, accountants, advisors, agents, or other persons or entities directly or indirectly employed by, or connected with, You, Your agents or representatives or anyone else subject to Your control.  Unless otherwise indicated, the time period covered by these Requests is March 1, 2006 until the present and continuing in the future throughout the existence of this action.

4

2.      These Requests are continuing in nature and require Defendants to provide supplemental answers in accordance with the requirements of Rule 26(e) of the Federal Rules.

3.      Unless otherwise indicated, each Request applies to Defendant Perfect Team Corporation.  If any Request does not apply to You, state "not applicable" with respect to such Request and state the factual basis for such contention.

4.      All Requests should be separately answered in order.

5.      If You object to any Request, in whole or in part, as inquiring into privileged, protected, or immune matters, set forth fully in Your objection the information required by Rule 26.2 of the Local Rules.

6.      In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reasons, respond to that Request as narrowed to the least extent necessary to render it not overbroad and/or unduly burdensome and state specifically the extent to which You have narrowed that Request for the purposes of Your response.

## REQUESTS TO ADMIT

1.      Jia Li Wang was an "employer," as that term is defined by the FLSA, 29 U.S.C. § 203(d), of Plaintiffs in 2007, 2008, and 2009.  (Please admit or deny separately for each year unless the answer is the same for all years).

2.      Jia Li Wang was an "employer," as that term is defined by the FLSA, 29 U.S.C. § 203(d), of all non-managerial workers at the Restaurant from April 2007 through the present.

3.      Jia Li Wang employed Plaintiffs at various times between June 2007 and June 2009.

4.      Jia Li Wang employed Plaintiff Li Rong Gao as a server.

5

5.      Jia Li Wang employed Plaintiff Xiao Hong Zheng as a server, and then as a captain.

6.      Each Plaintiff regularly worked six days per week throughout the time she worked at Perfect Team Corp. (Admit or deny separately for each Plaintiff unless the answer is the same for all Plaintiffs).

7.      Each Plaintiff regularly worked more than 40 hours per week throughout the time that they each worked at Perfect Team Corp. (Admit or deny separately for each Plaintiff unless the answer is the same for all Plaintiffs).

8.      Jia Li Wang did not maintain written records of the number of hours Plaintiffs worked each week.  (Admit or deny separately for each Plaintiff unless the answer is the same for all Plaintiffs).

9.      Jia Li Wang did not maintain written records of the Plaintiffs' rates of pay. (Admit or deny separately for each Plaintiff unless the answer is the same for all Plaintiffs).

10.     Jia Li Wang did not maintain written records of the total weekly overtime earnings of the Plaintiffs. (Admit or deny separately for each Plaintiff unless the answer is the same for all Plaintiffs).

11.     Jia Li Wang did not maintain written records of the Plaintiffs' total weekly spread of hours earnings. (Admit or deny separately for each Plaintiff unless the answer is the same for all Plaintiffs).

12.     Plaintiffs complained to Defendants regarding their long work hours, not receiving overtime, and not retaining all of the tips that they earned.

6

13.     Jia Li Wang terminated Plaintiffs' employment because Plaintiffs had made complaints to Defendants, which included complaints about long work hours, not receiving overtime or not retaining all of their earned tips.

14.     Perfect Team Corp. has done business for some or all of the time from March 2006 through June 2009 as Guang Zhou Restaurant.

15.     Ji Shiang, Inc. has done business for some or all of the time from June 2009 through the present as Guang Zhou Restaurant.

Dated: New York, New York
      June 25, 2010

By: _____

David A. Colodny
Amy Tai
URBAN JUSTICE CENTER
123 William Street, 16th Floor
New York, NY 10038
(626) 602-5600
(212) 533-4598 (fax)

Edward Tuddenham
1339 Kalmia Road NW
Washington, DC 20012
(202) 249-9499

*Attorneys for Plaintiffs*

7