# EXHIBIT T



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LI RONG GAO and XIAO HONG ZHENG,

    individually, and on behalf of all others
    similarly situated,

                Plaintiffs,

    -against-

PERFECT TEAM CORPORATION d/b/a GUANG
ZHOU RESTAURANT, JI SHIANG, INC. d/b/a
GUANG ZHOU RESTAURANT, FENG LIN,
CHUN KIT CHENG a/k/a JUN JIE ZHENG, JIA
LI WANG, and CHEUK PING CHEN,

                Defendants.

No. 10-CV-1637 (ENV) (CLP)

**PLAINTIFFS' FIRST REQUEST
TO ADMIT TO DEFENDANT JI
SHIANG, INC.**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 26.2 and 26.3 of the Local Civil Rules of the United States District for the Eastern District of New York (the "Local Rules"), Plaintiffs hereby request that Defendant Ji Shiang, Inc. serve separate, written answers to the following requests to admit (the "Requests") within 30 days from the date of service of these Requests, and in accordance with the Definitions and Instructions set forth herein, at the Urban Justice Center, 123 William Street, 16th Floor, New York, New York 10038 (Attn: David Colodny and Amy Tai).

## DEFINITIONS

    1.     Unless otherwise indicated, the terms used in these Requests are to be defined in accordance with subparagraphs (c) and (d) of Local Rule 26.3, and the terms used herein are to be construed accordingly.

    2.     "Plaintiffs" means Li Rong Gao and Xiao Hong Zheng.

3.      "Opt-In Plaintiffs" means any Class Member who files a consent to sue in the above-captioned action.

4.      "Class Members" means Plaintiffs and all other former and current employees of the Restaurant, including, but not limited to, captains, servers, busboys, dim sum workers, pantry workers, kitchen prep cooks, and dishwashers.

5.      "Defendants" means Perfect Team Corporation,  Ji Shiang, Inc., Cheuk Ping Chen a/k/a Zhuo Ping Chen, Chun Kit Cheng, Feng Lin, and Jia Li Wang and, where applicable, their present and former directors, officers, partners, attorneys, agents, assigns, delegates, representatives, and predecessors and successors in interest.

6.      "Individual Defendants" means Cheuk Ping Chen a/k/a Zhuo Ping Chen, Chun Kit Cheng, Feng Lin, and Jia Li Wang and, where applicable, their partners, employees, attorneys, and other agents.

7.      "Restaurant" means any restaurant that is or has been in business at 136-59 37th Avenue, Flushing, New York 11354.

8.      "You," "Your," or "Ji Shiang, Inc." refers to Defendant Ji Shiang, Inc, its shareholders, directors, officers, managers, and attorneys.

9.      "FLSA" refers to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

10.     "NYLL" refers to the New York Labor Law.

11.     The terms "document" or "documents" refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of the Restaurant, whether created, printed, recorded, reproduced by computer or by any mechanical process, or written or produced by hand.  Such writings or recordings include, but are not limited

to, agreements, contracts, notes, drafts, interoffice memoranda, memoranda for the files, letters, research materials, communications, correspondence (including e-mail, text messages, and instant messages), summaries or records of telephone conversations, summaries or records of personal conversations or interviews, logs, diaries, forms, bank statements, tax returns, bills, receipts, card files, books of account, journals, ledgers, invoices, drawings, computer files, records, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, plans, drawings, sketches, maps, photographs, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photo-copied or otherwise reproduced, all tape recordings (whether for computer, audio or visual display) or other tangible things on which words, phrases, symbols or information are recorded.

12.    Words in the singular form include the plural and vice versa.  Words in the past tense include the present and vice versa.

13.    "Related to" or "relating to" or "concerning" shall mean consisting of, referring to, reflecting or in any way logically or factually connected with the matter discussed.  A document "related to" a given subject is any document identifying, showing, referring to, dealing with evidencing, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject in any way, including without limitation documents referring to the presentation of other documents.

14.    The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

15.    The word "each" shall be construed to include "every" and vice versa.

16.    The word "any" shall be construed to include "all" and vice versa.

3

17.     The word "including" shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

18.     When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address, and the present or last known place of employment.  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

19.     "Answer" refers to the Amended Answer filed by Defendants Ji Shiang, Inc. and Feng Lin in this action on May 24, 2010, or any subsequent amended answer that Defendants may file in this action.

20.     The term "Request" means the requests herein.

### INSTRUCTIONS

1.     In responding to these Requests, furnish all information that is available to You or subject to Your control, including information in the possession, custody, or control of Your officers, directors, employees, family members, attorneys, accountants, advisors, agents, or other persons or entities directly or indirectly employed by, or connected with, You, Your agents or representatives or anyone else subject to Your control.  Unless otherwise indicated, the time period covered by these Requests is March 1, 2006 until the present and continuing in the future throughout the existence of this action.

2.     These Requests are continuing in nature and require Defendants to provide supplemental answers in accordance with the requirements of Rule 26(e) of the Federal Rules.

4

3.      Unless otherwise indicated, each Request applies to Defendant Ji Shiang, Inc.  If any Request does not apply to You, state "not applicable" with respect to such Request and state the factual basis for such contention.

4.      All Requests should be separately answered in order.

5.      If You object to any Request, in whole or in part, as inquiring into privileged, protected, or immune matters, set forth fully in Your objection the information required by Rule 26.2 of the Local Rules.

6.      In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reasons, respond to that Request as narrowed to the least extent necessary to render it not overbroad and/or unduly burdensome and state specifically the extent to which You have narrowed that Request for the purposes of Your response.

## REQUESTS TO ADMIT

1.      Ji Shiang, Inc. was an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r) during each of the years 2009 and 2010.  (Please admit or deny separately for each year unless the answer is the same for all years).

2.      Ji Shiang, Inc. was an "enterprise engaged in commerce or the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. § 203(s) during each of the years 2009 and 2010.  (Please admit or deny separately for each year unless the answer is the same for all years).

3.      Ji Shiang, Inc. was an "employer," as that term is defined by the FLSA, 29 U.S.C. § 203(d), of all non-managerial workers at the Restaurant from June 2009 through 2010.

4.     Ji Shiang, Inc. has done business as Guang Zhou Restaurant from on or about June 1, 2009 through the present.

5.     Defendant Chun Kit Cheng was involved in the management of Ji Shiang, Inc. for some or all of the time since on or around June 1, 2009.

6.     Defendant Jia Li Wang was involved in the management of Ji Shiang, Inc. for some or all of the time since on or around June 1, 2009.

7.     Ji Shiang, Inc. uses some or all of the equipment and inventory previously used by Perfect Team Corporation d/b/a Guang Zhou Restaurant.

8.     Ji Shiang, Inc. d/b/a Guang Zhou Restaurant serves some or all of the same type of food as Perfect Team Corporation d/b/a Guang Zhou Restaurant served.

9.     Ji Shiang, Inc. d/b/a Guang Zhou Restaurant serves the same customer base as Perfect Team Corporation d/b/a Guang Zhou Restaurant served.

10.     In June 2009 Ji Shiang, Inc. d/b/a Guang Zhou Restaurant employed most of the same employees that Perfect Team Corporation d/b/a Guang Zhou Restaurant employed in May 2009.

Dated: New York, New York
       June 25, 2010

By: _____
    David A. Colodny
    Amy Tai
    URBAN JUSTICE CENTER
    123 William Street, 16th Floor
    New York, NY 10038
    (626) 602-5600
    (212) 533-4598 (fax)

6