# EXHIBIT U

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

LI RONG GAO AND XIAO HONG ZHENG,
INDIVIDUALLY, AND ON BEHALF OF OTHERS
SIMILARLY SITUATED,

                              Plaintiffs,

          -against-

PERFECT TEAM CORP. d/b/a GUANG ZHOU
RESTAURANT, JI SHIANG, INC. d/b/a GUANG
ZHOU RESTAURANT, FENG LIN, CHUN
KIT CHENG a/k/a JUN ZIE ZHENG, JIA LI WANGE
AND CHEUK PING CHEN,

                              Defendants.

------------------------------------------------------------------x

10-CV-1637(ENV) (CLP)

**DEFENDANT
JI SHIANG, INC. AND
FENG LIN'S
SUPPLEMENTAL
RESPONSE TO
PLAINTIFF'S
DISCOVERY
DEMAND AS
OUTLINED IN
AMY TAI, ESQ.'S
LETTER OF 9/13/10
TO DOUGLAS E. ROWE**

Defendant Feng Lin ("Feng Lin") and Ji Shiang, Inc., by their attorneys, Certilman Balin Adler & Hyman, LLP, as and for their Supplemental Response to Plaintiff's Discovery Demand as outlined in Amy Tai, Esq.'s September 3, 2010 letter to Douglas E. Rowe, Esq., states, upon information and belief, as follows:

<u>**SUPPLEMENTAL RESPONSE**</u>

1.      Employee list provided on enclosed computer disk.

2.      These responses have been revised and are current as far as documents identified by Defendants Ji Shiang Inc. and Feng Lin.  As stated above, Defendants understand the duty to supplement any responses as they are continuing in nature and will do so if necessary.

3.      Defendants Ji Shiang, Inc. and Feng Lin hereby withdraw objections based upon privilege.  Thus, no privilege log is required to be produced.

4.      Please see the attached verifications for responses to Interrogatories.

2306238.1

5.(a)   <u>Defendant Ji Shiang's Response to Plaintiff's First Request to Admit</u>

No. 1:      Ji Shiang, Inc. admits Request to Admit No. 1.

No. 2:      Ji Shiang, Inc. admits Request to Admit No. 2.

No. 3:      Ji Shiang, Inc. admits Request to Admit No. 3, starting in June, 2009.

(b)   <u>Defendant Feng Lin's Response to Plaintiff's First Request to Admit</u>

No. 3:      Feng Lin denies Request to Admit No. 3 as to 2007 and 2008. Feng Lin admits Request to Admit No. 3 as to the time period after June 2009, but denies as to the time period prior to June 2009.

No. 4:      Feng Lin denies Request to Admit No. 4.

6(a).   **Identification of Individuals Provided In Ji Shiang's Interrogatory Responses**

No. 5:      Wong, Selby Kin was employed between on or about February 2010 to October 2010. He arranged shifts and supervised wait staff.

No. 8:      See response to No. 5.

No. 9:      See response to No. 5.

No. 11:     Jeffrey Eng, CPA, P.C., 36-09 Main Street, Suite 207, Flushing, NY 11345.

No. 12:     See response to No. 11.

No. 13:     The accountant identified in Defendant's response to Interrogatory No. 13 is Jeffrey Eng, CPA, P.C., 36-09 Main Street, Suite 207, Flushing, NY 11345. The legal counsels identified in Defendant's response to Interrogatory No. 13 is Wu & Kao, 747 3rd Avenue, New York, NY 10017 and Douglas E. Rowe, Esq., Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, New York 11554. The payroll company identified in Defendant's response to Interrogatory No. 13 is Jeffrey Eng, CPA. The meetings and conversations with these individuals identified were held at various times throughout 2009 and 2010. Defendant objects to the request for specific times of meetings as this is unduly

2

burdensome.  Subject to this objection, the specific times of such meetings and conversations cannot be ascertained at this time.

> (b)    Identification of Individuals Provided In Feng Lin's Interrogatory Responses

No. 8:    By way of further response, Feng Lin's accountant is Jeffrey Eng, CPA, P.C., 36-09 Main Street, Suite 207, Flushing, NY 11345.

No. 11:    See response to No. 8.

No. 12:    See response to No. 8.

No. 13:    See Ji Shiang, Inc.'s supplemental response to Interrogatory No. 13 above.

> 7.    Ji Shiang, Inc.'s Responses to Interrogatory Requests

No. 1:    Defendant Ji Shiang, Inc. supplements its response to Interrogatory Request No. 1 as follows.  Feng Lin has been the sole owner and President of Ji Shiang, Inc. since its formation on March 18, 2009.  There are no other owners.

No. 2:    Defendant Ji Shiang, Inc. supplements its response to Interrogatory Request No. 1 as follows.  Ji Shiang, Inc. has only been operating the restaurant since June 2009.  Feng Lin is the only person who has participated in the operation or management of Ji Shiang, Inc.

No. 5:    Defendant Ji Shiang, Inc. supplements its response to Interrogatory Request No. 1 as follows.  Feng Lin's had the power to act on behalf of Ji Shiang, Inc. with regard to all business matters.  Wong, Selby Kin had the power to act on behalf of Ji Shiang, Inc with regard to arranging shifts and supervising wait staff.

No. 6:    Defendant Ji Shiang, Inc. has already provided all current and former employee names and dates employed.  Defendant Ji Shiang, Inc. supplements its response to Interrogatory Request No. 1 as follows.

3

No. 10:        Defendant Ji Shiang, Inc. supplements its response to Interrogatory Request No. 1 as follows.

No. 16:        Defendant Ji Shiang, Inc. supplements its response to Interrogatory Request No. 1 as follows.

With regard to Defendant Ji Shiang, Inc.'s first affirmative defense for failure to state a claim, to the extent Plaintiffs seek damages and liability against Defendant Ji Shiang, Inc. for conduct engaged in by Perfect Team Corp., and its owners, there is no valid claim against Ji Shiang, Inc. for that time period.

Defendant Ji Shiang, Inc.'s second affirmative defense relates to the statute of limitations. The statute of limitations for the FLSA and NYLL are two / three and six years respectively. To the extent Plaintiffs did not timely file this action within the statute of limitations, Defendants assert this affirmative defense.

Defendant Ji Shiang, Inc.'s third affirmative defense relates to unclean hands and waiver. Upon information and belief, Plaintiffs demanded cash payments from Defendants.

Defendant Ji Shiang, Inc.'s fourth affirmative defense is that Plaintiffs are not entitled to liquidated damages under New York State Law as this is a multi-plaintiff claim. New York case law holds that in cases such as this one with multiple plaintiffs, liquidated damages under the NYLL are unavailable. See Cohen v. Gerson Lehrman Group, Inc., 2010 U.S. Dist. LEXIS 1666 at *8-9 (S.D.N.Y. Jan. 7, 2010); See also Andrade v. JP Morgan Chase Bank, N.A., 2009 U.S. Dist. LEXIS 80836 at *7 (E.D.N.Y. Sept. 4, 2009).

Defendant Ji Shiang, Inc. hereby withdraws its fifth affirmative defense relating to collateral and/or equitable estoppel.

2306238.1

Defendant Ji Shiang, Inc.'s sixth affirmative defense regarding failure to satisfy some or all of the conditions precedent to file this lawsuit involve the failure of any Plaintiff or potential Plaintiff to file a consent to sue under the FLSA.

Defendant Ji Shiang, Inc.'s seventh affirmative defense is that Plaintiffs have sustained no actual damages.  Ji Shiang, Inc. maintains that it has paid proper wages to all employees pursuant to State and Federal law.

Defendant Ji Shiang, Inc.'s eighth affirmative defense states that Defendant Ji Shiang, Inc. was not the employer of Plaintiffs and thus, cannot be held liable.  Ji Shiang, Inc. has been the alleged employer of Plaintiffs, if at all, for the time period of June 2009 to the present. Defendant Ji Shiang, Inc. is not liable for any damages suffered prior to June 2009.

Defendant Ji Shiang, Inc. hereby withdraws its ninth affirmative defense.

Defendant Ji Shiang, Inc.'s tenth affirmative defense states that it acted in good faith in complying with all Federal and State laws and that its actions were not willful.  At all relevant times, Defendant Ji Shiang, Inc. was in compliance with all applicable wage and hour laws. Further, Defendant Ji Shiang, Inc. consulted accountants, a payroll company, and attorneys to ensure compliance with all Federal and State laws.

Defendant Ji Shiang, Inc.'s eleventh affirmative defense is that any putative members of the purported class, or Plaintiffs, who are exempt from overtime requirements are not entitled to overtime pay during the relevant time period.  To the extent any Plaintiffs file consents to sue, and those employees were exempt, they would not be entitled to any damages.

Defendant Ji Shiang, Inc.'s twelfth affirmative defense states that monetary claims by Plaintiffs and of the putative members of the purported class are barred by their failure to mitigate their damages.  With regard to the retaliations claims, to the extent that any named

2306238.1

Plaintiff failed to mitigate his or her damages by failing to seek other employment, those Plaintiffs are precluded from obtaining such damages.

Defendant Ji Shiang, Inc.'s thirteenth affirmative defense speaks for itself.

Defendant Ji Shiang, Inc.'s fourteenth affirmative defense is that it is not a successor corporation.  In order to be considered a successor corporation and be liable for its predecessor's torts, one of four exceptions must apply: 1) the successor expressly or impliedly assumes the predecessor's tort liabilities, 2) there is consolidation or merger between the two, 3) where the successor is a mere continuation of the predecessor, or 4) where the transaction is fraudulent. See Schumacher v. Richards Shear Co., 59 N.Y.2d 239 (1983).  As none of these apply here, Defendant Ji Shiang, Inc. is not a successor corporation.

Defendants reserve the right to supplement this response as discovery proceeds in this matter.

No. 17:      Since Requests for Admission No. 1 and No. 2 have been admitted, no response is required.

No. 18:      Since Request for Admission No. 3 has been admitted, no response is required.

8.      **Feng Lin's Responses to Interrogatory Requests**

No. 2:      Defendant Feng Lin supplements his response to Interrogatory Request No. 2 as follows.  Feng Lin has been the sole owner and President of Ji Shiang, Inc. since its formation on March 18, 2009.  There are no other owners.

No. 3:      Defendant Feng Lin supplements his response to Interrogatory Request No. 3 as follows.  Ji Shiang, Inc. has only been operating the restaurant since June 2009.  In addition to Feng Lin, please see the list of all current and former managerial employees for all individuals who have participated in the operation or management of Ji Shiang, Inc.  In addition, see Response No. 5 to Ji Shiang's Interrogatory Responses, above.

6

2306238.1

No. 10:    Defendant Feng Lin supplements his response to Interrogatory Request No. 10 as

follows:    Information on tip pool is provided on enclosed computer disk.

No. 19:    Please see Ji Shiang, Inc.'s supplemental response to Interrogatory No. 16 above.

No. 20:    Defendant Feng Lin supplements his response to Interrogatory Request No. 20 as

follows.  From 2007 until June 2009, Perfect Team Corp. was the employer at the Restaurant.

Defendant Feng Lin was not an employer during that time period.  From June 2009 through the

present, Feng Lin has been an employer at the Restaurant.

9.    **Names of Accountant, Payroll Company, and Legal Counsel Referenced in Interrogatory Responses No. 13 by Defendants Feng Lin and Ji Shiang, Inc.**

The accountant identified in Defendant's response to Interrogatory No. 13 is Jeffrey Eng,

CPA, P.C., 36-09 Main Street, Suite 207, Flushing, NY 11345.  The legal counsel identified in

Defendant's response to Interrogatory No. 13 is Wu & Kao, 747 3rd Avenue, New York, NY

10017, and Douglas Rowe, Esq., Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th

Floor, East Meadow, NY 11554.  The payroll company identified in Defendant's response to

Interrogatory No. 13 is Jeffrey Eng, CPA, P.C.

10.    **Ji Shiang's Responses to Document Requests**

No. 1:    See payroll records attached and list of employees provided on enclosed computer disk.

No. 3:    See payroll records provided on enclosed computer disk.

No. 5:    See employee list provided on enclosed computer disk.

No. 12:    See employee records provided on enclosed computer disk.

No. 17:    See tax return provided on enclosed computer disk.  Defendants were unable to locate any other documents.

No. 18:    See payroll records and lease provided on enclosed computer disks.

No. 19:    See document provided on enclosed computer disk.

7

No. 20:       Defendant Ji Shiang, Inc. hereby withdraws all previous objections to Document

Request No. 20. Defendant Ji Shiang, Inc. has already provided all responsive documents in its

possession.

No. 22:       Defendant Ji Shiang, Inc. supplements its response to Document Request No. 22

as follows. Defendants object to this response as overbroad and unlikely to lead to admissible

evidence. Subject to these objections, please see Ji Shiang, Inc.'s 2009 tax return attached.

No. 25:       See lease provided on enclosed computer disks.

No. 30:       See lease and payroll records provided on enclosed computer disks.

No. 31:       Defendant Ji Shiang, Inc. supplements its response to Document Request No. 31

as follows: Please see all documents produced.

    14.    **Feng Lin's Response to Document Requests**

No. 19:       See payroll records accompanying response of Ji Shiang, Inc.

No. 32:       Defendant Feng Lin supplements his response to Document Request No. 31 as

follows: Please see all documents produced.

Defendants reserve the right to supplement this response as discovery proceeds in this

case.

Dated:        East Meadow, New York
             December 10, 2010

                CERTILMAN BALIN ADLER & HYMAN, LLP

                By:

                Douglas E. Rowe, Esq.
                Out-Going Attorneys for Defendants
                Ji Shiang, Inc. and Feng Lin
                90 Merrick Avenue – 9th Floor
                East Meadow, New York 11747
                (516) 296-7000

2306238.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x          **10-CV-1637** (ENV) (CLP)

LI RONG GAO AND XIAO HONG ZHENG,
INDIVIDUALLY, AND ON BEHALF OF OTHERS
SIMILARLY SITUATED,

                          Plaintiffs,

        -against-                                                 **VERIFICATION**

PERFECT TEAM CORP. d/b/a GUANG ZHOU
RESTAURANT, JI SHIANG, INC. d/b/a GUANG
ZHOU RESTAURANT, FENG LIN, CHUN
KIT CHENG a/k/a JUN ZIE ZHENG, JIA LI WANGE
AND CHEUK PING CHEN,

                        Defendants.

-------------------------------------------------------------------x

STATE OF NEW YORK    )
                           )ss.:
COUNTY OF  NASSAU    )

        FENG LIN, being duly sworn, deposes and says:

    1.    I am the President of Ji Shiang, Inc. defendant in the within action.

    2.    I have read the Interrogatory Responses contained in defendants Ji Shiang and Feng Lin's Supplemental Response to Plaintiffs' Discovery Demand as outlined in Amy Tai's September 3, 2010 letter to Douglas E. Rowe and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. This verification is made by me because the above party is a limited liability company and I am an officer thereof.  The grounds of my belief as to all matters not stated upon my own knowledge are as follows: books, records, papers, and documents maintained by the corporation.


                                         _____
                                         FENG LIN, President

Sworn to before me this
_10_ day of December, 2010


_____
NOTARY PUBLIC
DOUGLAS E. ROWE
Notary Public, State Of New York
No. 4762050
Qualified In Nassau County
Commission Expires August 31, 20 ___

2306219.1