# EXHIBIT V

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

LI RONG GAO AND XIAO HONG ZHENG,
INDIVIDUALLY, AND ON BEHALF OF OTHERS
SIMILARLY SITUATED,

                          Plaintiffs,

-against-

PERFECT TEAM CORP. d/b/a GUANG ZHOU
RESTAURANT, JI SHIANG, INC. d/b/a GUANG
ZHOU RESTAURANT, FENG LIN, CHUN
KIT CHENG a/k/a JUN ZIE ZHENG, JIA LI WANGE
AND CHEUK PING CHEN,

                          Defendants.
--------------------------------------------------------------------x

10-CV-1637
(ENV) (CLP)

**DEFENDANT
JI SHIANG, INC.'S
RESPONSE TO
PLAINTIFFS'
FIRST SET OF
INTERROGATORIES**

      Defendant Ji Shiang, Inc. ("Ji Shiang"), by its attorneys, Certilman Balin Adler & Hyman, LLP, responding to Plaintiffs' First Set of Interrogatories to Defendant Ji Shiang, Inc., dated June 25, 2010 (the "Interrogatories"), states, upon information and belief, as follows:

### GENERAL OBJECTIONS

      Ji Shiang objects to each of the demands contained in the Interrogatories to the extent that same are vague, overbroad, call for irrelevant information and/or information that is not calculated to lead to the discovery of admissible evidence. Ji Shiang further objects to the Interrogatories to the extent that they call for legal conclusions or seek proprietary, privileged and/or confidential information and/or internal law office documents and/or attorney work product and/or reflect the opinions, reflections, mental impressions and/or thoughts of Ji Shiang not communicated to third parties or

information prepared for, or in anticipation of, litigation. Ji Shiang also objects to the extent the Interrogatories seek opinion, conclusions of fact and/or law and/or argumentative matter. Ji Shiang also objects to those requests that are duplicative and/or as to which the information sought may be obtained through another source that is more convenient, less burdensome and/or less expensive. Ji Shiang objects to the "Definitions" and "Instructions" contained in the Interrogatories to the extent such definitions and instructions are vague and/or overbroad and/or unduly burdensome. Ji Shiang submits this response without conceding the relevancy or materiality of the information sought and is without prejudice to any and all objections to the admissibility of such information. Ji Shiang reserves the right to amend, alter and/or supplement the following answers upon the completion of discovery and/or if further information responsive to the Interrogatories becomes available.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

Identify all current and former owners, shareholders, officers, and directors of Ji Shiang, Inc., including the nature and amount of their ownership interest, their title(s) if an officer or director, and the period of times in which they held such positions or had such ownership interest.

**Response:**

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Without waiving the general and specific

objections set forth above, Ji Shiang responds as follows: Feng Lin, President, 100% shareholder.

**Interrogatory No. 2:**

Identify all persons who have participated in the operation or management of Ji Shiang, Inc., including the time period of such participation, and their responsibilities.

**Response:**

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: Feng Lin since Ji Shiang was incorporated.

**Interrogatory No. 3:**

Identify and describe all assets acquired by Ji Shiang, Inc. or any of its owners, shareholders, directors, officers, managers, or attorneys (whether for value of by way of gift; whether real or personal property) from Perfect Team Corporation or any of its owners, shareholders, directors, officers, managers, or attorneys, including, but not limited to a description of the asset; the consideration paid, if any; and the identities of the transferor(s) and transferee(s).

**Response:**

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Without waiving the general and specific

objections set forth above, Ji Shiang responds as follows: None.

**Interrogatory No. 4:**

Identify the name and contact information of all attorneys, accountants, or other persons consulted in connection with the purchase, sale, transfer, or lease of the Restaurant or its assets.

**Response:**

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: None.

**Interrogatory No. 5:**

Identify all individuals who have had the power to act directly or indirectly on behalf of Ji Shiang, Inc and state the areas in which each has the power to act on behalf of Ji Shiang, Inc., including, but not limited to hiring and firing workers, setting and/or changing wages, distributing wages, setting and/or changing work schedules, directing and assigning types of work, or maintaining employment records.

**Response:**

Ji Shiang objects to this interrogatory as vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: Feng Lin and Wong, Selby Kin.

### Interrogatory No. 6:

Identify all current and former employees of Ji Shiang, Inc. and indicate their dates of employment, positions, duties, hours worked, and their rate, frequency, and form of pay (e.g., cash, check, direct deposit, etc), and their overtime rate if any.

### Response:

Ji Shiang objects to this interrogatory unduly burdensome, harassing, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Without waiving the general and specific objections set forth above, a copy of the list of current employees of Ji Shiang has been produced as an exhibit in Ji Shiang's Response to Plaintiffs' First Set of Document Requests.

### Interrogatory No. 7:

Identify all current and former employees of Ji Shiang, Inc. who previously were employed by Perfect Team Corporation.

### Response:

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: Ji Shiang is not currently aware of all current and former employees of Ji Shiang who previously were employed by Perfect Team Corporation.

**Interrogatory No. 8:**

Identify all persons with knowledge or information concerning, or who were responsible for establishing, Ji Shiang, Inc.'s compensation policies, rates or procedures, including tip practices.

**Response:**

See Response to Interrogatory Number 5.

**Interrogatory No. 9:**

Identify all persons responsible for payment of compensation to employees, including the distribution of tips among employees.

**Response:**

See Response to Interrogatory Number 5.

**Interrogatory No. 10:**

Identify any persons who have at any time participated in the tip pool at Ji Shiang, Inc.

**Response:**

Ji Shiang objects to this interrogatory unduly burdensome, harassing, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Without waiving the general and specific objections set forth above, a copy of the list of individuals who have participated in the tip pool has been produced as an exhibit in Ji Shiang's Response to Plaintiffs' First Set of Document Requests.

### Interrogatory No. 11:

Identify all persons responsible for establishing and maintaining Ji Shiang, Inc.'s timekeeping, payroll, bookkeeping, or accounting practices.

### Response:

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: Feng Lin and Jeffrey Eng, C.P.A.

### Interrogatory No. 12:

Identify all persons with knowledge of the records maintained by Ji Shiang, Inc. concerning the wages paid and hours worked by Your employees.

### Response:

See Response to Interrogatory Number 11.

### Interrogatory No. 13:

Describe in detail all efforts made by Ji Shiang, Inc. to determine and comply with the requirements of the FLSA and NYLL concerning minimum wage, overtime pay, retention of gratuities, and spread of hours pay, including, but not limited to, efforts to obtain legal advice regarding the requirements of federal and state laws, and communications with any federal, state, or municipal department or agency concerning minimum wage and overtime laws and regulations. This request is not limited in time.

### Response:

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad

and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Further, Ji Shiang objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privileges. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: Ji Shiang retained an accountant and payroll company and consulted legal counsel.

### Interrogatory No. 14:

Identify all persons who refused to hire or participated in the refusal to hire or re-hire each of the Plaintiffs at Ji Shiang, Inc., or who have knowledge of the reasons why Ji Shiang, Inc. refused to hire or re-hire the Plaintiffs.

### Response:

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: Feng Lin.

### Interrogatory No. 15:

Describe any communications by any agent of Ji Shiang, Inc. to any of the Plaintiffs regarding Your refusal to hire or re-hire the Plaintiffs.

### Response:

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Further, Ji Shiang object to this interrogatory to

the extent is assumes and/or contains a legal conclusion. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: None.

**Interrogatory No. 16:**

Please state all facts and the application of facts to law supporting each of the affirmative defenses asserted by the Defendant.

**Response:**

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Further, Ji Shiang objects to this interrogatory to the extent it seeks confidential and/or propriety information. Further, Ji Shiang objects to this interrogatory to the extent it invades the attorney-client and/or attorney work product privileges. Further, Ji Shiang objects to this interrogatory to the extent it is premature.

**Interrogatory No. 17:**

If you deny Request for Admission No. 1 or No. 2, state the facts upon which you rely in denying that admission, including the annual gross volume of sales made or business done by Ji Shiang, Inc. in each of the years 2009 and 2010, and whether, in each of those years, you had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

**Response:**

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad

and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Further, Ji Shiang objects to this interrogatory to the extent it seeks a legal conclusion. Further, Ji Shiang objects to this interrogatory to the extent there is no definition or instruction as to what "Request for Admission" means. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: To the extent Plaintiffs are referring to Plaintiffs' First Request to Admit to Defendant Ji Shiang, Inc., Ji Shiang did not deny Request for Admission No. 1 or 2 and, thus, no response to this interrogatory is required.

**Interrogatory No. 18:**

If you deny Admission No. 3, state the facts upon which you rely in denying that admission and state who you contend was the employer of Ji Shiang, Inc.'s employees in 2009 and 2010 for purposes of the FLSA and New York Labor Law.

**Response:**

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Further, Ji Shiang objects to this interrogatory to the extent it seeks a legal conclusion. Further, Ji Shiang objects to this interrogatory to the extent there is no definition or instruction as to what "Request for Admission" means. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: To the extent Plaintiffs are referring to Plaintiffs' First Request to Admit to Defendant Ji Shiang, Inc., Ji Shiang did not deny Request for Admission No. 3 and, thus, no response to this interrogatory is required.

**Interrogatory No. 19:**

If you deny Admission No. 4, state the facts upon which you rely in denying that admission

**Response:**

Ji Shiang objects to this interrogatory as unduly burdensome, vague and overbroad and to the extent it seeks information not relevant to this action and not calculated to lead to the discovery of admissible evidence. Further, Ji Shiang objects to this interrogatory to the extent it seeks a legal conclusion. Further, Ji Shiang objects to this interrogatory to the extent there is no definition or instruction as to what "Request for Admission" means. Without waiving the general and specific objections set forth above, Ji Shiang responds as follows: To the extent Plaintiffs are referring to Plaintiffs' First Request to Admit to Defendant Ji Shiang, Inc., Ji Shiang has not done business as Guang Zhou Restaurant from June 1, 2009 to the present.

Dated:  East Meadow, New York
        July 23, 2010

                                CERTILMAN BALIN ADLER & HYMAN, LLP

                                By: _____
                                    Douglas E. Rowe, Esq. (DER 6261)
                                Attorneys for Defendants
                                Ji Shiang, Inc. and Feng Lin
                                90 Merrick Avenue – 9th Floor
                                East Meadow, New York 11747
                                (516) 296-7000

To:  David A. Colodny, Esq.
     Amy Tai, Esq.
     Attorneys for Plaintiffs
     Urban Justice Center
     123 William Street
     16th Floor
     New York, New York 10038
     (626) 602-5600

     Edward Tuddenham, Esq.
     Attorney for Plaintiffs
     1339 Kalmia Road NW
     Washington, DC 20012
     (202) 249-9499

     Alfred Lui, Esq.
     Law Offices of Alfred Lui
     Attorney for Defendants
     Perfect Team Corporation, Chun Kit Cheng and Jia Li Wang
     33 Bowery, Suite C201
     New York, New York 10002

     Cheuk Ping Chen a/k/a Zhuo Ping Chen Guang Zhou Restaurant
     Pro Se Defendant
     136-59 37th Avenue, 2nd Floor
     Flushing, New York 11354

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LI RONG GAO AND XIAO HONG ZHENG,
INDIVIDUALLY, AND ON BEHALF OF OTHERS
SIMILARLY SITUATED,

                    Plaintiffs,

     -against-

PERFECT TEAM CORP. d/b/a GUANG ZHOU
RESTAURANT, JI SHIANG, INC. d/b/a GUANG
ZHOU RESTAURANT, FENG LIN, CHUN
KIT CHENG a/k/a JUN ZIE ZHENG, JIA LI WANGE
AND CHEUK PING CHEN,

                    Defendants.
-----------------------------------------------------------x

10-CV-1637 (ENV) (CLP)

**VERIFICATION**

STATE OF NEW YORK  )
                             )ss.:
COUNTY OF NASSAU  )

      FENG LIN, being duly sworn, deposes and says:

      I have read defendant Ji Shiang, Inc.'s Response to Plaintiffs' First Set of Interrogatories dated July 23, 2010 and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: books, records, papers, and documents.

                                                                       _____
                                                                            FENG LIN

Sworn to before me this
10 day of December, 2010

_____
NOTARY PUBLIC

DOUGLAS E. BOWE
Notary Public, State of New York
No. 4762050
Qualified in Nassau County
Commission Expires August 31, 20___