# EXHIBIT AA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LI RONG GAO and XIAO HONG ZHENG,

    individually, and on behalf of all others similarly situated,

                Plaintiffs,

-against-

PERFECT TEAM CORPORATION d/b/a GUANG ZHOU RESTAURANT, JI SHIANG, INC. d/b/a GUANG ZHOU RESTAURANT, FENG LIN, CHUN KIT CHENG a/k/a JUN JIE ZHENG, JIA LI WANG, and CHEUK PING CHEN,

                Defendants.

No. 10-CV-1637 (ENV) (CLP)

**PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO DEFENDANT JI SHIANG, INC.**

---

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 26.2 and 26.3 of the Local Civil Rules of the United States District for the Eastern District of New York (the "Local Rules"), Plaintiffs hereby request that Defendant Ji Shiang, Inc. produce for inspection and copying the documents and other tangible items requested herein within 30 days from the date of service of these requests, and in accordance with the Definitions and Instructions set forth herein, at the Urban Justice Center, 123 William Street, 16th Floor, New York, New York 10038 (Attn: David Colodny and Amy Tai).

## DEFINITIONS

1.     Unless otherwise indicated, the terms used in these Requests are to be defined in accordance with subparagraphs (c) and (d) of Local Rule 26.3, and the terms used herein are to be construed accordingly.

2.     "Plaintiffs" means Li Rong Gao and Xiao Hong Zheng.

3. "Opt-In Plaintiffs" means any Class Member who files a consent to sue in the above-captioned action.

4. "Class Members" means Plaintiffs and all other former and current employees of the Restaurant, including, but not limited to, captains, servers, busboys, dim sum workers, pantry workers, kitchen prep cooks, and dishwashers.

5. "Defendants" means Perfect Team Corporation, Ji Shiang, Inc., Cheuk Ping Chen a/k/a Zhuo Ping Chen, Chun Kit Cheng, Feng Lin, and Jia Li Wang and, where applicable, their present and former directors, officers, partners, attorneys, agents, assigns, delegates, representatives, and predecessors and successors in interest.

6. "Individual Defendants" means Cheuk Ping Chen a/k/a Zhuo Ping Chen, Chun Kit Cheng, Feng Lin, and Jia Li Wang and, where applicable, their partners, employees, attorneys, and other agents.

7. "Restaurant" means any restaurant that is or has been in business at 136-59 37th Avenue, Flushing, New York 11354.

8. "You," "Your," or "Ji Shiang, Inc." refers to Defendant Ji Shiang, Inc., its shareholders, directors, officers, managers, and attorneys.

9. "FLSA" refers to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

10. "NYLL" refers to the New York Labor Law.

11. The terms "document" or "documents" refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of the Restaurant, whether created, printed, recorded, reproduced by computer or by any mechanical process, or written or produced by hand. Such writings or recordings include, but are not limited

2

to, agreements, contracts, notes, drafts, interoffice memoranda, memoranda for the files, letters, research materials, communications, correspondence (including e-mail, text messages, and instant messages), summaries or records of telephone conversations, summaries or records of personal conversations or interviews, logs, diaries, forms, bank statements, tax returns, bills, receipts, card files, books of account, journals, ledgers, invoices, drawings, computer files, records, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, plans, drawings, sketches, maps, photographs, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photo-copied or otherwise reproduced, all tape recordings (whether for computer, audio or visual display) or other tangible things on which words, phrases, symbols or information are recorded.

12. Words in the singular form include the plural and vice versa. Words in the past tense include the present and vice versa.

13. "Related to" or "relating to" or "concerning" shall mean consisting of, referring to, reflecting or in any way logically or factually connected with the matter discussed. A document "related to" or "concerning" a given subject is any document identifying, showing, referring to, dealing with evidencing, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject in any way, including without limitation documents referring to the presentation of other documents.

14. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

15. The word "each" shall be construed to include "every" and vice versa.

16. The word "any" shall be construed to include "all" and vice versa.

17. The word "including" shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

18. When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address, and the present or last known place of employment. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

19. "Answer" refers to the Amended Answer filed by Defendants Ji Shiang, Inc. and Feng Lin in this action on May 24, 2010, or any subsequent amended answer that Defendants may file in this action.

20. The term "Request" means the requests herein.

## INSTRUCTIONS

1. These Requests are continuing requests and to the extent that any time after the production of documents called for by these Requests any Defendant becomes aware of or acquires documents responsive to these Requests or that are in any way inconsistent with documents which have previously been produced, such documents shall be produced promptly pursuant to its terms and pursuant to Federal Rule of Civil Procedure 26(e).

2. These Requests cover all documents in Defendants' possession, custody, or control, regardless of where they are located, as Defendant is defined herein.

3. A copy of a document that varies in any way whatsoever from the original or from any other copy of the documents, whether by reason of stamps, indication of recipient, handwritten notes, marks, comments or attachments to different documents, or for any other

4

reason, shall constitute a separate document and must be produced, whether or not the original of such document is within a Defendant's possession, custody or control.

4.      If any document responsive to a Request has been, but is no longer, in Your possession, custody, or control because it has been destroyed, discarded, or placed outside of Your custody or control, You shall furnish a list specifying each such document and setting forth the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the name(s) and address(es) of each person who prepared, received, viewed, and has or has had possession, custody, or control of the document.

5.      If objection is made to any of these Requests, the response shall state whether the information is being withheld from the response on the basis of such objection or whether the response is a full and complete answer notwithstanding such objection.

6.      If You object to any part of a Request herein, You shall respond to all other non-objectionable portions of that Request.

7.      Pursuant to Federal Rules of Civil Procedure 34(b), You shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this demand.  In either case, documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact together with such file folders, loose-leaf binders, or notebooks.

8.      Electronically stored information is to be produced in an intelligible format or together with a description of the system from which the information was delivered sufficient to

permit rendering the material intelligible.

9. If any document responsive to this Request is withheld from production or redacted based upon a claim of privilege, please provide a privilege log with the information required pursuant to the Federal Rules of Civil Procedure 26(b)(5) and Local Rule 26.2. If a portion of a document contains information subject to a claim of privilege, only that portion shall be redacted and the remainder shall be produced. If any document called for by these Requests is withheld or redacted on purported grounds of privilege, that document is to be identified by stating: (i) any author(s), addressee(s) or recipient(s); (2) any indicated or blind copies; (3) the document's date, subject matter, number of pages and attachments or appendices; (4) all persons to whom the document was distributed, shown or explained; (5) its present custodian; and (6) the nature of the privilege asserted.

10. If there are no documents responsive to any particular Request, You shall so state in writing.

11. For each Request or a part of a Request that You refuse to answer on grounds of burdensomeness, explain in as much detail as possible the basis for Your contention.

12. Unless otherwise indicated, each individual Request calls for the production of all documents prepared, written, received, dated, consulted or in effect at any time on or after March 1, 2006.

## REQUESTS

1. All documents concerning Plaintiffs, including, but not limited to, personnel files, job applications, employment histories, work evaluations, dates of employment and positions held.

2. All documents concerning Class Members, including, but not limited to, personnel files, job applications, employment histories, work evaluations, dates of employment, and positions held.

3. All records of the Plaintiffs' wages and hours, including, but not limited to, employment records, pay records, wage rates, deductions from wages, method of payments, frequency of payments, reimbursed and unreimbursed expenses, schedules, time cards, journals, ledgers, and other documents of hours scheduled or worked, and records of dates of employment, or any estimates thereof.

4. All records of the Class Members' wages and hours, including, but not limited to, employment records, pay records, wage rates, deductions from wages, method of payments, frequency of payments, reimbursed and unreimbursed expenses, schedules, time cards, journals, ledgers and other documents of hours scheduled or worked, and records of dates of employment, or any estimates thereof.

5. Documents sufficient to identify the full name, the last known address, and any other contact information, including but not limited to phone numbers, of all former and current employees of Ji Shiang, Inc. since March 18, 2009.

6. Documents sufficient to identify the identification numbers or other symbol if such is used in place of the name on any time, work, payroll, or other employee records.

7. All documents concerning the terms and conditions of employment applicable to current or former employees at Ji Shiang, Inc. since March 18, 2009, including, but not limited to, job descriptions, employment agreements, compensation, work schedules, employment policies or rules, time-keeping policies, practices, and procedures, and break policies.

8. All documents concerning tips, including, but not limited to, any requirement that employees pool their tips with other employees, how the tips were divided, records of monies distributed from any tip pool, the names of people who received a tip share, the amount of each person's tip share, and any deductions from tips received from credit card orders.

9. All documents concerning banquet events held at Ji Shiang, Inc., including, but not limited to, banquet menus, receipts, bills, contracts, and promotional materials.

10. All documents concerning any fines or penalties imposed on any former and current employee of Ji Shiang, Inc.

11. All documents concerning any complaints made to or about Defendant or the management of the Restaurant related in any way to wages, tips, working hours, overtime pay, spread-of-hours pay or any violation of applicable labor laws, whether by a party to this action or by any other person.

12. All documents concerning hiring and termination of Plaintiffs and any Class Member, including but not limited to job announcements, communications with employment agencies, job applications, interview notes, and termination documents.

13. All documents presented to, and communications with, all former and current employees of Ji Shiang, Inc. concerning this lawsuit or federal and state labor laws and/or its policies on wages and hours.

14. All documents concerning any posting of notices regarding employees' rights to a minimum wage and overtime pay under federal and/or New York state labor law, including, but not limited to how, when, and where any labor law notices were obtained and posted. This request is not limited in time.

15. All documents concerning the efforts of Ji Shiang, Inc., or any of its shareholders, officers, or managers, to learn about or comply with the federal and state labor laws, including, but not limited to, efforts to obtain legal advice regarding the requirements of federal and state laws, and communications with any federal, state, or municipal department or agency concerning minimum wage and overtime laws and regulations. This request is not limited in time.

16. All documents concerning any recordkeeping policies at Ji Shiang, Inc.

17. All documents concerning all taxes, including unemployment taxes, paid by Ji Shiang, Inc. on behalf of Plaintiffs and all Class Members.

18. All documents demonstrating the relationship between any Defendant and the Restaurant, including but not limited to employment agreements, and documents relating to work performed, job responsibilities or authority.

19. All documents related to audio or video surveillance of the Restaurant.

20. All documents which identify the owner(s), direct or indirect shareholder(s), director(s), partner(s), officer(s), subsidiar(ies), successor(s), affiliate(s), and/or assignee(s) of Ji Shiang, Inc., and their duties, rights, responsibilities, and activities. This request is not limited in time.

21. All documents related to any agreements (whether oral or written), payments or transfers of assets (whether real or personal property and whether as a gift or for remuneration) between the Defendants. This request is not limited in time.

22. All documents concerning the financial condition, assets liabilities or net worth of Ji Shiang, Inc., including but not limited to revenue statements, bank account statements, financial statements, earnings statements, profit/loss sheets, tax returns (including but not limited

to sales and income), balance sheets, expense reports, credit card statements, contracts with third parties (including debt obligations and promissory notes), real property, equity held in any business, insurance policies in which Ji Shiang, Inc. has any interest, and mutual funds and stock or bond holdings in which Ji Shiang, Inc. has any interest for any period of time from March 2006 to the present.

23. All documents related to the annual sales and expenses of the Restaurant, including, but not limited to, ledgers, business records, New York City or State Sales Tax Returns, Federal and State Income Tax Returns, invoices, receipts for purchases and sales, and bank statements for each year from March 2006 to the present, including any accounting year that is different than a calendar year.

24. All documents related to any purchase, sale, lease, or transfer of any property by Ji Shiang, Inc., its officers, directors, or shareholders, including, but not limited to, the Restaurant space, kitchen equipment, and furniture. This request is not limited in time.

25. All documents concerning any purchase, sale, transfer of ownership (whether for value or by way of gift of any interest in any asset), or lease of the Restaurant or any equipment or leases related to the Restaurant. This request is not limited in time.

26. All documents concerning the contemplated purchase or sale of the Restaurant and/or equipment or leases related to the Restaurant, including but not limited to advertisements for sale or lease, documents constituting or referring to negotiations, and documents concerning the value or valuation of the Restaurant or any of its assets.

27. All documents concerning the formation, management, or dissolution of Ji Shiang, Inc., including but not limited to all Articles of Incorporation, by-laws, rosters of officers

and directors, and minutes of meetings of the Board of Directors. This request is not limited in time.

28. All correspondence with the New York Department of Labor containing the names of any employees or the wages paid to employees, including but not limited to correspondence relating to unemployment compensation.

29. All documents relating to investigations of alleged wage hour violations by Ji Shiang, Inc, or any of its officers, directors, or shareholders conducted by the U.S. Department of Labor or the New York State Department of Labor.

30. All documents identified by Defendants in their initial disclosures.

31. All documents that relate to any affirmative defense asserted by Defendants, whether such documents may tend to support or refute such affirmative defense.

32. All documents that constitute or contain statements from witnesses concerning the subject matter of this litigation.

Dated: New York, New York
June 25, 2010

By: _____
David A. Colodny
Amy Tai
URBAN JUSTICE CENTER
123 William Street, 16th Floor
New York, NY 10038
(626) 602-5600
(212) 533-4598 (fax)

Edward Tuddenham
1339 Kalmia Road NW
Washington, DC 20012
(202) 249-9499

*Attorneys for Plaintiffs*

11