UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------- x
LI RONG GAO,

               Plaintiff,

-against-

PERFECT TEAM CORPORATION,
*doing business as Guang Zhou
Restaurant*, JI SHIANG, INC., *doing
business as Guang Zhou Restaurant*,
FENG LIN, CHUN KIT CHENG, *also
known as Jun Jie Zheng*, and JIA LI
WANG,

               Defendants.
---------------------------------------------------- x

MEMORANDUM & ORDER

10 Civ. 1637 (ENV) (CLP)

VITALIANO, D.J.

Li Rong Gao brought this action alleging violations of the Fair Labor Standards Act ("FLSA"). Presently before the Court is Gao's request to dismiss as to all defendants the last remaining open claim. (Not. of Dismissal, ECF No. 287). Defendants Perfect Team Corporation, Chun Kit Cheng, and Jia Li Wang (collectively, the "Perfect Team Defendants"), object to the dismissal. (Defs. Letter at 1-2, ECF No. 289). For the reasons that follow, the motion is granted.

Discussion

By Memorandum and Order, dated August 31, 2015, plaintiff's motion for summary judgment was granted except as to the disputed issue of whether plaintiff worked either 60 or 61 hours per week during her first two months of employment with Perfect Team. (Mem. & Order at 34, ECF No. 282). That order referred this matter to Magistrate Judge Cheryl L. Pollak for the preparation of a joint pretrial order, unless plaintiff "file[d] a notice" stating that she wished to



1

dismiss the sole disputed claim, in which case the matter would be automatically referred to Magistrate Judge Pollak for a report and recommendation on damages. (*Id.* at 34-35).

Armed with that order, plaintiff then filed notice of her intent to dismiss the disputed claim, and the parties began briefing their arguments on damages with the guidance of Magistrate Judge Pollak. (Not. of Dismissal; *see, e.g.*, Pl. Letter at 2-6, ECF No. 288; Defs. Letter 1-3; Pl. Reply Letter at 1-2, ECF No. 291). In their letter brief, the Perfect Team Defendants objected to the dismissal of the disputed claim. (Defs. Letter at 1). They do not suggest that the dismissal of that claim as to all defendants would result in some sort of prejudice to themselves. And how could they? Indeed, the dismissal would relieve the Perfect Team Defendants of the burden of defending a trial with its exposure to increased liability. Incredibly, the Perfect Team Defendants now purport to express concern that dismissing the claim would be contrary to the public interest and "a derogation of the letter and spirit of the FLSA." (Defs. Letter 1-2).

Nothing could be further from the truth. Taken to its logical conclusion, no claims would ever be settled and precious resources of courts and litigants alike would be squandered in trivial skirmishes. Federal Rule of Civil Procedure 41(a)(2) implements the public policy favoring settlement by providing that a plaintiff may seek voluntary dismissal with court approval of any claim "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

In this case, the propriety of dismissal of the disputed and highly truncated remaining claim is compelling. Plaintiff estimates the value of this claim to be $98, not including liquidated damages. (Pl. Reply Letter at 3). Pursuing this infinitesimally small claim by trial would come at enormous litigation expense to Gao, defendants, and the Court. It makes no sense other than to delay justice for Gao. This point is underscored by the fact that Magistrate Judge

Pollak is already reviewing Gao's successful claims for an assessment of damages, which Gao estimates to have a value of around $50,000, not including attorneys' fees. (Pl. Letter at 4-5). Gao has reasonably determined, it seems, that her interests are best served by focusing her efforts on these more tangible claims, and with accompanying benefits and no prejudice to defendants. Bluntly, it would be an unconscionable and colossal waste of everyone's resources to require the parties to proceed to trial, against plaintiff's wishes.

The Perfect Team Defendants' opposition is beyond frivolous. They attempt, shamefully, to hide behind, *inter alia*, *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), which held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Id.* at 206. Off the start, the voluntary dismissal in this case falls under Rule 41(a)(2), not Rule 41(a)(1), the latter of which is specific to dismissals absent a court order.[1] In the context of this case's litigation history, it is all transparent that the objection of the Perfect Team Defendants, rather than demonstrating a sincere concern with upholding the public policy enforced by the FLSA, instead reflects confirmed "dilatory and improper tactics by defense counsel" designed to thwart Gao's vindication of her labor law rights. (Mem. & Order at 2). The objection is part and parcel of the same tactics which previously resulted in the imposition of monetary sanctions. (*Id.*). The dismissal plaintiff seeks was, moreover, prefigured in the order granting Gao partial summary judgment. There is absolutely no reason not to enter the order dismissing the last open claim. It is entered now.

---

[1] Rule 41(a)(1) permits a plaintiff to dismiss claims without a court order under circumstances that are not present in this case, such as the filing of a stipulation signed by all parties. Fed. R. Civ. P. 41(a)(1)(a)(i)-(ii).

## Conclusion

For the foregoing reasons, plaintiff's request to dismiss the sole disputed remaining claim is granted, the objection of the Perfect Team Defendants is overruled, and that claim is indeed dismissed under Rule 41(a)(2). As noted earlier, this matter has been respectfully referred to Magistrate Judge Pollak for a report and recommendation as to the calculation of plaintiff's statutory damages, attorneys' fees, and costs. Consideration of those matters may now proceed without impediment.

So Ordered.

Dated: Brooklyn, New York
January 29, 2016

/s/ USDJ VITALIANO
_____
ERIC N. VITALIANO
United States District Judge