UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
LI RONG GAO,

                Plaintiff,

         -against-

PERFECT TEAM CORPORATION,
*doing business as Guang Zhou
Restaurant*, JI SHIANG, INC., *doing
business as Guang Zhou Restaurant*,
FENG LIN, CHUN KIT CHENG, *also
known as Jun Jie Zheng*, and JIA LI
WANG,

                Defendants.
------------------------------------------------------- x

**MEMORANDUM & ORDER**

10 Civ. 1637 (ENV) (CLP)

VITALIANO, D.J.

      Li Rong Gao brought this action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff's motion for summary judgment was granted, with the exception of a disputed issue concerning 1 hour of work per week. (Mem. & Order, ECF No. 282). At the Court's suggestion, plaintiff requested permission to dismiss that claim, her request was granted, and the matter was referred to Magistrate Judge Cheryl L. Pollak for a report and recommendation on the calculation of statutory damages, attorneys' fees, and costs. (*Id.* at 34-35; Mem. & Order, ECF No. 296).

      Magistrate Judge Pollack filed her report and recommendation, dated February 9, 2016 (the "R&R"), recommending, *inter alia*, that defendants Perfect Team Corporation, Chun Kit Cheng, and Jia Li Wang (collectively, the "Perfect Team Defendants") be held liable for a total of $46,266.01, and that defendants Ji Shiang, Inc. and Feng Lin (collectively, the "Ji Shiang Defendants") be held liable for a total of $5186.16. (R&R, ECF No. 297). The Perfect Team Defendants then filed a motion for reconsideration of this Court's order dismissing the 1-hour

1

claim. (3/7/2016 Order, ECF). That motion was denied. (*Id.*). In the meantime, defendants' time in which to object to the R&R expired, and, in an abundance of caution, the Court extended that deadline *sua sponte*. (*Id.*). With notice given, no party has filed objections to the R&R, and the time in which to do so has, again, expired. For the reasons stated below, the R&R is adopted in its entirety.

## Legal Standard

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Where no timely objection has been made, the district court may adopt the report and recommendation, "provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).

## Discussion

In accordance with the Court's referral to her, Magistrate Judge Pollack took up the issue of damages and, after affording the parties notice and opportunity to be heard, she concluded that 1) the Perfect Team Defendants should be held liable for a total of $46,266.01, which represents $16,398.42 in unpaid minimum wages, $2563.28 in unpaid overtime wages, $1887.60 in unpaid spread of hours wages, $18,961.70 in liquidated damages under the FLSA, $5212.33 in liquidated damages under the NYLL, and $1242.68 in prejudgment interest on plaintiff's spread of hours claim, 2) the Ji Shiang Defendants should be held liable for a total of $5186.16, which represents $2304.96 in unpaid minimum wages, $2304.96 in liquidated damages under the FLSA, and

2

$576.24 in liquidated damages under the NYLL, and 3) that plaintiff should be afforded two weeks from the adoption of the R&R, should it be adopted, to submit a request for attorneys' fees and costs. (R&R at 16).

The Court has now reviewed the R&R in accordance with the applicable clear error standard of review, and finds it to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R as to damages in its entirety as the opinion of the Court.

## Conclusion

In line with the foregoing, Magistrate Judge Pollak's report and recommendation, dated February 9, 2016, is adopted in its entirety as the opinion of the Court.

Plaintiff is ordered to, within two weeks of the entry of this memorandum and order on the docket, file her request, if any, for attorneys' fees and costs. That matter is respectfully referred to Magistrate Judge Pollak for a report and recommendation as to her findings.

So Ordered.

Dated: Brooklyn, New York
April 9, 2016

/s/ USDJ ERIC N. VITALIANO

ERIC N. VITALIANO
United States District Judge