UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x
LI RONG GAO,

             Plaintiff,

        -against-

PERFECT TEAM CORPORATION,
*doing business as Guang Zhou Restaurant*, JI SHIANG, INC., *doing business as Guang Zhou Restaurant*,
CHUN KIT CHENG, *also known as Jun Jie Zheng*, and JIA LI WANG,

             Defendants.
-------------------------------------------------- x

MEMORANDUM & ORDER

10 Civ. 1637 (ENV) (CLP)

VITALIANO, D.J.

Li Rong Gao commenced this action in 2010, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Compl., ECF No.1). Following a stream of prior orders, this Court granted summary judgment in favor of Gao and assessed damages on the defendants. *See* (Summary Judgment Mem. & Order 34, ECF No. 282; Dismissal Mem. & Order, ECF No. 296; Damages Mem. & Order, ECF No. 301). Presently before the Court, is Magistrate Judge Cheryl L. Pollak's report and recommendation, dated January 11, 2017 (the "R&R"), regarding the assessment and imposition of attorney's fees and costs on defendants Perfect Team Corporation, Chun Kit Cheng and Jia Li Wang (collectively, the "Perfect Team Defendants") and defendant Ji Shiang, Inc. ("Ji Shiang").[1] (R&R, ECF No. 326). For the reasons stated below, the R&R is adopted in its entirety.

---

[1] During the course of litigation, some documents and orders, including the R&R presently before the Court, have grouped defendant Ji Shiang and former defendant Feng Lin together as the "Ji Shiang defendants" or the "Ji Shiang Defendants." *See, e.g.*, (R&R; Damages Mem. & Order). Following the issuance of the subject R&R, however, the Court, by order dated April 16, 2017, dismissed Feng Lin from this action. (Lin Dismissal Mem. & Order, ECF No. 335).

1

Background

The background facts and procedural history have been recorded in numerous decisions of the Court. *See, e.g.,* (Summary Judgment Mem. & Order 2-9). Familiarity with the facts and history extensively discussed in that collection of decisions is presumed and will not be needlessly repeated here.

As pertinent to the Court's evaluation of the R&R, an abbreviated procedural history is now recounted. In December 2013, while in the midst of discovery, the Court imposed sanctions on defendants, pursuant to Rule 37 of the Federal Rules of Civil Procedure, due to their discovery noncompliance, and ordered that plaintiff be reimbursed $22,619.69 by the Perfect Team Defendants and $25,141.19 by Ji Shiang for her attorney's fees and costs relating to that noncompliance. (Sanctions Order, ECF No. 233). After the Court granted summary judgment in favor of plaintiff, (Summary Judgment Mem. & Order at 34; Dismissal Mem. & Order), it imposed damages (1) against the Perfect Team Defendants in the amount of $46,266.01, representing $27,304.31 for Gao's NYLL claims and $18,961.70 in liquidated damages under FLSA, and (2) against Ji Shiang in the amount of $5186.16, representing $2881.20 for her NYLL claims and $2304.96 in liquidated damages under FLSA. *See* (Damages Mem. & Order; Damages R&R 16, ECF No. 297). Plaintiff subsequently filed a motion for attorney's fees and costs on May 5, 2016, which the Court referred to Magistrate Judge Pollak for a report and recommendation. (Mot. for Att'y's Fees, ECF No. 304; May, 6, 2016, Order Referring Mot.).

---

Indeed, the settlement of Gao's claims against Lin were in connection with Lin's bankruptcy proceeding, in which those claims were totally and finally resolved. This dismissal poses no obstacle to the consideration of the R&R because, although liability between the Perfect Team Defendants and the Ji Shiang Defendants is not joint and several, liability among the individual Perfect Team Defendants and among the individual Ji Shiang defendants is joint and several. *See* (R&R 5). Accordingly, because Ji Shiang is the sole remaining member of the Ji Shiang Defendants, the Court will discard the prior nomenclature and refer only to Ji Shiang.

Responding to the Court's referral, Magistrate Judge Pollack filed the R&R on January 11, 2017, recommending, *inter alia*, that the Court award Gao $173,287.01 in attorney's fees and $8258.93 in costs from the Perfect Team Defendants and $46,946.00 in attorney's fees and $1081.00 in costs from Ji Shiang. (R&R 62). After the Court granted an extension, the Perfect Team Defendants filed objections to the R&R on February 6, 2017, (Objections, ECF No. 329), and Gao filed a response to those objections on February 18, 2017, (Response, ECF No. 331).[2] On March 6, 2017, characteristically seeking the last word, the Perfect Team Defendants filed a motion for leave to file a reply. (Mot. for Leave to File, ECF No. 334). The motion papers included a copy of the proposed reply. (Reply, ECF No. 334-1). Despite the reply's repetitiousness, since the Court did in fact consider it, the motion for leave to file is now granted *nunc pro tunc* to March 6, 2017. Ji Shiang has filed no objections.

## Legal Standard

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).

---

[2] Gao's response included a request for $1000 for the time spent drafting the response. (Response 7). She did not, however, provide contemporaneous time records evidencing the hours spent preparing the response. Accordingly, this request is denied. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

"The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments." *Id.*

## Discussion

The Court has reviewed the typically thorough and well-reasoned R&R of Magistrate Judge Pollak. The objections to it are a hollow, substanceless lament. Beyond a stock repetition of arguments raised in their opposition to Gao's motion for attorney's fees and costs (Objections 4), the Perfect Team Defendants simply seek in their objections a reduction in the amount of fees and costs. Analytically, they raise two principal objections to the R&R. First, they contend that the damages ultimately obtained were small both quantitatively and qualitatively in comparison to the relief originally sought. (Objections 4-7; Reply 4-6). Their second argument is that Gao litigated the case inefficiently by expending resources that a paying client would not have approved. (Objections 7-12; Reply 6-10).

Both arguments are second bites at the apple since they were raised before, and thoroughly addressed by, Magistrate Judge Pollack on Gao's motion for fees and costs. *See* (R&R 25-26, 31, 36-39, 43, 50-53, 55, 59-60). Even assuming that the there is some novelty in the present objections interposed by the Perfect Team Defendants, such that those portions of the R&R warrant consideration under the *de novo* standard of review, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), the Court concludes that the objections are without merit for the same reasons on which Magistrate Judge Pollak based her conclusions.

Given this confidence in and reaffirmance of Magistrate Judge Pollak's conclusions that were challenged by objection, not surprisingly, with respect to those portions of the R&R to which the Perfect Team Defendants have not raised objections, the Court finds no clear error. Indeed, those portions would also survive even under *de novo* review. Accordingly, based on the

4

Court's careful consideration of the record as a whole and the objections submitted by the Perfect Team Defendants, all objections are overruled and the R&R in its entirety is adopted as the opinion of the Court.

## Conclusion

In line with the foregoing, on her motion for attorney's fees and costs, Gao is awarded (1) attorney's fees in the amount of $173,287.01 from the Perfect Team Defendants and $46,946.00 from Ji Shiang and (2) costs in the amount of $8258.93 from the Perfect Team Defendants and $1081.00 from Ji Shiang.

The Clerk of Court is directed to enter judgment in favor of Gao (1) against the Perfect Team Defendants, that is, Perfect Team Corporation, Chun Kit Cheng and Jia Li Wang, jointly and severally, in the amount of **$250,431.64**, comprising $22,619.69 in sanctions, $46,266.01 in damages and $181,545.94 in attorney's fees and costs, and (2) against Ji Shiang, Inc. in the amount of **$78,354.35**, comprising of $25,141.19 in sanctions, $5186.16 in damages and $48,027 in attorney's fees and costs. *See* (Sanctions Order, ECF No. 233; Summary Judgment Mem. & Order 34, ECF No. 282; Dismissal Mem. & Order, ECF No. 296; Damages Mem. & Order, ECF No. 301).

With regard to the portion of the judgment representing amounts recoverable under NYLL § 663(1), that is, (1) the damages on Gao's NYLL claims ($27,304.31 for the Perfect Team Defendants and $2881.20 for Ji Shiang, Inc.) and (2) the attorney's fees and costs ($181,545.94 for the Perfect Team Defendants and $48,027.00 for Ji Shiang, Inc.), "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending,

5

whichever is later," that portion (**$208,850.25** for the Perfect Team Defendants and **$50,908.20** for Ji Shiang, Inc.) "shall automatically increase by fifteen percent." NYLL § 663(4).

The Clerk of Court is directed to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
May 5, 2017

                                                        s/ Eric N. Vitaliano
                                                        ERIC N. VITALIANO
                                                        United States District Judge